UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| IN RE CAUSTIC SODA ANTITRUST LITIGATION | Lead Case No.: 1:19-cv-00385-EAW-MJR |
|---|---|
| THIS DOCUMENT RELATES TO:<br><br>ALL INDIRECT PURCHASER ACTIONS | |

### INDIRECT PURCHASER CASE MANAGEMENT ORDER NO. 3

Pursuant to Rules 16(b) and 26(f) of the Federal Rules of Civil Procedure and applicable Local Rules of the Western District of New York, the Court hereby enters the following Indirect Purchaser Case Management Order No. 3 ("Order").

1. **Joinder of Parties and Amendment of Pleadings:** The deadline for joinder of parties or to amend pleadings shall be the later of **March 31, 2021** or sixty days following the Court's decision on Defendants' motion to dismiss Plaintiffs' complaint, absent agreement of the parties otherwise.

2. **Discovery Proceedings:**

    a. Unless modified by court order (including this order), the parties will conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Western District of New York.

    b. **Coordination:** In the interest of judicial economy and efficiency, except for discovery which applies only to the Direct Purchaser Actions or only to the Indirect

1

Purchaser Actions, the parties shall, to the extent practicable, coordinate all discovery in All Direct Purchaser and Indirect Purchaser Actions in order to avoid duplicative document requests, interrogatories, and requests for admission on any party, and shall, to the extent practicable, coordinate the scheduling and conducting of depositions, including the depositions of third parties, to avoid multiple depositions of the same witness.

    c.    **Document Productions**: The parties shall use their best efforts in good faith to begin their production of documents on a rolling basis within sixty (60) days of service of any written responses and objections to a request for production under Federal Rule of Civil Procedure 34. The parties shall use their best efforts in good faith to produce transactional data that is not subject to unresolved objections by **April 30, 2021**, absent an agreement of the parties otherwise. By **September 3, 2021**, the parties shall use best efforts to substantially complete their production of documents not subject to unresolved objections that were requested before January 1, 2021. With respect to data or documents withheld from production by a party on the basis of objections that the Court overrules, such data or documents shall be produced on or before the time ordered by the Court. All requests for production of documents must be served no later than thirty (30) days before the fact discovery deadline.

    d.    **Privilege Logs**: Privilege logs in compliance with Fed. R. Civ. P. 26(b)(5)(A) shall be served no later than **October 18, 2021**, for any documents for which a privilege is asserted in whole or in part from document productions made on or before September 3, 2021. A supplemental privilege log shall be served on or before thirty (30) days following each subsequent production of documents, absent agreement of the parties otherwise.

    e.    **Number of Interrogatories**: Indirect Purchaser Plaintiffs combined shall serve no more than a total of thirty-five (35) interrogatories (excluding the jurisdictional

2

interrogatories served on April 17, 2020), and Defendants combined shall serve no more than a total of thirty-five (35) interrogatories. No Defendant or Indirect Purchaser Plaintiff shall be required to answer more than thirty-five (35) interrogatories absent agreement of the parties otherwise or order of the Court for good cause shown.

    **f.**  **Number of Depositions:** The parties shall meet and confer about the number of depositions to be conducted in this litigation and, absent agreement, shall raise the issue with the Court for resolution.

  **3.**  **Close of Fact Discovery:** Fact discovery shall be completed on or before **February 10, 2022.**

  **4.**  **Class Certification Motion:**

    **a.**  Indirect Purchaser Plaintiffs shall file and serve their motion for class certification on or before **March 10, 2022.**

    **b.**  Opposition briefs to Indirect Purchaser Plaintiffs' motion for class certification shall be filed on or before **May 11, 2022.**

    **c.**  Indirect Purchaser Plaintiffs' Reply brief shall be due on or before **July 11, 2022.**

  **5.**  **Expert Reports and Discovery:**

    **a.**  Indirect Purchaser Plaintiffs shall identify any expert witnesses and serve their reports pursuant to Fed. R. Civ. P. 26(a)(2)(B) on or before **March 10, 2022.**

    **b.**  Any depositions of Indirect Purchaser Plaintiffs' expert witnesses with respect to their opening reports shall be completed on or before **April 10, 2022.**

    **c.**  Defendants shall identify any expert witnesses and serve their reports pursuant to Fed. R. Civ. P. 26(a)(2)(B) on or before **May 11, 2022.**

    **d.**  Any depositions of Defendants' expert witnesses shall be completed on or before **June 10, 2022.**

    **e.**  Indirect Purchaser Plaintiffs shall serve any rebuttal expert reports on or before **July 11, 2022.**

    **f.**  Any deposition of Indirect Purchaser Plaintiffs' expert witnesses with respect to their rebuttal reports shall be completed on or before **August 12, 2022.**

    **g.**  Any *Daubert* motions shall be filed on or before **September 12, 2022.**

    **h.**  Any opposition to *Daubert* motions shall be filed on or before **October 12, 2022.**

    **i.**  Any replies in support of *Daubert* motions shall be filed on or before **November 11, 2022.**

  6.  **Further Class Certification Proceedings and Summary Judgment Motions:**

Immediately following the filing of Indirect Purchaser Plaintiffs' reply in support of their motion for class certification, counsel for the parties shall contact the chambers of the presiding judge, Hon. Elizabeth A. Wolford, to schedule a status/scheduling conference regarding further proceedings.

  7.  **ADR:** The parties agree to consider private mediation at a future time to be determined. No extension of any date set forth above-except for a date permitted to be extended by agreement of the parties as indicated above-will be granted except upon order of the Court.

  8.  **Notices of Appearance:** For those attorneys whose applications to be admitted *pro hac vice* were granted in the indirect purchaser actions (1:19-CV-00975 and 1:19-CV-00990), they may file notices of appearance on the Master Docket (1:19-cv-00385) without having to file a second application to be admitted *pro hac vice*.

The foregoing is SO ORDERED.

January 14, 2021

THE HONORABLE MICHAEL J. ROEMER
UNITED STATES MAGISTRATE JUDGE