UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MIAMI PRODUCTS & CHEMICAL CO.,
On Behalf of Itself and All Others Similarly
Situated, et al.,

    Plaintiffs,

  v.

OLIN CORPORATION, et al.,

    Defendants.
_____

**DECISION AND ORDER**

1:19-CV-00385 EAW[1]

THE TRIPP PLATING WORKS, INC., On
Behalf of Itself and All Others Similarly
Situated, et al.,

    Plaintiffs,

  v.

OLIN CORPORATION, et al.,

    Defendants.
_____

1:19-CV-00975 EAW

---

[1] Unless otherwise noted, all docket references herein refer to Civil Action No. 19-cv-00385 (the "Lead Action").

- 1 -

# INTRODUCTION

Plaintiffs The Tripp Plating Works, Inc. ("Tripp") and Finch Paper, LLC (collectively the "Indirect Purchaser Plaintiffs")[2] bring these putative class actions against defendants Olin Corporation, K.A. Steel Chemicals, Inc., Occidental Chemical Corporation, Westlake Chemical Corporation, Shintech Incorporated, and Formosa Plastics Corporation, U.S.A. (collectively, "Defendants"), alleging an anticompetitive conspiracy by Defendants to fix the price of caustic soda in the United States. (Dkt. 335).

On June 24, 2021, the Court entered a Decision and Order granting in part and denying in part Defendants' motion to dismiss the Indirect Purchaser Plaintiffs' consolidated class action complaint. (Dkt. 309) (the "June 2021 D&O"). The Court subsequently modified the June 2021 D&O solely to permit the Indirect Purchaser Plaintiffs leave to file an amended complaint. (Dkt. 319). The Indirect Purchaser Plaintiffs filed their amended consolidated class action complaint (the "amended indirect purchaser complaint") on August 23, 2021. (Dkt. 335). Among other things, the amended indirect purchaser complaint asserts claims for unjust enrichment under the laws of Arizona, Florida, Hawaii, Illinois, Iowa, Maine, Michigan, Minnesota, Mississippi, Nebraska, Nevada, New Mexico, New York, North Dakota, Oregon, Rhode Island, South Dakota, Utah, Vermont, West Virginia, and Wisconsin. (*Id*. at ¶¶ 157-264). The amended indirect

---

[2] Precious Plate, Inc. was formerly an indirect purchaser plaintiff, but voluntarily dismissed its individual claims and withdrew as a named plaintiff on October 1, 2021. (Dkt. 343).

purchaser complaint also asserts a claim under the antitrust law of Connecticut, among other states. (*Id.* at ¶¶ 141-47).

Presently before the Court is a motion filed by Defendants seeking dismissal of the Indirect Purchaser Plaintiffs' unjust enrichment claims under the laws of all states except Hawaii, and seeking to limit the Indirect Purchaser Plaintiffs' damages under the Connecticut antitrust statute to conduct occurring after October 2018. (Dkt. 346). For the reasons that follow, Defendants' motion is granted in part and denied in part.

## BACKGROUND

### I. Factual Background

As noted above, the instant actions relate to a purported anticompetitive conspiracy by Defendants to fix the price of caustic soda in the United States. The details of the alleged conspiracy are set forth at length in this Court's Decision and Order dated March 27, 2020, resolving several prior motions to dismiss (Dkt. 119), familiarity with which is assumed for purposes of this Decision and Order. The Indirect Purchaser Plaintiffs are New York corporations that "indirectly purchased Caustic Soda manufactured by one or more of the Defendants" during the relevant time period. (Dkt. 335 at ¶¶ 18-20).

### II. Procedural Background

The procedural background of this matter is set forth in detail in the June 2021 D&O, familiarity with which is assumed for purposes of this Decision and Order. The Indirect Purchaser Plaintiffs filed the indirect purchaser amended complaint on August 23, 2021. (Dkt. 335). Defendants filed the instant motion to dismiss on October 22, 2021. (Dkt.

345).  The Indirect Purchaser Plaintiffs filed their opposition on November 15, 2021.  (Dkt. 356).  Defendants filed their reply on November 22, 2021.  (Dkt. 370).

## DISCUSSION

### I.  Legal Standard

"In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010).  A court should consider the motion by "accepting all factual allegations as true and drawing all reasonable inferences in favor of the plaintiff." *Trs. of Upstate N.Y. Eng'rs Pension Fund v. Ivy Asset Mgmt.*, 843 F.3d 561, 566 (2d Cir. 2016).  To withstand dismissal, a claimant must set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Turkmen v. Ashcroft*, 589 F.3d 542, 546 (2d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations and citations omitted).  "To state a plausible claim, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *Nielsen*

*v. AECOM Tech. Corp.*, 762 F.3d 214, 218 (2d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555).

Here, Defendants make the following arguments in support of their motion to dismiss: (1) the Indirect Purchaser Plaintiffs' unjust enrichment claims under the laws of Florida, Maine, Michigan, and North Dakota fail because the Indirect Purchaser Plaintiffs are not alleged to have conferred a direct benefit on Defendants; (2) the relationship between the parties is too attenuated to support an unjust enrichment claim under the law of New York; (3) the Indirect Purchaser Plaintiffs' unjust enrichment claims are impermissibly duplicative of their statutory claims under the laws of Arizona, Florida, Illinois, Iowa, Maine, Michigan, Minnesota, Mississippi, Nebraska, Nevada, New Mexico, New York, North Dakota, Oregon, Rhode Island, South Dakota, Vermont, West Virginia, and Wisconsin; (4) the Indirect Purchaser Plaintiffs have not pled an inadequate remedy at law as required under the laws of Iowa, Minnesota, Nevada, South Dakota, Utah, and West Virginia; and (5) the Indirect Purchaser Plaintiffs' antitrust claim under Connecticut law must be limited to post-October 2018 conduct. (Dkt. 346 at 6-7). The Court considers these arguments below.

**II.     Direct Benefit**

The Indirect Purchaser Plaintiffs argue that they "conferred a benefit on Defendants that is directly traceable to Defendants' anticompetitive conduct"—specifically, that their "demand-side purchases conferred a benefit upon Defendants by enabling them to profit from their anticompetitive price increases." (Dkt. 356 at 10). They further contend that

Defendants are incorrect regarding the requirements of the laws of Florida, Maine, Michigan, and North Dakota as to the conferring of a direct benefit. (*Id*. at 12-15).

The Indirect Purchaser Plaintiffs' arguments that Florida and North Dakota do not require the conferring of a direct benefit to sustain an unjust enrichment claim are not persuasive. As to Florida, the Supreme Court of Florida has unequivocally stated that "to prevail on an unjust enrichment claim, the plaintiff must directly confer a benefit to the defendant." *Kopel v. Kopel*, 229 So. 3d 812, 818 (Fla. 2017). While *Kopel* was not decided in the antitrust context, it is an authoritative statement of Florida's highest court on the requirements of Florida's common law. Further, the Court agrees with the other federal courts that have concluded that an indirect purchaser has not conveyed a direct benefit on a defendant as required by Florida law. *See, e.g., Sandee's Catering v. Agri Stats, Inc.*, No. 20 C 2295, 2021 WL 963812, at *4 (N.D. Ill. Mar. 15, 2021).

Turning to North Dakota, the Supreme Court of North Dakota has long held that a plaintiff claiming unjust enrichment must show that the defendant "obtained a benefit at the direct expense of the [plaintiff]." *Midland Diesel Service v. MDU Resources Group, Inc.*, 307 N.W. 2d 555, 557 (N.D. 1981). While the Indirect Purchaser Plaintiffs attempt to argue that this is somehow different from a direct benefit requirement (*see* Dkt. 356 at 15), they fail to offer any meaningful distinction or to cite any cases finding the same. The Court agrees with Defendants that the Indirect Purchaser Plaintiffs lack a viable unjust enrichment claim under the law of North Dakota. *See Sandee's Catering*, 2021 WL 963812, at *5 ("The bulk of the authority supports Defendants' position that indirect

purchaser allegations are insufficient to establish a 'direct benefit' under North Dakota law.").

However, the Court agrees with the Indirect Purchaser Plaintiffs as to the laws of Michigan and Maine. With respect to Michigan, federal courts have reached different conclusions regarding the requirement that a direct benefit be conferred. Some courts have relied on "an unpublished decision of the Michigan Court of Appeals—Michigan's intermediate appellate court"—to determine that a direct benefit is required. *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 383 F. Supp. 3d 187, 271 (S.D.N.Y. 2019) (citing *A & M Supply Co. v. Microsoft Corp.*, No. 274164, 2008 WL 540883, at *2 (Mich. Ct. App. Feb. 28, 2008)). Others have pointed out that "the Michigan Supreme Court has explicitly allowed at least one unjust enrichment claim based on conferral of an indirect benefit." *Sandee's Catering*, 2021 WL 963812, at *4 (citing *Kammer Asphalt Paving Co. v. E. China Twp. Sch.*, 443 Mich. 176, 504 N.W.2d 635, 641 (1993)); *see also In re Packaged Seafood Prod. Antitrust Litig.*, 242 F. Supp. 3d 1033, 1091 (S.D. Cal. 2017) (same). The Court agrees with those courts that have concluded that the relevant case law shows that "on balance, Michigan at least does not always require conferral of a direct benefit in order to validly plead a claim of unjust enrichment[.]" *In re Packaged Seafood*, 242 F. Supp.3d at 1091. In particular, the Michigan Supreme Court's decision in *Kammer Asphalt*, where it allowed an unjust enrichment claim to proceed notwithstanding that "plaintiff indirectly provided defendant a benefit," 443 Mich. at 187, appears to foreclose the imposition of a blanket direct benefit requirement.

As to Maine, the Court finds persuasive the discussion in *In re Hard Disk Drive Suspension Assemblies Antitrust Litig.*, No. 19-MD-02918-MMC, 2021 WL 4306018 (N.D. Cal. Sept. 22, 2021).  As the *In re Hard Disk* court explained:

> In *Platz Associates v. Finley*, 973 A.2d 743 (Me. 2009), the Supreme Judicial Court of Maine held that, to establish an unjust enrichment claim, the plaintiff must show he "conferred a benefit" on the defendant. *See id.* at 750 (internal quotation and citation omitted). The Supreme Judicial Court, however, did not hold in *Platz Associates*, nor has any party brought to the Court's attention any opinion in which a Maine court has held, the requisite benefit must be directly conferred on the defendant or that the plaintiff be in privity with the defendant.  Moreover, the Supreme Judicial Court appears to be of the view that the requisite benefit can be conferred indirectly, given its finding that the plaintiff therein had failed to establish the defendant received a benefit either from that plaintiff or from "anyone else." *See id.* at 751.

*Id*. at *26; *see also Sandee's Catering*, 2021 WL 963812, at *4 (acknowledging that a "few" cases have held that Maine law requires a direct benefit, but concluding that authority to the contrary is "more compelling").  The Court accordingly will not dismiss the Michigan and Maine unjust enrichment claims for failure to allege a direct benefit.

### III. New York Claim

Defendants also seek dismissal of the Indirect Purchaser Plaintiffs' New York unjust enrichment claim, arguing that the relationship between the parties is too attenuated to support this cause of action.  (Dkt. 356 at 12-13).  The Court does not find this claim amenable to resolution on the pleadings.  The Second Circuit has explained that, under the law of New York, "the requirement of a connection between plaintiff and defendant is a modest one: [an unjust enrichment] claim will not be supported if the connection between the parties is too attenuated." *Myun-Uk Choi v. Tower Rsch. Cap. LLC*, 890 F.3d 60, 69

(2d Cir. 2018) (quotation omitted). There need not be a direct relationship between the parties. *Id*.

As another court in this Circuit has explained, this means that under New York law, while "a product's indirect purchaser cannot assert an unjust enrichment claim against an entity that manufactured one of that product's *ingredients* . . .[,] the indirect purchaser can assert such an unjust enrichment claim against the manufacturer of the *product* itself." *Waldman v. New Chapter, Inc.*, 714 F. Supp. 2d 398, 403 (E.D.N.Y. 2010) (emphasis in original and collecting cases). That is the case here—the Indirect Purchaser Plaintiffs seek to assert an unjust enrichment claim against Defendants, who are the manufacturers of the caustic soda at the center of this litigation. Accordingly, this is no basis for the Court to dismiss the New York unjust enrichment claim. *See id.*

### IV. **Duplication of Statutory Claims**

The Court turns next to Defendants' argument that the "unjust enrichment claims should be dismissed as duplicative where statutory claims remain." (Dkt. 346 at 14). The Court is unpersuaded. Defendants are correct that "[u]njust enrichment claims can be either 'autonomous'—claims independent of a predicate statutory claim—or 'parasitic'— claims that merely provide an alternative remedy for the underlying predicate statutory claim." (*Id*.); *see In re Digital Music Antitrust Litig.*, 812 F. Supp. 2d 390, 411 (S.D.N.Y. 2011). Here, the claims at issue are correctly categorized as parasitic of the state law statutory claims. *See In re Digital Music*, 812 F. Supp. at 411.

"[T]he question of whether an unjust-enrichment claim is duplicative is a state-law issue," and it accordingly requires a "case-by-case examination of whether each state's

antitrust or consumer protection statute has overriden or limited the scope of restitutionary relief that would normally be available to a plaintiff at equity." *In re Namenda Indirect Purchaser Antitrust Litig.*, No. 1:15-CV-6549CMRWL, 2021 WL 2403727, at *38 (S.D.N.Y. June 11, 2021) (quotation and alterations omitted). However, Defendants have provided the Court with no briefing on the individual laws of the 19 states at issue. Instead, they make a conclusory assertion that the unjust enrichment claims "will rise or fall with their corresponding statutory claims." (Dkt. 346 at 15).

Where, as here, a defendant does not "brief[] the extent to which each of [the relevant] states' antitrust and consumer protection laws limits a plaintiff's ability to recover in equity," it is not the Court's responsibility to "undertake an independent assessment of whether and to what extent these each of these statutes restricts equitable recovery." *Sergeants Benevolent Ass'n Health & Welfare Fund v. Actavis, PLC*, No. 15 CIV. 6549 (CM), 2018 WL 7197233, at *57 (S.D.N.Y. Dec. 26, 2018). Instead, the Court will deny Defendants' motion to dismiss the parasitic unjust enrichment claims "without prejudice to consideration of the issue at a later date on proper briefing." *Id*.

## V.     Existence of Adequate Remedy at Law

Next, Defendants contend that the Indirect Purchaser Plaintiffs' unjust enrichment claims under the laws of Iowa, Minnesota, Nevada, South Dakota, Utah, and West Virginia must be dismissed because the Indirect Purchaser Plaintiffs have an adequate remedy at law. (Dkt. 346 at 16). Again, the Court disagrees.

As the Indirect Purchaser Plaintiffs correctly point out, the absence of an adequate remedy at law is not an element of an unjust enrichment claim in the relevant jurisdictions.

*See In re Processed Egg Prod. Antitrust Litig.*, 851 F. Supp. 2d 867, 915 (E.D. Pa. 2012) (finding that "the absence of an adequate remedy at law is *not* an element of the *prima facie* case for unjust enrichment under the laws of" Minnesota, Nevada, South Dakota, and Utah, and that accordingly "Plaintiffs are not required to plead factual allegations suggesting such an absence as to those states' unjust enrichment claims" (emphasis in original)); *CSS, Inc. v. Herrington*, 306 F. Supp. 3d 857, 882 (S.D.W. Va. 2018) ("Under West Virginia law, the elements of an unjust enrichment claim are: (1) a benefit conferred upon the defendant, (2) an appreciation or knowledge by the defendant of such benefit, and (3) the acceptance or retention by the defendant of the benefit under such circumstances as to make it inequitable for the defendant to retain the benefit without payment of its value." (quotation and alteration omitted)); *Maint. Enterprises, LLC v. Orascom E&C USA, Inc.*, No. 3:16-CV-00014 SMR CFB, 2017 WL 6997892, at *2 (S.D. Iowa Nov. 13, 2017) ("[I]n 2001, the Iowa Supreme Court clearly said that the requirement that a plaintiff show he or she has no adequate remedy at law is not a formal element for an unjust enrichment claim." (citing *State, Dep't of Human Servs. ex rel. Palmer v. Unisys Corp.*, 637 N.W.2d 142, 154-55 n.2 (Iowa 2001)).  Accordingly, at the pleadings stage, the Indirect Purchaser Plaintiffs were not required to make factually supported allegations showing a lack of an adequate remedy at law in order to pursue these claims. *See, e.g., In re Processed Egg Prod.*, 851 F. Supp.2d at 917.

## VI. Pre-2018 Damages Under Connecticut Antitrust Law

Defendants' final argument is that the Indirect Purchaser Plaintiffs cannot recover for any damages prior to 2018 under the antitrust statute law of Connecticut, because

Connecticut first adopted an *Illinois Brick*[3] repealer statute in October 2018 and that statute does not apply retroactively. The Indirect Purchaser Plaintiffs state in a footnote in their response papers that they "do not contest that their Connecticut antitrust claim should be limited to post-2018 conduct." (Dkt. 356 at 8 n.2). Accordingly, the Court will grant this portion of Defendants' motion.

## CONCLUSION

For the reasons set forth above, the Court grants in part and denies in part Defendants' motion (Dkt. 345) for partial dismissal of the amended indirect purchaser complaint (Dkt. 335). Specifically, the Court grants Defendants' motion with respect to the unjust enrichment claims asserted under the laws of Florida and North Dakota, and with respect to any pre-October 2018 claim for damages under Connecticut's antitrust statute, and denies Defendants' motion in all other respects.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated: August 26, 2022
Rochester, New York

---

[3] *Illinois Brick Co. v. Illinois,* 431 U.S. 720 (1977). A detailed discussion of *Illinois Brick* and its impact on indirect purchaser antitrust actions can be found in the June 2021 D&O. (*See* Dkt. 309 at 10-13).