**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE CAUSTIC SODA ANTITRUST LITIGATION | ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED CONSOLIDATED CLASS ACTION COMPLAINT |
| THIS DOCUMENT RELATES TO: ALL INDIRECT PURCHASER ACTIONS | Lead Case No.: 19-CV-00385-EAW-MJR |

Defendant Shintech Incorporated ("Shintech"), by and through its attorneys, Axinn, Veltrop & Harkrider LLP, and Connors LLP submits its Answer and Affirmative Defenses to the Amended Consolidated Class Action Complaint of Plaintiffs The Tripp Plating Works, Inc. and Finch Paper, LLC (collectively "Plaintiffs"), filed on August 23, 2021,[1] as follows:

**NATURE OF THE ACTION**

1.     Shintech denies the allegations in Paragraph 1, except admits that it manufactured Caustic Soda in the United States and that this civil action seeks damages and injunctive relief.

2.     Shintech denies the allegations in Paragraph 2, except admits that Caustic Soda is a chemical sold in solid and liquid forms that is produced as a co-product of chlorine production from the electrolysis of brine or salt water, and that Caustic Soda is used by consumers in a variety of industries, including paper, pulp and cellulose; chemical production; soaps and detergents; aluminum; food processing; water treatment; textiles; mineral oils; recycling; and pharmaceuticals.

---

[1] Precious Plate, Inc. was formerly an indirect purchaser plaintiff that filed this complaint. But on October 1, 2021 Precious Plate, Inc. voluntary dismissed its claims. (ECF No. 343).

1

3.      Shintech denies the allegations in Paragraph 3 as to Shintech and lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 as to any other Defendant and therefore denies them.

4.      Shintech denies the allegations in Paragraph 4 as to Shintech and lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 as to any other Defendant and therefore denies them.

5.      Shintech denies the allegations in Paragraph 5.

## JURISDICTION AND VENUE

6.      Paragraph 6 states legal conclusions that do not require a response. To the extent a response is required, Shintech denies the allegations.

7.      Paragraph 7 states legal conclusions that do not require a response. To the extent a response is required, Shintech does not contest the subject matter jurisdiction of the Court in this case.

8.      Paragraph 8 states legal conclusions that do not require a response. To the extent a response is required, Shintech does not contest jurisdiction and venue are proper in this case.

## CLASS ACTION ALLEGATIONS

9.      The allegations in Paragraph 9 contain legal conclusions to which no response is required. To the extent a response is deemed required, Shintech denies the allegations in Paragraph 9.

10.     The allegations in Paragraph 10 contain legal conclusions to which no response is required. To the extent a response is deemed required, Shintech denies the allegations in Paragraph 10.

11.     The allegations in Paragraph 11 contain legal conclusions to which no response is required. To the extent a response is deemed required, Shintech denies the allegations in Paragraph 11.

12.     The allegations in Paragraph 12 contain legal conclusions to which no response is required. To the extent a response is deemed required, Shintech denies the allegations in Paragraph 12.

13.     The allegations in Paragraph 13 contain legal conclusions to which no response is required. To the extent a response is deemed required, Shintech denies the allegations in Paragraph 13.

14.     The allegations in Paragraph 14 contain legal conclusions to which no response is required. To the extent a response is deemed required, Shintech denies the allegations in Paragraph 14.

15.     The allegations in Paragraph 15 contain legal conclusions to which no response is required. To the extent a response is deemed required, Shintech denies the allegations in Paragraph 15.

16.     The allegations in Paragraph 16 contain legal conclusions to which no response is required. To the extent a response is deemed required, Shintech denies the allegations in Paragraph 16.

17.     The allegations in Paragraph 17 contain legal conclusions to which no response is required. To the extent a response is deemed required, Shintech denies the allegations in Paragraph 17.

## PARTIES

### Plaintiffs

18.     Shintech admits that The Tripp Plating Works, Inc. is a New York corporation with a principal place of business at 1491 William Street, Buffalo, NY 14206. Shintech denies the allegations in the second sentence of Paragraph 18.

19.     Shintech lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 and therefore denies them.

20.     Shintech admits that Finch Paper, LLC has a principal place of business at 1 Glen St. Glens Falls, NY 12801 but otherwise denies the allegations in the first sentence of Paragraph 20. . Shintech denies the allegations in the second sentence of Paragraph 20.

### Defendants

**1.     Olin Defendants**

20.     Shintech admits the first sentence of Paragraph 20.[2] Shintech admits that Olin manufacturers, sells, and distributes Caustic Soda in the United States. Shintech admits that on October 5, 2015, Olin completed the merger of the Dow Chemical Company's U.S. Chlor-Alkali and Vinyl, Global Chlorinated Organics and Global Epoxy business with Olin. Shintech lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 20 and therefore denies them.

21.     Shintech admits the allegations in Paragraph 21.

22.     Shintech admits that the defendants mentioned in Paragraph 22 are at times referred to collectively.

---

[2] Shintech notes that the Indirect Purchaser Plaintiff Amended Consolidated Complaint (ECF 335) labels two Paragraph 20s on pages six through seven. Shintech has kept this same numbering system to be consistent with the complaint. Shintech responds to each Paragraph 20 in the same order that each paragraph is listed in the complaint.

**2.      OxyChem Defendants**

23.      Shintech admits that Occidental Petroleum Corporation is a Delaware

Corporation with its principal place of business at 5 Greenway Plaza, Suite 110, Houston, Texas,

77046-0521 and that OxyChem is a wholly-owned, indirect subsidiary of Occidental Petroleum

Corporation. Shintech lacks knowledge or information sufficient to form a belief as to the truth

of the remaining allegations in Paragraph 23 and therefore denies them.

24.      Shintech admits that OxyChem is a New York corporation with its principal place

of business at 14555 Dallas Parkway, Suite 400, Dallas, Texas, 75254. Shintech lacks knowledge

or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph

24 and therefore denies them.

**3.      Westlake**

25.      Shintech admits the allegations in the first sentence of Paragraph 25. Shintech

admits that Westlake manufacturers and sells Caustic Soda in the United States. Shintech admits

that Westlake completed its acquisition of Axiall Corporation on August 31, 2016 and the

combined company became the third largest global Chlor-Alkali producer at that time. Shintech

lacks knowledge or information sufficient to form a belief as to the truth of the remaining

allegations in Paragraph 25 and therefore denies them.

**4.      Shintech**

26.      Shintech denies the allegations in Paragraph 26, except admits that Shin-Etsu

Chemical Co. Ltd. ("Shin-Etsu"), which has been dismissed from this case and is no longer a

defendant, is a Japanese corporation headquartered at Asahi Seimei Otemachi Blgd., 6-1,

Ohtemachi 2-chome, Chiyoda-ku, Tokyo 100-0004, Japan.

27.    Shintech admits the allegations in Paragraph 27, except states the shares of stock issued by Shintech are wholly owned by dismissed defendant Shin-Etsu and denies that it manufactures, sells, or distributes caustic soda throughout the United States.

28.    Shin-Etsu has been dismissed from the case by the court by the Court and the allegations in this paragraph relating to Shin-Etsu have been disposed of by this court. Therefore no further response is required of Shintech.

29.    The allegations in Paragraph 29 contain legal conclusions to which no response is required.

**5.    Formosa Plastics**

30.    Shintech admits that Formosa Plastics Corporation is a publically traded Taiwanese company headquartered in Taiwan. Shintech admits that Formosa Plastics Corporation manufactures and sells caustic soda. Shintech lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 30 and therefore denies them.

31.    The allegations in Paragraph 31 contain legal conclusions to which no response is required.

32.    Shintech admits that Formosa Plastics Corporation, U.S.A. is a Delaware corporation headquartered at 9 Peach Tree Hill Road, Livingston, New Jersey 07039-5702. Shintech lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 32 and therefore denies them.

## AGENTS AND CO-CONSPIRATORS

33.     Shintech denies the allegations in Paragraph 33 as to Shintech and lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 as to any other Defendant or entity and therefore denies them.

34.     Shintech denies the allegations in Paragraph 34 as to Shintech and lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 as to any other Defendant or entity and therefore denies them.

35.     Shintech denies the allegations in Paragraph 35 as to Shintech and dismissed defendant Shin-Etsu and lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 as to any other Defendant or entity and therefore denies them.

## TRADE AND COMMERCE

36.     Shintech lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 and therefore denies them, except admits that it sold Caustic Soda in the United States.

37.     Shintech denies the allegations in Paragraph 37.

38.     Shintech denies the allegations in Paragraph 38, excepts admits that Shintech's business activities were in the flow of interstate trade and commerce in the United States.

39.     Shintech denies the allegations in Paragraph 39.

## FACTUAL ALLEGATIONS

## I.      THE CAUSTIC SODA MARKET

40.     Shintech admits the allegations in Paragraph 40, except lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the functional

interchangeability of membrane and diaphragm grades or whether they are suitable for use in the vast majority of applications and therefore denies them. Shintech further states that the heading preceding Paragraph 40 refers to "The Caustic Soda Market," but that Shintech perceives no allegation in the Complaint to the effect that such a market exists.

41.     Shintech lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 and therefore denies them, except admits that electricity and salt are key inputs in the chloralkali process used to produce chlorine and Caustic Soda and that Shintech's actual cost data is proprietary and highly confidential.

42.     Shintech lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 and therefore denies them, except admits that Olin acquired Dow's chloralkali business in 2015 and that Westlake acquired Axiall Corporation in 2016.

43.     Shintech lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 and therefore denies them, except admits that Defendants sell a substantial volume of Caustic Soda to customers in the United States annually.

44.     Shintech lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 and therefore denies them.

45.     Shintech lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 and therefore denies them.

46.     Shintech denies the allegations in the first sentence of Paragraph 46. Shintech lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 46 and therefore denies them.

47.     Shintech denies the allegations in the first sentence of Paragraph 47. Shintech lacks knowledge or information sufficient to form a belief as to the truth of the remaining

allegations in Paragraph 47 and therefore denies them, except admits that it announced the construction of a new chloralkali and vinyl chloride monomer production facility and expansion of its PVC manufacturing capability in July 2018, Shintech Plaquemine Plant 3 ("SPP-3"), which has been producing caustic soda since December 2021 and has resulted in increased sales of caustic soda to customers in the United States.

48.     Shintech denies the allegations in Paragraph 48 as to Shintech and lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 as to any other Defendant and therefore denies them.

49.     Shintech denies the allegations in Paragraph 49 as to Shintech and lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 as to any other Defendant and therefore denies them.

50.     Shintech denies the allegations in Paragraph 50 as to Shintech and lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 as to any other Defendant and therefore denies them.

51.     Shintech denies the allegations in Paragraph 51 as to Shintech and lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51 as to any other Defendant and therefore denies them.

## II.    HISTORY OF PRICE INCREASES

52.     Shintech denies the allegations in Paragraph 52.

### A.    2015 PRICING

53.     Shintech denies the allegations in Paragraph 53 as to Shintech and lacks knowledge or information sufficient to form a belief as to the truth of the allegations in

Paragraph 53 as to any other Defendant and therefore denies them, except admits that Olin completed its acquisition of Dow's chlor-alkali assets in October 2015.

54.     Shintech lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 and therefore denies them.

55.     Shintech lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 and therefore denies them. Shintech specifically denies each and every allegation in Paragraph 55 that purports to implicate Shintech in any unlawful activity.

56.     Shintech lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 and therefore denies them, except Shintech admits that it announced a price increase in 2015 to certain customers. Shintech specifically denies each and every allegation in Paragraph 56 that purports to implicate Shintech in any unlawful activity.

**B.     2016 PRICING**

57.     Shintech lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 and therefore denies them, except admits that Shintech announced a price increase in 2016 to certain customers. Shintech specifically denies each and every allegation in Paragraph 57 that purports to implicate Shintech in any unlawful activity.

58.     Shintech lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 and therefore denies them.

59.     Shintech lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 and therefore denies them.

60.     Shintech lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60 as to any other Defendant and therefore denies them. Shintech

specifically denies each and every allegation in Paragraph 60 that purports to implicate Shintech in any unlawful activity.

### C.   2017 PRICING

61.   Shintech lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 and therefore denies them, except admits that it announced one or more price increases to certain customers in 2017 and that it only manufacturers membrane grade caustic soda. Shintech specifically denies each and every allegation of Paragraph 61 that purports to implicate Shintech in any unlawful activity.

62.   Shintech lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62 and therefore denies them, except admits that it announced one or more price increases to certain customers in 2017. Shintech specifically denies each and every allegation in Paragraph 62 that purports to implicate Shintech in any unlawful activity.

63.   Shintech lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63, except admits that it announced one or more price increases to certain customers in 2017. Shintech specifically denies each and every allegation in Paragraph 63 that purports to implicate Shintech in any unlawful activity.

64.   Shintech lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64 and therefore denies them, except admits that it announced one or more price increase to certain customers in 2017.

65.   Shintech lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65 insofar and therefore denies them.

### D.    2018 PRICING

66.    Shintech admits that it announced one or more price increases to certain customers in 2018. Shintech lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66 to the extent they relate to other Defendants actually mentioned and therefore denies them. Shintech specifically denies each and every allegation in Paragraph 66 that purports to implicate Shintech in any unlawful activity.

67.    Shintech lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67 and therefore denies them except admits that it announced one or more price increases to certain customers in 2018. Shintech specifically denies each and every allegation in Paragraph 67 that purports to implicate Shintech in any unlawful activity.

68.    Shintech lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68 and therefore denies them, except admits that it announced one or more price increases to certain customers in 2018. Shintech specifically denies each and every allegation in Paragraph 68 that purports to implicate Shintech in any unlawful activity.

69.    Shintech lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69 and therefore denies them, except admits that it announced one or more price increases to certain customers in 2018. Shintech specifically denies each and every allegation in Paragraph 69 that purports to implicate Shintech in any unlawful activity.

70.    Shintech lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70 and therefore denies them, except admits that it announced one or more price increases to certain customers in 2018. Shintech specifically denies each and every allegation in Paragraph 70 that purports to implicate Shintech in any unlawful activity.

71.     Shintech denies the allegations in the first sentence in Paragraph 71 to the extent the allegations are directed at Shintech. Shintech lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 71 and therefore denies them,  except Shintech admits that it announced one or more price increases to certain customers in 2018.

E.      **2019 PRICING**

72.     Shintech lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72 and therefore denies them except admits that it announced one or more price increases to certain customers in 2019. Shintech specifically denies each and every allegation in Paragraph 72 that purports to implicate Shintech in any unlawful activity.

73.     Shintech lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73 and therefore denies them. Shintech specifically denies each and every allegation in Paragraph 73 that purports to implicate Shintech in any unlawful activity.

F.      **PRICING AND MARGIN SUMMARY**

74.     Shintech lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74 and Shintech therefore denies them, except admits that it announced price increases to certain of its customers between January 1, 2012 and the filing of the Amended Consolidated Complaint in this action.

75.     Shintech lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75 and the accompanying graph and therefore denies them.

76.     Shintech denies the second sentence in Paragraph 76 and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 76 and therefore denies them.

77.     Shintech lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77 and therefore denies them.

78.     Shintech lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78 and therefore denies them.

79.     Shintech lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79 and therefore denies them.

80.     Shintech lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80 and therefore denies them.

81.     Shintech lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81 and therefore denies them.

82.     Shintech denies the allegations in Paragraph 82, except admits that its shareholder dismissed defendant Shin-Etsu, a publicly listed company in Japan, was profitable in the years mentioned according to its publicly available materials.

83.     Shintech lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the third and fourth sentences of Paragraph 83 and the accompanying graph and therefore denies them. Shintech denies the allegations of the first, second, and fifth sentences of Paragraph 83.

84.     Shintech denies the allegations in Paragraph 84.

85.     Shintech denies the allegations in Paragraph 85 as to Shintech and lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 85 as to any other Defendant and therefore denies them.

86.     Shintech denies the allegations in Paragraph 86 as to Shintech and lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 86 as to any other Defendant and therefore denies them.

III.   **DEFENDANTS' ANTICOMPETITIVE ACTIVITIES AND AGREEMENTS**

87.     Shintech denies the allegations in Paragraph 87.

88.     Shintech denies the allegations in Paragraph 88.

89.     Shintech denies the allegations in Paragraph 89 as to Shintech and lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 89 as to any other Defendant and therefore denies them.

90.     Shintech denies the allegations in Paragraph 90 as to Shintech and  lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 90 as to any other Defendant and therefore Shintech denies them.

91.     Shintech lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 91 and therefore denies them, except admits that it is a member of the Vinyl Institute and Shintech employees have attended Vinyl Institute meetings.

92.     Shintech denies the allegations in the seventh sentence in Paragraph 92 and specifically denies working cooperatively with any other Defendant towards any unlawful end. Shintech admits that it exchanged and sold Caustic Soda with certain other Defendants for Shintech's own lawful business purposes. Shintech admits that it makes and sells PVC and that Shintech has purchased an input to PVC, vinyl chloride monomer, from an affiliate of Olin based on a longstanding agreement that the Olin affiliate inherited from Dow in existence since the 1970s. Shintech lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 92 and therefore denies them.

93.     Shintech lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 93 and therefore denies them, except admits that several of its customers purchase under contracts and that some contracts reference an index published by IHS Markit.

94.     Shintech specifically denies each and every allegation in Paragraph 94 that purports to refer or relate to Shintech itself, including but not limited to allegations suggesting that Shintech provided selective, false, or misleading information to IHS Market or reached any understanding or agreement with any competitor with respect to information provided to IHS Markit. Shintech lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 94 as to any other Defendant and therefore denies them.

95.     Shintech specifically denies each and every allegation in Paragraph 95 that purports to refer or relate to Shintech itself. Shintech lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 95 as to any other Defendant and therefore denies them.

96.     Shintech specifically denies each and every allegation in Paragraph 96 that purports to refer or relate to Shintech itself, except admits that Shintech has subscribed to the IHS Markit chlor-alkali report. Shintech lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 96 as to any other Defendant and therefore denies them.

97.     Shintech specifically denies each and every allegation in Paragraph 97 that purports to refer or relate to Shintech itself. Shintech lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 97 as to any other Defendant and therefore denies them.

98.     Shintech lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 98 as to any other Defendant and therefore denies them. Shintech specifically denies each and every allegation in Paragraph 98 that purports to refer or relate to Shintech itself, except admits that Shintech conducted plant maintenance at various times in 2016 and 2017 and admits that it filed for permits to construct a new chlor-alkali plant in Louisiana, SPP-3, such permits were received, plant construction for the initial construction phase is completed, and Shintech has been producing caustic soda at SPP-3 since December 2021.

99.     Shintech denies the allegations in Paragraph 99.

100.     Shintech denies the allegations in Paragraph 100. Shintech specifically denies each and every allegation in Paragraph 100 that purports to refer or relate to Shintech itself, and specifically denies any involvement in the formation or operation of any cartel as alleged.

101.     Shintech denies the allegations in Paragraph 101.

## IV.     INDUSTRY CHARACTERISTICS INDICATING AND FACILITATING DEFENDANTS' CONSPIRACY TO RESTRAIN TRADE

102.     Shintech denies the allegations in Paragraph 102 as to Shintech and lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 102 as to any other Defendant and therefore denies them. Shintech specifically denies any involvement in the formation or operation of any cartel as alleged.

### A.     Market Concentration

103.     Shintech lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 103 and therefore denies them, except admits that the Defendants are producers and suppliers of caustic soda in North America.

104.     Shintech denies the second sentence in Paragraph 104 and specifically denies each and every allegation in Paragraph 104 that purports to implicate Shintech in any unlawful activity. Shintech lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 104 and therefore denies them.

105.     Shintech denies the allegations in Paragraph 105.

**B.      High Barriers to Entry**

106.     Shintech lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 106 and therefore denies them.

107.     Shintech lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 107 and therefore denies them.

108.     Shintech lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 108 and therefore denies them, except admits that in some jurisdictions the establishment of production facilities requires permits.

109.     Shintech lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 109 and therefore denies them, except admits that, as in establishing any large manufacturing plant, a new entrant to any business is generally required to be responsible for necessary financial and operational matters.

110.     Shintech denies the allegations in Paragraph 110.

**C.      Interchangeability of Defendants' Caustic Soda Grades**

111.     Shintech lacks information or knowledge sufficient to form a belief as to the allegations in Paragraph 111 and therefore denies them, except admits that Caustic Soda is a chemical sold in liquid and powder forms and in diaphragm and membrane grades in the United States, and that Shintech makes and sells 50% Caustic Soda Solution.

112.     Shintech denies the allegations in Paragraph 112, except admits that for many customers price is likely to be an important consideration in entering into contracts for purchase of caustic soda.

### D.     Inelastic Demand

113.     Shintech lacks information or knowledge sufficient to form a belief as to the allegations in Paragraph 113 and therefore denies them.

114.     Shintech lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 114 and therefore denies them, except admits that caustic soda is consumed by a wide variety of customers in many different business segments.

115.     Shintech lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 115 and therefore denies them.

### E.     Flat or Weak Demand

116.     Shintech lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 116 and therefore denies them.

117.     Shintech denies the fifth sentence in Paragraph 117. Shintech lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 117 and therefore denies them. Shintech specifically denies working cooperatively with any other Defendant towards any unlawful end.

### F.     Large Number of Purchasers With Limited Purchasing Power

118.     Shintech lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 118 and therefore denies them.

119.    Shintech lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 119 and therefore denies them. Shintech specifically denies being part of any collusive pricing agreement as alleged.

**G.     Ease of Information Sharing Among Defendants**

120.    Shintech lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 120 and therefore denies them. Shintech specifically denies any implication or allegation that it was involved in the formation or operation of any cartel as alleged. Shintech further specifically denies that it was a member of trade associations in which other Defendants held membership other than the Vinyl Institute. Shintech further denies that its high-ranking employees have had any improper or illegal communications with high-ranking employees of other Defendants. Shintech admits that it produced vinyl chloride monomer for its internal production of PVC but denies that this facilitated opportunities to collude.

121.    Shintech lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 121 and therefore denies them.

122.    Shintech admits that it has been a member of the Vinyl Institute since at least October 1, 2015 but denies that it was a member of the remaining associations mentioned in Paragraph 122 and denies the second sentence in Paragraph 122. Shintech lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 122 and therefore denies them.

123.    Shintech denies the allegations in Paragraph 123.

124.    Shintech lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 124 and therefore denies them.

## V.   EFFECTS OF DEFENDANTS' CONSPIRACY ON THE U.S. MARKET FOR CAUSTIC SODA AND INJURY TO PLAINTIFFS AND THE CLASS

125.   Shintech denies each and every allegation in Paragraph 125.

126.   Shintech denies the allegations in Paragraph 126.

127.   Shintech denies the allegations in Paragraph 127.

### CLAIM FOR RELIEF

### FIRST CLAIM FOR RELIEF
### Violations of Section 1 of the Sherman Act, 15 U.S.C. § 1

128.   Shintech hereby repeats and incorporates by references its answers to each preceding paragraph as though fully set forth herein.

129.   Shintech denies the allegations in Paragraph 129.

130.   Shintech denies the allegations in Paragraph 130.

131.   Shintech denies the allegations in Paragraph 131.

132.   Shintech denies the allegations in Paragraph 132.

133.   Shintech denies the allegations in Paragraph 133.

134.   Shintech denies the allegations in Paragraph 134.

135.   Shintech denies each and every allegation in Paragraph 135.

136.   Shintech denies the allegations in Paragraph 136.

137.   Shintech denies the allegations in Paragraph 137.

138.   Paragraph 138 states legal conclusions that do not require a response. To the extent a response is required, Shintech denies the allegations in Paragraph 138.

139.   Paragraph 139 states legal conclusions that do not require a response. To the extent a response is required, Shintech denies the allegations in Paragraph 139.

140.   Paragraph 140 states legal conclusions that do not require a response. To the extent a response is required, Shintech denies the allegations in Paragraph 140.

## SECOND CLAIM FOR RELIEF
## Restraint of Trade under State Law

141.    Shintech hereby repeats and incorporates by reference each preceding paragraph as though fully set forth herein.

142.    Shintech lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 142 and therefore denies them.

143.    Shintech lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 143 and therefore denies them.

144.    The allegations in Paragraph 144 contain legal conclusions to which no response is required. To the extent a response is deemed required, Shintech admits that it sold Caustic Soda in Arizona, Michigan, Minnesota, Mississippi, Nebraska, New Mexico, North Carolina, North Dakota, Oregon, and West Virginia and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 144, including subparts a, b, d, and e in Paragraph 144, and therefore denies them.

145.    Shintech lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 145 and therefore denies them.

146.    Shintech denies the allegations in Paragraph 146.

147.    Shintech denies each and every allegation in Paragraph 147.

## THIRD CLAIM FOR RELIF
## Unfair and Deceptive Trade Practices Under State Law

148.    Shintech hereby repeats and incorporates by reference each preceding paragraph as though fully set forth herein.

149.    Shintech denies the allegations in Paragraph 149.

150.    Shintech denies the allegations in Paragraph 150.

151.    Shintech denies the allegations in Paragraph 151.

152.     Shintech denies the allegations in Paragraph 152.

153.     Shintech denies the allegations in Paragraph 153.

154.     Shintech denies the allegations in Paragraph 154.

155.     Shintech denies the allegations in Paragraph 155.

156.     Shintech denies each and every allegation in Paragraph 156.

### FOURTH CLAIM FOR RELIEF
### Unjust Enrichment Under State Law

157.     Shintech hereby repeats and incorporates by reference each preceding paragraph as though fully set forth herein.

158.     The allegations in Paragraph 158 contain legal conclusions to which no response is required. To the extent a response is deemed required, Shintech denies the allegations in Paragraph 158.

159.     Shintech denies the allegations in Paragraph 159.

160.     Shintech denies the allegations in Paragraph 160.

161.     Shintech denies the allegations in Paragraph 161.

162.     The allegations in Paragraph 162 contain legal conclusions to which no response is required. To the extent a response is deemed required, Shintech denies the allegations in Paragraph 162.

163.     The allegations in Paragraph 163 contain legal conclusions to which no response is required. To the extent a response is deemed required, Shintech denies the allegations in Paragraph 163.

164.     Shintech denies the allegations in Paragraph 164.

165.     Shintech denies the allegations in Paragraph 165.

166.     Shintech denies the allegations in Paragraph 166.

167.     Shintech denies the allegations in Paragraph 167.

168.     The allegations in Paragraph 168 contain legal conclusions to which no response is required. To the extent a response is deemed required, Shintech denies the allegations in Paragraph 168.

169.     The allegations in Paragraph 169 contain legal conclusions to which no response is required. To the extent a response is deemed required, Shintech denies the allegations in Paragraph 169.

170.     Shintech denies the allegations in Paragraph 170.

**Arizona**

171.     Shintech denies the allegations in Paragraph 171.

172.     Shintech denies the allegations in Paragraph 172.

173.     Shintech denies the allegations in Paragraph 173.

174.     Shintech denies the allegations in Paragraph 174.

175.     Shintech denies the allegations in Paragraph 175.

176.     Shintech denies the allegations in Paragraph 176.

177.     The allegations in Paragraph 177 contain legal conclusions to which no response is required. To the extent a response is deemed required, Shintech denies the allegations in Paragraph 177.

**Florida**

178.     Shintech denies the allegations in Paragraph 178.

179.     Shintech denies the allegations in Paragraph 179.

180.     Shintech denies the allegations in Paragraph 180.

181.     Shintech denies the allegations in Paragraph 181.

**Hawaii**

182.    Shintech denies the allegations in Paragraph 182.

183.    Shintech denies the allegations in Paragraph 183.

184.    Shintech denies the allegations in Paragraph 184.

**Illinois**

185.    Shintech denies the allegations in Paragraph 185.

186.    Shintech denies the allegations in Paragraph 186.

187.    Shintech denies the allegations in Paragraph 187.

188.    Shintech denies the allegations in Paragraph 188.

189.    The allegations in Paragraph 189 contain legal conclusions to which no response is required. To the extent a response is deemed required, Shintech denies the allegations in Paragraph 189.

**Iowa**

190.    Shintech denies the allegations in Paragraph 190.

191.    Shintech denies the allegations in Paragraph 191.

192.    Shintech denies the allegations in Paragraph 192.

193.    Shintech denies the allegations in Paragraph 193.

194.    Shintech denies the allegations in Paragraph 194.

**Maine**

195.    Shintech denies the allegations in Paragraph 195.

196.    Shintech denies the allegations in Paragraph 196.

197.    Shintech denies the allegations in Paragraph 197.

198.    Shintech denies the allegations in Paragraph 198.

199.   Shintech denies the allegations in Paragraph 199.

**Michigan**

200.   Shintech denies the allegations in Paragraph 200.

201.   Shintech denies the allegations in Paragraph 201.

202.   Shintech denies the allegations in Paragraph 202.

203.   Shintech denies the allegations in Paragraph 203.

**Minnesota**

204.   Shintech denies the allegations in Paragraph 204.

205.   Shintech denies the allegations in Paragraph 205.

206.   Shintech denies the allegations in Paragraph 206.

207.   The allegations in Paragraph 207 contain legal conclusions to which no response

is required. To the extent a response is deemed required, Shintech denies the allegations in

Paragraph 207.

**Mississippi**

208.   Shintech denies the allegations in Paragraph 208.

209.   Shintech denies the allegations in Paragraph 209.

**Nebraska**

210.   Shintech denies the allegations in Paragraph 210.

211.   Shintech denies the allegations in Paragraph 211.

212.   Shintech denies the allegations in Paragraph 212.

**Nevada**

213.   Shintech denies the allegations in Paragraph 213.

214.   Shintech denies the allegations in Paragraph 214.

215.    Shintech denies the allegations in Paragraph 215.

216.    Shintech denies the allegations in Paragraph 216.

217.    Shintech denies the allegations in Paragraph 217.

218.    The allegations in Paragraph 218 contain legal conclusions to which no response is required. To the extent a response is deemed required, Shintech denies the allegations in Paragraph 218.

**New Mexico**

219.    Shintech denies the allegations in Paragraph 219.

220.    Shintech denies the allegations in Paragraph 220.

221.    Shintech denies the allegations in Paragraph 221.

**New York**

222.    Shintech denies the allegations in Paragraph 222.

223.    Shintech denies the allegations in Paragraph 223.

224.    Shintech denies the allegations in Paragraph 224.

225.    Shintech denies the allegations in Paragraph 225.

226.    Shintech denies the allegations in Paragraph 226.

227.    The allegations in Paragraph 227 contain legal conclusions to which no response is required. To the extent a response is deemed required, Shintech denies the allegations in Paragraph 227.

**North Dakota**

228.    Shintech denies the allegations in Paragraph 228.

229.    Shintech denies the allegations in Paragraph 229.

230.    Shintech denies the allegations in Paragraph 230.

231.    Shintech denies the allegations in Paragraph 231.

232.    Shintech denies the allegations in Paragraph 232.

233.    Shintech denies the allegations in Paragraph 233.

234.    The allegations in Paragraph 234 contain legal conclusions to which no response is required. To the extent a response is deemed required, Shintech denies the allegations in Paragraph 234.

**Oregon**

235.    Shintech denies the allegations in Paragraph 235.

236.    Shintech denies the allegations in Paragraph 236.

237.    Shintech denies the allegations in Paragraph 237.

238.    Shintech denies the allegations in Paragraph 238.

**Rhode Island**

239.    Shintech denies the allegations in Paragraph 239.

240.    Shintech denies the allegations in Paragraph 240.

241.    Shintech denies the allegations in Paragraph 241.

242.    Shintech denies the allegations in Paragraph 242.

**South Dakota**

243.    Shintech denies the allegations in Paragraph 243.

244.    Shintech denies the allegations in Paragraph 244.

245.    Shintech denies the allegations in Paragraph 245.

246.    Shintech denies the allegations in Paragraph 246.

247.    The allegations in Paragraph 247 contain legal conclusions to which no response is required. To the extent a response is deemed required, Shintech denies the allegations in Paragraph 247.

**Utah**

248.    Shintech denies the allegations in Paragraph 248.

249.    Shintech denies the allegations in Paragraph 249.

250.    Shintech denies the allegations in Paragraph 250.

251.    Shintech denies the allegations in Paragraph 251.

252.    The allegations in Paragraph 252 contain legal conclusions to which no response is required. To the extent a response is deemed required, Shintech denies the allegations in Paragraph 252.

**Vermont**

253.    Shintech denies the allegations in Paragraph 253.

254.    Shintech denies the allegations in Paragraph 254.

255.    Shintech denies the allegations in Paragraph 255.

256.    Shintech denies the allegations in Paragraph 256.

**West Virginia**

257.    Shintech denies the allegations in Paragraph 257.

258.    Shintech denies the allegations in Paragraph 258.

259.    Shintech denies the allegations in Paragraph 259.

260.    Shintech denies the allegations in Paragraph 260.

**Wisconsin**

261.    Shintech denies the allegations in Paragraph 261.

262.     Shintech denies the allegations in Paragraph 262.

263.     Shintech denies the allegations in Paragraph 263.

264.     Shintech denies the allegations in Paragraph 264.

Shintech denies each and every allegation contained in the Amended Consolidated Class Action Complaint not specifically and expressly admitted above.

## AFFIRMATIVE AND OTHER DEFENSES

In further Answer to the Amended Consolidated Class Action Complaint, Shintech asserts the following affirmative and other defenses upon information and belief. In asserting these defenses, Shintech does not assume the burden of proof as to matters that, pursuant to law, are Plaintiffs' burden to prove. Shintech asserts these defenses under each federal and state law under which Plaintiffs bring their claims, to the fullest extent each such defense is recognized. Shintech reserves the right to assert any additional defenses it discovers during the course of this litigation.

## FIRST DEFENSE: ULTRA VIRES

Plaintiffs' and putative class members' claims are barred, in whole or in part, because to the extent that any employee or agent of Shintech engaged in any unlawful act or omission, which Shintech expressly denies, any such act or omission would have been committed by individuals acting *ultra vires*.

## SECOND DEFENSE: NO LIABILITY FOR ACTS OF OTHER

Plaintiffs' claims are barred, in whole or in part, because Shintech is not liable for the acts of any other Defendant.

## THIRD DEFENSE: PASS-THROUGH

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs passed on to other purchasers or sellers some or all of the alleged overcharge.

## FOURTH DEFENSE: STATUTE OF LIMITATIONS

Plaintiffs' claims are barred, in whole or in part, by applicable statutes of limitations.

## FIFTH DEFENSE: DUPLICATIVE DAMAGES

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' asserted damages are duplicative of the damages sought by a putative class of direct purchaser plaintiffs whose damages are based on the same alleged conduct that Plaintiffs base their damages on here.

## PRAYER FOR RELIEF

WHEREFORE, defendant, Shintech Incorporated, demands judgment dismissing the Amended Consolidated Class Action Complaint, together with its attorney's fees, and the costs and disbursements of this action.

Dated: September 9, 2022                Respectfully Submitted,

*/s/ Richard B. Dagen* _____

Richard B. Dagen
John DeQ. Briggs
AXINN, VELTROP &
HARKRIDER LLP
1901 L Street NW
Washington, DC 20036
Tel: (202) 912-4700
rdagen@axinn.com
jbriggs@axinn.com

Randall D. White
CONNORS LLP
1000 Liberty Building
424 Main Street
Buffalo, NY 14202
Tel: (716) 852-5533
rdw@connorsllp.com

*Counsel for Defendant Shintech*
*Incorporated*