## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **IN RE CAUSTIC SODA ANTITRUST LITIGATION** | **Lead Case No.: 1:19-cv-00385-EAW-MJR** |
| **THIS DOCUMENT RELATES TO:**<br><br>**ALL INDIRECT PURCHASER ACTIONS** | **HON. ELIZABETH WOLFORD**<br><br>**OLIN CORPORATION AND K.A. STEEL CHEMICALS ANSWER TO INDIRECT PURCHASER PLAINTIFFS' AMENDED CONSOLIDATED CLASS ACTION COMPLAINT FOR VIOLATION OF THE FEDERAL ANTITRUST LAWS** |

Defendant Olin Corporation ("Olin") and K.A. Steel Chemicals ("K.A. Steel"),[1] by and through its undersigned counsel, hereby answers and sets forth affirmative defenses to the Consolidated Class Action Complaint (Dkt. No. 335) brought by Plaintiffs The Tripp Plating Works, Inc., Precious Plate, Inc., and Finch Paper, LLC ("Plaintiffs").  Olin answers the allegations of the Amended Consolidated Complaint as follows:

If an allegation is not specifically admitted, it is denied.

### NATURE OF THE ACTION[2]

---

[1]     References to "Olin" in this Answer should be read to refer to both Olin and K.A. Steel unless context indicates otherwise.

[2]     Olin also states that it is not required to respond to the headings and subheadings within the Consolidated Class Action Complaint ("Consolidated Complaint").  To the extent a response is required, Olin denies any allegations in the headings or subheadings of the Consolidated Complaint. The headings reproduced herein are included solely for reference.

1.      Olin denies all allegations in Paragraph 1 related to Olin.  Olin lacks sufficient information or knowledge to admit or deny any allegations in Paragraph 1 relating to any other Defendant, and therefore denies those allegations.

2.      Olin admits the first two sentences in Paragraph 2 of the Complaint and denies the allegations in the third sentence of Paragraph 2.

3.      Olin denies all allegations in Paragraph 3 related to Olin.  Olin lacks sufficient information or knowledge to admit or deny any allegations in Paragraph 3 relating to any other Defendant, and therefore denies those allegations.

4.      Olin denies all allegations in Paragraph 4 related to Olin.  Olin lacks sufficient information or knowledge to admit or deny any allegations in Paragraph 4 relating to any other Defendant, and therefore denies those allegations.

5.      Olin denies all allegations in Paragraph 5 related to Olin.  Olin lacks sufficient information or knowledge to admit or deny any allegations in Paragraph 5 relating to any other Defendant, and therefore denies those allegations.

## JURISDICTION AND VENUE

6.      Paragraph 6 states legal conclusions that do not require a response.  To the extent a response is required, Olin denies the allegations.

7.      Paragraph 7 states legal conclusions that do not require a response.  To the extent a response is required, Olin does not contest the jurisdiction of the Court in this case.

8.      Paragraph 8 states legal conclusions that do not require a response.  To the extent a response is required, Olin denies the allegations in Paragraph 8 to the extent they are directed at Olin.  Olin does not contest that jurisdiction and venue are proper in this case.

## CLASS ACTION ALLEGATIONS

9.      Paragraph 9 states legal conclusions that do not require a response.  To the extent a response is required, Olin denies the allegations in Paragraph 9.  Olin further denies that Plaintiffs' action can be maintained as a class action.

10.     Paragraph 10 states legal conclusions that do not require a response.  To the extent a response is required, Olin denies the allegations in Paragraph 10.

11.     Paragraph 11 states legal conclusions that do not require a response.  To the extent a response is required, Olin denies allegations in Paragraph 11.

12.     Paragraph 12 states legal conclusions that do not require a response.  To the extent a response is required, Olin denies the allegations in Paragraph 12.

13.     Paragraph 13 states legal conclusions that do not require a response.  To the extent a response is required, Olin denies the allegations in Paragraph 13.

14.     Paragraph 14 states legal conclusions that do not require a response.  To the extent a response is required, Olin denies the allegations in Paragraph 14.

15.     Paragraph 15 states legal conclusions that do not require a response.  To the extent a response is required, Olin denies the allegations in Paragraph 15.

16.     Paragraph 16 states legal conclusions that do not require a response.  To the extent a response is required, Olin denies the allegations in Paragraph 16.

17.     Paragraph 17 states legal conclusions that do not require a response.  To the extent a response is required, Olin denies the allegations in Paragraph 17.

## PARTIES

### Plaintiffs

18. Olin lacks sufficient information or knowledge to admit or deny the allegations in the first sentence of Paragraph 18, and therefore denies the allegations. Olin denies the allegations in the second sentence of Paragraph 18.

19. Olin lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 19, and therefore denies the allegations.

20. Olin lacks sufficient information or knowledge to admit or deny the allegations in the first sentence of Paragraph 20, and therefore denies the allegations. Olin denies the allegations in the second sentence of Paragraph 20.

### Defendants

**1.   Olin Defendants**

20. Olin admits that it is a Virginia corporation with its principal place of business at 190 Carondelet Plaza, Suite 1530, Clayton, MO, 63105. It denies that its full Zip Code is 63105-3443.[3] Olin admits that it manufactures, sells, and distributes Caustic Soda. Olin admits that certain of its subsidiaries manufacture, sell, or distribute Caustic Soda in the United States. Olin admits that it manufactures Caustic Soda at locations in the United States, including Niagara Falls, NY; Alabama; Louisiana; Tennessee; and Texas. Olin admits that it sells Caustic Soda nationwide. Olin admits that on October 5, 2015, Olin completed the merger of The Dow Chemical Company's U.S. Chlor-Alkali and Vinyl, Global Chlorinated Organics and Global Epoxy businesses with Olin. Olin denies that the deal was valued at $5.5 billion. Olin admits that as a result of acquisition it became the largest chlor-alkali producer in the U.S. Olin admits that its income from continuing

---

[3] The correct full Zip Code is 63105-3467.

operations before taxes for its "Chlor Alkali Products" segment declined year-over-year from 2012-2015. Olin admits that in 2016 it began reporting income from continuing operations before taxes for its "Chlor Alkali Products and Vinyls Segment." Olin admits that this segment had $115.5 million in income from continuing operations before taxes in 2015, $224.9 million in 2016, and $405.8 million in 2017. Any remaining allegations in Paragraph 20 are denied. To the extent the allegations in Paragraph 20 are legal conclusions or not statements of fact, no response is required, but nevertheless they are denied.

K.A. Steel lacks sufficient first-hand knowledge to form a reasonable belief as to the truth or falsity of the allegations in Paragraph 20 that relate to Olin, and therefore denies them.[4]

21.     Admitted.

22.     Paragraph 22 does not contain allegations that require a response.   Olin acknowledges that Plaintiffs refer to Defendants Olin Corporation and K.A. Steel Chemicals, Inc., in the manner stated in Paragraph 22.

**2.     OxyChem Defendants**

23.     Olin lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 23, and therefore denies the allegations.

24.     Olin lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 24, and therefore denies the allegations.

**3.     Westlake**

25.     Olin lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 25, and therefore denies the allegations.

**4.     Shintech Defendants**

---

[4] Plaintiffs' Complaint includes two paragraphs numbered Paragraph 20.  Olin's answer uses the numbering convention in Plaintiffs' Complaint.

26.     Olin lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 26, and therefore denies the allegations.

27.     Olin lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 27, and therefore denies the allegations.

28.     Olin lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 28, and therefore denies the allegations.

29.     Paragraph 29 states a legal conclusion and does not require a response.  To the extent an answer is required, Olin admits that Plaintiffs certify the information contained in Paragraph 29.  Olin lacks sufficient information to admit or deny the remaining allegations in Paragraph 29, and therefore denies those allegations.

**5.     Formosa Plastics Defendants**

30.     Olin lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 30, and therefore denies the allegations.

31.     Paragraph 31 states a legal conclusion and does not require a response.  To the extent an answer is required, Olin admits that Plaintiffs certify the information contained in Paragraph 31.  Olin lacks sufficient information to admit or deny the remaining allegations in Paragraph 31, and therefore denies those allegations.

32.     Olin lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 31, and therefore denies the allegations.

## AGENTS AND CO-CONSPIRATORS

33.     Olin denies all allegations in Paragraph 33 related to Olin.  Olin lacks sufficient information or knowledge to admit or deny any allegations in Paragraph 33 relating to any other Defendant, and therefore denies those allegations.

34.     Olin denies all allegations in Paragraph 34 related to Olin.  Olin lacks sufficient information or knowledge to admit or deny any allegations in Paragraph 34 relating to any other Defendant, and therefore denies those allegations.

35.     Olin denies all allegations in Paragraph 35 related to Olin.  Olin lacks sufficient information or knowledge to admit or deny any allegations in Paragraph 35 relating to any other Defendant, and therefore denies those allegations.

## **TRADE AND COMMERCE**

36.     Paragraph 36 states legal conclusions that do not require a response.  To the extent a response is required, Olin denies the allegations in Paragraph 36 directed at Olin, except Olin admits that certain of its subsidiaries and/or its affiliates have sold Caustic Soda in the United States, including to purchasers who received shipment in this judicial district.  Olin lacks sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 36, including those allegations relating to any other Defendant, and therefore denies those allegations.

37.     Paragraph 37 states legal conclusions that do not require a response.  To the extent a response is required, Olin denies the allegations in Paragraph 37.

38.     Paragraph 38 states legal conclusions that do not require a response.  To the extent a response is required, Olin denies the allegations in Paragraph 38 to the extent the allegations are directed at Olin, except Olin admits that its business activities were in the flow of interstate trade and commerce in the United States.  Olin lacks sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 38, including those allegations relating to any other Defendant, and therefore denies those allegations.

39.     Olin denies the allegations in Paragraph 39 to the extent they are directed at Olin. Olin lacks sufficient information or knowledge to admit or deny any allegations in Paragraph 39 relating to any other Defendant, and therefore denies those allegations.

## FACTUAL ALLEGATIONS

## I.     THE CAUSTIC SODA MARKET

40.     Olin admits the allegations in the first, second, third, and sixth sentences of Paragraph 42 but denies the remaining allegations in Paragraph 42 of the Complaint as they relate to Olin. As to other Defendants or third parties, Olin lacks sufficient first-hand knowledge to form a reasonable belief as to the truth or falsity of the allegations, and therefore deny them.

41.     In response to Paragraph 41, Olin admits that electricity and salt are used to produce Caustic Soda.  Olin lacks sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 41, including those allegations relating to any other Defendant, and therefore denies those allegations.

42.     In response to Paragraph 42, Olin admits that it acquired Dow's chloralkali business in 2015.  Olin lacks sufficient information to admit or deny the remaining allegations in Paragraph 42, and therefore denies those allegations.  As to Paragraph 42's references to any writings, such materials speak for themselves, and Olin disputes any characterizations of them.

43.     Olin lacks sufficient information to admit or deny the allegations in Paragraph 43, and therefore denies the allegations.

44.     Olin lacks sufficient information to admit or deny the allegations in Paragraph 44, and therefore denies the allegations.

45.     In response to Paragraph 45, Olin admits that in December 2013, it announced the start-up of a new Chlor-Alkali plant at its manufacturing complex in Geismar, Louisiana, and in

2014 Olin acquired a German entity with Caustic Soda capacity. Olin denies the allegations in the second sentence in Paragraph 45 to the extent they are directed at Olin. Olin denies the third sentence of Paragraph 45. Olin lacks sufficient information to admit or deny the remaining allegations in Paragraph 45, including those allegations relating to any other Defendant, and therefore denies those allegations. Where Paragraph 45 refers to any writings, such materials speak for themselves, and Olin disputes any characterizations of them.

46.      Olin admits that on October 5, 2015, Olin completed the merger of The Dow Chemical Company's U.S. Chlor-Alkali and Vinyl, Global Chlorinated Organics and Global. Epoxy businesses with Olin. Olin also admits that on November 2, 2015, it issued a press release stating, in part, "Olin is evaluating idling or permanently closing approximately 250,000 tons to 450,000 tons of its chlor alkali capacity. We expect to provide more specifics in the first quarter of 2016." Olin refers Plaintiffs to the document itself for a copy of the complete language. Olin also admits that it issued a press release on March 21, 2016 stating, in part, that it had "plans to close a combined total of 433,000 tons of chlor alkali capacity across three separate Olin locations." Olin refers Plaintiffs to the document itself for a copy of the complete language. Finally, Olin admits that its chlor alkali plants have experienced temporary shutdowns for plant maintenance and outages (planned and unplanned). Olin denies that it participated in any "coordinated" capacity cuts with any other Defendant or third party, or that it was influenced to "cut production" by Axiall in any way. Olin denies the remaining allegations in Paragraph 46 to the extent they are directed at Olin. To the extent that the allegations in Paragraph 46 pertain to other Defendants, third parties, or an undefined "market," Olin lacks sufficient first-hand knowledge to form a reasonable belief as to the truth or falsity of the allegations, and therefore denies them.

47.     Olin admits that it has announced temporarily reduced operating rates at its chlor alkali plants for planned or unplanned maintenance. Olin also admits that its February 7, 2018 investor presentation states, in part, "North American chlor alkali capacity reductions, no capacity additions expected in the next two to three years"; "European mercury cell chlor-alkali production ban resulted in net capacity closure of .6 million tons in 2017 and 1.2 million tons over the last 5 years"; "Increasing caustic soda exports from North America; 2018 volumes are forecast to increase from record levels in 2017"; and "Lower caustic soda exports from China." Olin refers Plaintiffs to the document itself for a copy of the complete language. Olin denies the remaining allegations in Paragraph 47 to the extent they are directed at Olin. To the extent that the allegations in Paragraph 47 pertain to other Defendants, Olin lacks sufficient first-hand knowledge to form a reasonable belief as to the truth or falsity of the allegations, and therefore denies them.

48.     Olin denies that it "artificially limited" caustic soda supply in any way. Olin admits that on October 5, 2015, Olin completed the merger of The Dow Chemical Company's U.S. Chlor-Alkali and Vinyl, Global Chlorinated Organics and Global Epoxy businesses with Olin. Olin denies the remaining allegations in Paragraph 48 to the extent they are directed at Olin. To the extent that the allegations in Paragraph 48 relate to other Defendants, customers, undefined "domestic supply," or undefined "domestic capacity," Olin lacks sufficient first-hand knowledge to form a reasonable belief as to the truth or falsity of the allegations, and therefore denies them.

49.     Olin denies that it participated in "collective, coordinated capacity rationalization efforts" or "coordinated limitation of domestic supply." Olin admits that its 2017 Form 10-K dated February 26, 2018 stated that its income before taxes of its Chlor Alkali Products and Vinyls segment in 2017 was $405.8 million. Olin denies the remaining allegations in Paragraph 49 to the extent they are directed at Olin. To the extent that the allegations in Paragraph 49 pertain to other

Defendants, third parties, a generic "industry," or generic "U.S. exports," Olin lacks sufficient first-hand knowledge to form a reasonable belief as to the truth or falsity of the allegations, and therefore denies them.

50.     Olin denies all allegations in Paragraph 50 related to Olin.  Olin lacks sufficient information or knowledge to admit or deny any allegations in Paragraph 50 relating to any other Defendant, and therefore denies those allegations.

51.     Olin denies all allegations in Paragraph 51 related to Olin.  Olin lacks sufficient information or knowledge to admit or deny any allegations in Paragraph 51 relating to any other Defendant, and therefore denies those allegations.

## II.     HISTORY OF PRICE INCREASES

52.     Olin denies the allegations in the last sentence in Paragraph 52.  Olin lacks sufficient information to admit or deny the remaining allegations in Paragraph 52, including those allegations relating to any other Defendant, and therefore denies those allegations.

### A.     2015 PRICING

53.     Olin denies that it entered into any "conspiracy" or participated in any "anti-competitive conduct" with any Defendant or unidentified co-conspirator. Olin admits that on October 5, 2015, Olin completed the merger of The Dow Chemical Company's U.S. Chlor-Alkali and Vinyl, Global Chlorinated Organics and Global Epoxy businesses with Olin. Olin denies the remaining allegations in Paragraph 53 to the extent they are directed at Olin. To the extent that the allegations in Paragraph 53 pertain to other Defendants, unidentified co-conspirators, or customers, Olin lacks sufficient first-hand knowledge to form a reasonable belief as to the truth or falsity of the allegations, and therefore denies them.

54.     Olin denies the allegations in Paragraph 54 that are directed at Olin. To the extent that the allegations in Paragraph 54 pertain to other Defendants, customers, generic "Caustic Soda prices," or unidentified third-party indices, Olin lacks sufficient first-hand knowledge to form a reasonable belief as to the truth or falsity of the allegations, and therefore denies them.

55.     Olin denies that it was influenced to "shut down capacity" by Axiall in any way. Olin denies the remaining allegations in Paragraph 55 that are directed at Olin. To the extent that the allegations in Paragraph 55 pertain to other Defendants, Axiall, a third-party publication, unidentified "U.S. producers," or a generic "industry," Olin lacks sufficient first-hand knowledge to form a reasonable belief as to the truth or falsity of the allegations, and therefore denies them.

56.     Olin admits that it communicated pricing announcements to customers in November 2015 and responds that the announcements speak for themselves. Olin denies the remaining allegations in Paragraph 56 that are directed at Olin. To the extent that the allegations in Paragraph 56 pertain to other Defendants, customers, a generic "Caustic Soda price increase," or generic "average price level," Olin lacks sufficient first-hand knowledge to form a reasonable belief as to the truth or falsity of the allegations, and therefore denies them.

**B.     2016 PRICING**

57.     Olin denies that it "worked together . . . to increase Caustic Soda prices" with any other Defendant or unnamed co-conspirator. Olin admits that it communicated pricing announcements to customers in 2016 and responds that the announcements speak for themselves. Olin denies the remaining allegations in Paragraph 57 that are directed at Olin. To the extent that the allegations in Paragraph 57 pertain to other Defendants, customers, third party indices, or generic "Caustic Soda prices," Olin lacks sufficient first-hand knowledge to form a reasonable belief as to the truth or falsity of the allegations, and therefore denies them.

58.     Olin admits that its 2016 Fourth Quarter Earnings Conference Call took place on February 1, 2017 and responds that the complete transcript of that call speaks for itself.

59.     Olin lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 59, and therefore denies the allegations.

60.     Olin denies that it misled customers in any way. Olin admits that it has filed a Form 10-K report each year for the timeframe 2009 to 2016 and refers Plaintiffs to the texts of those reports, which speak for themselves. Olin denies that it "controlled domestic production" with other Defendants and "had been managing it since 2015." Olin further denies that it participated in any "conspiratorial capacity shutdowns." Olin denies the remaining allegations in Paragraph 60 that relate to Olin. To the extent they pertain to other Defendants, customers, other third parties, and generic "Caustic Soda prices," Olin lacks sufficient first-hand knowledge to form a reasonable belief as to the truth or falsity of the allegations in Paragraph 60, and therefore denies them.

### C.     2017 PRICING

61.     Olin admits that it communicated pricing announcements to customers in February and May 2017 and responds that the announcements speak for themselves. Olin denies the remaining allegations in Paragraph 61 that relate to Olin. To the extent they pertain to other Defendants and customers, Olin lacks sufficient first-hand knowledge to form a reasonable belief as to the truth or falsity of the allegations in Paragraph 61, and therefore denies them.

62.     Olin admits that it communicated pricing announcements to customers in August 2017 and responds that the announcements speak for themselves. Olin also admits that the income before taxes of its Chlor-Alkali Products and Vinyls segment was $129.7 million for the third quarter of 2017 and $53.7 million for the third quarter of 2016. Olin denies the remaining allegations in Paragraph 62 to the extent they relate to Olin. To the extent they relate to other

Defendants, Olin lacks sufficient first-hand knowledge to form a reasonable belief as to the truth or falsity of the allegations in Paragraph 62, and therefore denies them.

63.     Olin admits that it communicated pricing announcements to customers in November 2017 and responds that the announcements speak for themselves. Olin denies the remaining allegations in Paragraph 63 to the extent they relate to Olin. To the extent they pertain to other Defendants and calls by unidentified entities and people to unidentified customers, Olin lacks sufficient first-hand knowledge to form a reasonable belief as to the truth or falsity of the allegations in Paragraph 63, and therefore denies them.

64.     Olin admits that a press release dated Feb. 6, 2018 contains the quoted language in the second sentence. Olin denies the remaining allegations in Paragraph 64 to the extent they relate to Olin. To the extent they pertain to other Defendants, customers, third-party indices, or generic "Caustic Soda prices," Olin lacks sufficient first-hand knowledge to form a reasonable belief as to the truth or falsity of the allegations in Paragraph 64, and therefore denies them.

65.     Olin lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 65, and therefore denies the allegations.  To the extent Paragraph 65's allegations refer to any writings, such materials speak for themselves, and Olin disputes any characterizations of them.

**D.     2018 PRICING**

66.     Olin admits the second and third sentences of Paragraph 66. Olin lacks sufficient first-hand knowledge to form a reasonable belief as to the truth or falsity of the remaining allegations in Paragraph 66, and therefore denies them.

67.     Olin admits that it communicated pricing announcements to customers in February 2018 and responds that the announcements speak for themselves. Olin denies the remaining

allegations in Paragraph 67 to the extent they relate to Olin. To the extent they pertain to other Defendants, Olin lacks sufficient first-hand knowledge to form a reasonable belief as to the truth or falsity of the remaining allegations in Paragraph 67, and therefore denies them.

68.     Olin admits that it issued a press release on May 1, 2018 and avers that the document speaks for itself. Olin also admits that it communicated pricing announcements to customers in May 2018 and responds that the announcements speak for themselves. Olin denies the remaining allegations in Paragraph 68 to the extent they relate to Olin. To the extent they pertain to other Defendants, Olin lacks sufficient first-hand knowledge to form a reasonable belief as to the truth or falsity of the allegations in Paragraph 68, and therefore denies them.

69.     Olin admits that it communicated pricing announcements to customers on or about August 28, 2018 and responds that the announcements speak for themselves. Olin denies the remaining allegations in Paragraph 69 to the extent they relate to Olin. To the extent they pertain to other Defendants or generic "industry excess capacity," Olin lacks sufficient first-hand knowledge to form a reasonable belief as to the truth or falsity of the allegations in Paragraph 69, and therefore denies them.

70.     Olin admits that it communicated pricing announcements to customers on or about November 27, 2018 and responds that the announcements speak for themselves. Olin denies the remaining allegations in Paragraph 70 to the extent they relate to Olin.  Olin lacks sufficient first-hand knowledge to form a reasonable belief as to the truth or falsity of the remaining allegations in Paragraph 70, which relate to other Defendants, and therefore denies them.

71.     Olin admits that its operating income for the three months ended June 30 was higher in 2018 than 2017. Olin lacks sufficient first-hand knowledge to form a reasonable belief as to the truth or falsity of the remaining allegations and therefore deny them.

### E.        2019 PRICING

72.      Olin admits that it communicated pricing announcements to customers on or around February 20, 2019 and responds that the announcements speak for themselves. Olin denies the remaining allegations in Paragraph 72 to the extent they relate to Olin. Olin lacks sufficient first-hand knowledge to form a reasonable belief as to the truth or falsity of the remaining allegations in Paragraph 72, which relate to other Defendants, and therefore denies them.

73.      Olin denies that it participated in a "cartel." Olin admits that its 2018 Fourth Quarter Earnings Conference Call took place on February 5, 2019 and refers Plaintiffs to the complete transcript of that call, which speaks for itself. Olin also admits that it published an investor presentation dated February 14, 2019, which also speaks for itself. Olin denies the remaining allegations in Paragraph 73 to the extent they relate to Olin. To the extent they pertain to other Defendants, generic "costs," generic "industry excess capacity," generic "demand," or third-party IHS Markit and its alleged "control" over "the industry's price index," Olin lacks sufficient first-hand knowledge to form a reasonable belief as to the truth or falsity of the allegations in Paragraph 73, and therefore denies them.

### F.        PRICING AND MARGIN SUMMARY

74.      Olin admits that it communicated pricing announcements to customers on or around the time periods in the first column of the chart in Paragraph 74 and responds that the announcements speak for themselves. Olin denies the allegations in Paragraph 74, and every other Paragraph in the Complaint, to the extent they suggest that price increase announcements are synonymous with realized price increases to customers. Olin denies the remaining allegations in Paragraph 74, to the extent they pertain to Olin. To the extent they relate to other Defendants and

customers, Olin lacks sufficient first- hand knowledge to form a reasonable belief as to the truth or falsity of the allegations in Paragraph 74, and therefore denies them.

75.     Olin lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 75, and therefore denies the allegations.

76.     Olin denies the allegations in Paragraph 76 that are directed at Olin.  Olin lacks sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 76, including those allegations relating to any other Defendant, and therefore denies those allegations.

77.     Olin lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 77, and therefore denies the allegations.

78.     Olin admits that its 2017 Fourth Quarter Earnings Call took place on February 7, 2018 and refers Plaintiffs to the transcript of that call and the accompanying presentation, which speak for themselves. Similarly, Olin admits that its 2018 Second Quarter Earnings Call took place on August 1, 2018 and refers Plaintiffs to the transcript of that call and the accompanying presentation, which speak for themselves. Finally, Olin admits that it has filed Form 10-K annual reports each year for the timeframe 2012 to the present, and refers Plaintiffs to those documents, which speak for themselves. Olin denies the remaining allegations in Paragraph 78 to the extent they relate to Olin. To the extent they pertain to other Defendants, generic "sales of Caustic Soda," or generic "Caustic Soda prices," Olin lacks sufficient first-hand knowledge to form a reasonable belief as to the truth or falsity of the allegations in Paragraph 78, and therefore denies them.

79.     Olin lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 79, and therefore denies the allegations.

80.     Olin lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 80, and therefore denies the allegations.

81.      Olin lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 81, and therefore denies the allegations.

82.      Olin lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 82, and therefore denies the allegations.

83.      Olin denies the allegations in the first, second, and last sentences in Paragraph 83 that are directed at Olin.  Olin lacks sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 83, including those allegations relating to any other Defendant, and therefore denies those allegations.

84.      Olin denies the allegations in Paragraph 84 that are directed at Olin.  Olin lacks sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 84, including those allegations relating to any other Defendant, and therefore denies those allegations.

85.      Olin denies that it misled any customers or participated in any unlawful "meetings and agreements" with other Defendants. Olin denies that it participated in any "manipulation of a price index" or "information exchanges of commercially sensitive, confidential business information" with other Defendants. Olin admits that its 2018 Fourth Quarter Earnings Conference Call took place on February 5, 2019 and refers Plaintiffs to the transcript of that call, which speaks for itself. Olin denies the remaining allegations in Paragraph 85, to the extent they pertain to Olin. To the extent they relate to other Defendants and customers, Olin lack sufficient first-hand knowledge to form a reasonable belief as to the truth or falsity of the allegations in Paragraph 85, and therefore denies them.

86.      Olin denies the allegations in Paragraph 86 that are directed at Olin, except Olin admits that at various times certain Olin subsidiaries and/or affiliates have sold Caustic Soda for export.  Olin lacks sufficient information or knowledge to admit or deny the remaining allegations

in Paragraph 86, including those allegations relating to any other Defendant, and therefore denies those allegations.

## III.   DEFENDANTS' ANTICOMPETITIVE ACTIVITIES AND AGREEMENTS

87.     Olin denies the allegations in Paragraph 87 that are directed at Olin.  Olin lacks sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 89, including those allegations relating to any other Defendant, and therefore denies the allegations.

88.     Olin denies the allegations in Paragraph 88 that are directed at Olin, except Olin admits that some of its employees have attended conferences organized by various organizations or associations.  Olin lacks sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 88, including those allegations relating to any other Defendant, and therefore denies those allegations.

89.     In response to Paragraph 89, Olin admits that some Olin employees have attended certain American Fuel & Petrochemical Manufacturers ("AFPM") meetings, and that Olin, one or more of its subsidiaries, and/or one or more of its affiliates is a member of the AFPM.  Olin denies that any price increases by Olin resulted from coordination in pricing or production as alleged in Paragraph 89.  Olin lacks sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 89, including those allegations relating to any other Defendant, and therefore denies those allegations. To the extent Paragraph 89's allegations refer to any writings, such materials speak for themselves, and Olin disputes any characterizations of them.

90.     In response to Paragraph 90, Olin admits that Olin, one or more of its subsidiaries, and/or one or more of its affiliates is a member of the Chlorine Institute, and that some Olin employees have attended certain Chlorine Institute meetings. Olin denies that any price increases by Olin resulted from coordination in pricing or production as alleged in Paragraph 90.  Olin lacks

sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 90, including those allegations relating to any other Defendant, and therefore denies those allegations.

91.     Olin lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 91, and therefore denies the allegations, except Olin admits Olin admits its employees have attended and/or spoken at certain industry conferences, and that an employee spoke at the 2017 Global Chlor-Alkali Conference in Belgium, and its Vice President of Chlor-Alkali and Derivatives spoke at the 22nd World Chlor-Alkali Conference that occurred on June 21-22, 2018 in Singapore.

92.     Olin denies that it participated in any unlawful "Caustic Soda industry cooperation rather than competition." Olin admits that it purchases or has purchased caustic soda from one Defendant and has, at times, entered into exchange agreements for Caustic Soda with other producers and customers. Olin admits that it sells or has sold PVC precursor chemicals to at least one other Defendant or its affiliate. Olin denies the remaining allegations in Paragraph 92, to the extent they pertain to Olin. To the extent they pertain to other Defendants and third parties, Olin lacks sufficient first-hand knowledge to form a reasonable belief as to the truth or falsity of the allegations, and therefore denies them.

93.     Olin lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 93, and therefore denies the allegations, except Olin admits that some of its subsidiaries' and/or its affiliates' customers have contracts for Caustic Soda that refer to an IHS index and that IHS Markit has solicited limited information.

94.     Olin denies the allegations in Paragraph 94 that are directed at Olin.  Olin lacks sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 94, including those allegations relating to any other Defendant, and therefore denies those allegations.

95.     Olin denies that it "influenced" any index to make it "appear artificially inflated to many market participants." Olin denies the remaining allegations in Paragraph 95, to the extent they pertain to Olin. To the extent they pertain to other Defendants, IHS Markit, and customers, Olin lacks sufficient first- hand knowledge to form a reasonable belief as to the truth or falsity of the allegations, and therefore denies them.

96.     Olin denies the allegations in Paragraph 96 that are directed at Olin.  Olin lacks sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 96, including those allegations relating to any other Defendant, and therefore denies those allegations.

97.     Olin denies the allegations in Paragraph 97 that are directed at Olin.  Olin lacks sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 97, including those allegations relating to any other Defendant, and therefore denies those allegations.

98.     Olin denies that it "routinely exchanged confidential, commercially sensitive business information" with any other Defendants "in facilitation of an agreement or understanding to keep Caustic Soda prices high and supply limited in an effort to maximize profits as an industry." Olin admits that a February 7, 2018 investor presentation stated, in part, "North American chlor alkali capacity reductions, no capacity additions expected in the next two to three years"; "European mercury cell chlor-alkali production ban resulted in net capacity closure of .6 million tons in 2017 and 1.2 million tons over the last 5 years"; "Increasing caustic soda exports from North America; 2018 volumes are forecast to increase from record levels in 2017"; and "Lower caustic soda exports from China." Olin refers Plaintiffs to the document itself for a copy of the complete language. Olin denies that it could speak to investors about industry capacity "without having discussed industry capacity issues directly with (and received assurances from) their supposed competitors." Olin denies the remaining allegations in Paragraph 98, to the extent they

relate to Olin. To the extent they pertain to other Defendants or third parties, Olin lacks sufficient first-hand knowledge to form a reasonable belief as to the truth or falsity of the allegations, and therefore denies them.

99.      Olin denies the allegations in Paragraph 99 that are directed at Olin.  Olin lacks sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 99, including those allegations relating to any other Defendant, and therefore denies the allegations.

100.     Olin denies the allegations in Paragraph 100 that are directed at Olin.  Olin lacks sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 100, including those allegations relating to any other Defendant, and therefore denies those allegations.

101.     Olin denies the allegations in Paragraph 101 that are directed at Olin.  Olin lacks sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 101, including those allegations relating to any other Defendant, and therefore denies those allegations.

## IV.   INDUSTRY CHARACTERISTICS INDICATING AND FACILITATING DEFENDANTS' CONSPIRACY TO RESTRAIN TRADE

102.     Olin denies the allegations in Paragraph 102 that are directed at Olin except to admit that it sells to "a large number of purchasers."  Olin lacks sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 102, including those allegations relating to any other Defendant, and therefore denies those allegations.

### A.      Market Concentration

103.     Olin lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 103, and therefore denies the allegations.

104.     Olin lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 104, and therefore denies the allegations.

105.    Olin denies the allegations in Paragraph 105 that are directed at Olin.  Olin lacks sufficient information or knowledge to admit or deny any allegations in Paragraph 105 relating to any other Defendant, and therefore denies those allegations.

**B.      High Barriers to Entry**

106.    Olin lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 106, and therefore denies the allegations.

107.    Olin admits that as of the time it filed its Form 10-K for the period ending December 31, 2019, approximately 66 percent of its salt requirements for its Chlor Alkali Products and Vinyls segment are met by internal supply. Olin denies the remaining allegations that pertain to Olin. To the extent they pertain to other Defendants or third parties, Olin lacks sufficient first-hand knowledge to form a reasonable belief as to the truth or falsity of the allegations in Paragraph 107, and therefore denies them.

108.    Olin admits that the language in the final sentence of Paragraph 109 appears in its Form 10-K for the period ending December 31, 2015, dated March 1, 2016. Olin denies the remaining allegations in Paragraph 108 to the extent they pertain to Olin. To the extent they pertain to other Defendants or an unnamed "new entrant," Olin lacks sufficient first-hand knowledge to form a reasonable belief as to the truth or falsity of the allegations, and therefore denies them. To the extent the allegations are legal conclusions, no response is required, but nevertheless they are denied.

109.    Olin denies the allegations in Paragraph 111 that relate to Olin. To the extent they pertain to other Defendants or an unnamed "new market entrant," Olin lacks sufficient first-hand knowledge to form a reasonable belief as to the truth or falsity of the allegations, and therefore

denies them. To the extent the allegations are legal conclusions, no response is required, but nevertheless they are denied.

110.    Olin denies the allegations in Paragraph 110.

**C.    Interchangeability of Defendants' Caustic Soda Grades**

111.    Olin admits the allegations in the first sentence of Paragraph 111 that relate to Olin. Olin denies the remaining the remaining allegations in Paragraph 111 to the extent they relate to them. Olin lacks sufficient first-hand knowledge to form a reasonable belief as to the truth or falsity of the allegations in Paragraph 111 that pertain to other Defendants, and therefore denies them.

112.    Olin denies the allegations in the second sentence in Paragraph 112 to the extent the allegations are directed at Olin.  Olin lacks sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 112, including those allegations directed at any other Defendant, and therefore denies those allegations.

**D.    Inelastic Demand**

113.    Olin lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 113, and therefore denies the allegations.

114.    Olin lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 114, and therefore denies the allegations.

115.    Olin lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 115, and therefore denies the allegations.

**E.    Flat or Weak Demand**

116.    Olin lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 116, and therefore denies the allegations.

117.    Olin denies the allegations in Paragraph 117 that are directed at Olin.  Olin also denies that it was invited by any other Defendant to "idle or shut down capacity."  Olin lacks sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 117, including those allegations relating to any other Defendant, and therefore denies those allegations.

**F.      Large Number of Purchasers With Limited Purchasing Power**

118.    Olin lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 118, and therefore denies the allegations.

119.    Olin denies the allegations in Paragraph 119 that are directed at Olin, except Olin admits that certain of its subsidiaries and/or its affiliates have sold and sell to purchasers of Caustic Soda in the United States and elsewhere.  Olin lacks sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 119, including those allegations relating to any other Defendant, and therefore denies those allegations.

**G.      Ease of Information Sharing Among Defendants**

120.    Olin denies the allegations in Paragraph 120 that are directed at Olin.  Olin lacks sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 120, including those allegations relating to any other Defendant, and therefore denies those allegations.

121.    Olin denies the allegations in Paragraph 123 that relate to Olin. To the extent they pertain to other Defendants or third parties, Olin lacks sufficient first-hand knowledge to form a reasonable belief as to the truth or falsity of the allegations, and therefore deny them. To the extent the allegations are legal conclusions or the opinions of unidentified third-parties about economic theory or unidentified "cases involving cartels" in other unidentified "commodity industries," no response is required, but nevertheless they are denied.

122.    Olin denies the allegations in the second sentence of Paragraph 122 that are directed at Olin, except Olin admits that Olin, one or more of its subsidiaries, and/or one or more of its affiliates is currently a member of the Chlorine Institute, the Vinyl Institute, AFPM, and the Louisiana Chemical Association.  Olin lacks sufficient information or knowledge to admit or deny the remaining allegations, including those relating to any other Defendant, and therefore denies those allegations.  To the extent Paragraph 122's allegations refer to any writings, such materials speak for themselves, and Olin disputes any characterizations of them.

123.    Olin denies the allegations in Paragraph 123 that are directed at Olin.  Olin lacks sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 123, including those allegations relating to any other Defendant, and therefore denies those allegations.

124.    Olin denies the allegations in the last sentence of Paragraph 124 that are directed at Olin.  Olin lacks sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 124, including those allegations relating to any other Defendant, and therefore denies those allegations.

## V.    Effects of Defendants' Conspiracy On the U.S. Market for Caustic Soda and Injury to Plaintiffs and the Class

125.    Olin denies the allegations in Paragraph 125 that are directed at Olin.  Olin lacks sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 125, including those allegations relating to any other Defendant, and therefore denies those allegations.

126.    Olin denies the allegations in Paragraph 126 that are directed at Olin.  Olin lacks sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 126, including those allegations relating to any other Defendant, and therefore denies those allegations.

127.   Olin denies the allegations in Paragraph 127 that are directed at Olin.  Olin lacks sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 127, including those allegations relating to any other Defendant, and therefore denies the allegations.

## CLAIM FOR RELIEF

### FIRST CLAIM FOR RELIEF
### Violations of Section 1 of the Sherman Act,  U.S.C. § 1

128.   Olin repeats and incorporates by reference its answers to the preceding Paragraphs 1 through 127.

129.   Olin denies the allegations in Paragraph 129 as to Olin.  Olin lacks sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 129 as to any other Defendant, and therefore denies those allegations.

130.   Olin denies the allegations in Paragraph 130 as to Olin.  Olin lacks sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 130 as to any other Defendant, and therefore denies those allegations.

131.   Olin denies the allegations in Paragraph 131 as to Olin.  Olin lacks sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 131 as to any other Defendant, and therefore denies those allegations.

132.   Olin denies the allegations in Paragraph 132 as to Olin.  Olin lacks sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 132 as to any other Defendant, and therefore denies those allegations.

133.   Olin denies the allegations in Paragraph 133 as to Olin.  Olin lacks sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 133 as to any other Defendant, and therefore denies those allegations.

134.   Olin denies the allegations in Paragraph 134 as to Olin.  Olin lacks sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 134 as to any other Defendant, and therefore denies those allegations.

135.   Olin denies the allegations in Paragraph 135 as to Olin.  Olin lacks sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 135 as to any other Defendant, and therefore denies those allegations.

136.   Olin denies the allegations in Paragraph 136 as to Olin.  Olin lacks sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 136 as to any other Defendant, and therefore denies those allegations.

137.   Olin denies the allegations in Paragraph 137 as to Olin.  Olin lacks sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 137 as to any other Defendant, and therefore denies those allegations.

138.   Paragraph 138 states legal conclusions that do not require a response.  To the extent a response is required, Olin denies the allegations.

139.   Paragraph 139 states legal conclusions that do not require a response.  To the extent a response is required, Olin denies the allegations.

140.   Paragraph 140 states legal conclusions that do not require a response.  To the extent a response is required, Olin denies the allegations.

## SECOND CLAIM FOR RELIEF
### Restraint of Trade under State Law

141.   Olin repeats and incorporates by reference its answers to the preceding Paragraphs 1 through 140.

142.   Olin lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 142 and therefore denies those allegations.

143.     Olin lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 143 and therefore denies those allegations.

144.     Paragraph 144 states legal conclusions that do not require a response.  To the extent a response is required, Olin denies the allegations.

145.     Olin lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 145 and therefore denies those allegations.

146.     Olin denies the allegations in Paragraph 146.

147.     Olin denies the allegations in Paragraph 147 as to Olin.  Olin lacks sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 147 as to any other Defendant, and therefore denies those allegations..

## THIRD CLAIM FOR RELIEF
### Unfair and Deceptive Trade Practices Under State Law

148.     Olin repeats and incorporates by reference its answers to the preceding Paragraphs 1 through 147.

149.     Olin denies the allegations in Paragraph 149 as to Olin.  Olin lacks sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 149 as to any other Defendant, and therefore denies those allegations.

150.     Olin denies the allegations in Paragraph 150 as to Olin.  Olin lacks sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 150 as to any other Defendant, and therefore denies those allegations.

151.     Olin denies the allegations in Paragraph 151 as to Olin.  Olin lacks sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 151 as to any other Defendant, and therefore denies those allegations.

152.    Olin denies the allegations in Paragraph 152 as to Olin.  Olin lacks sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 152 as to any other Defendant, and therefore denies those allegations.

153.    Olin denies the allegations in Paragraph 153 as to Olin.  Olin lacks sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 153 as to any other Defendant, and therefore denies those allegations.

154.    Olin denies the allegations in Paragraph 154 as to Olin.  Olin lacks sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 154 as to any other Defendant, and therefore denies those allegations.

155.    Olin denies the allegations in Paragraph 155.

156.    Olin denies the allegations in Paragraph 156 as to Olin.  Olin lacks sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 156 as to any other Defendant, and therefore denies those allegations.

## FOURTH CLAIM FOR RELIEF
### Unjust Enrichment Under State Law

157.    Olin repeats and incorporates by reference its answers to the preceding Paragraphs 1 through 156.

158.    Paragraph 158 states legal conclusions that do not require a response.  To the extent a response is required, Olin denies the allegations.

159.    Olin denies the allegations in Paragraph 159 as to Olin.  Olin lacks sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 159 as to any other Defendant, and therefore denies those allegations.

160.    Olin denies the allegations in Paragraph 160 as to Olin.  Olin lacks sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 160 as to any other Defendant, and therefore denies those allegations.

161.    Olin denies the allegations in Paragraph 161 as to Olin.  Olin lacks sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 161 as to any other Defendant, and therefore denies those allegations.

162.    Paragraph 162 states legal conclusions that do not require a response.  To the extent a response is required, Olin denies the allegations.

163.    Paragraph 163 states legal conclusions that do not require a response.  To the extent a response is required, Olin denies the allegations.

164.    Paragraph 164 states legal conclusions that do not require a response.  To the extent a response is required, Olin denies the allegations.

165.    Olin denies the allegations in Paragraph 165 as to Olin.  Olin lacks sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 165 as to any other Defendant, and therefore denies those allegations.

166.     Paragraph 166 states legal conclusions that do not require a response.  To the extent a response is required, Olin denies the allegations.

167.    Olin denies the allegations in Paragraph 167 as to Olin.  Olin lacks sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 167 as to any other Defendant, and therefore denies those allegations.

168.    Paragraph 168 states legal conclusions that do not require a response.  To the extent a response is required, Olin denies the allegations.

169.     Paragraph 169 states legal conclusions that do not require a response.  To the extent a response is required, Olin denies the allegations.

170.     Olin denies the allegations in Paragraph 170 as to Olin.  Olin lacks sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 170 as to any other Defendant, and therefore denies those allegations.

**Arizona**

171.     Olin denies the allegations in Paragraph 171 as to Olin.  Olin lacks sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 171 as to any other Defendant, and therefore denies those allegations.

172.     Olin denies the allegations in Paragraph 172 as to Olin.  Olin lacks sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 172 as to any other Defendant, and therefore denies those allegations.

173.     Olin denies the allegations in Paragraph 173 as to Olin.  Olin lacks sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 173 as to any other Defendant, and therefore denies those allegations.

174.     Olin denies the allegations in Paragraph 174 as to Olin.  Olin lacks sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 174 as to any other Defendant, and therefore denies those allegations.

175.     Olin denies the allegations in Paragraph 175 as to Olin.  Olin lacks sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 175 as to any other Defendant, and therefore denies those allegations.

176.   Olin denies the allegations in Paragraph 176 as to Olin.  Olin lacks sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 176 as to any other Defendant, and therefore denies those allegations.

177.   Paragraph 177 states legal conclusions that do not require a response.  To the extent a response is required, Olin denies the allegations.

**Florida**

178.   Olin denies the allegations in Paragraph 178 as to Olin.  Olin lacks sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 178 as to any other Defendant, and therefore denies those allegations.

179. Olin denies the allegations in Paragraph 179 as to Olin.  Olin lacks sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 179 as to any other Defendant, and therefore denies those allegations.

180.   Olin denies the allegations in Paragraph 180 as to Olin.  Olin lacks sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 180 as to any other Defendant, and therefore denies those allegations.

181.   Paragraph 181 states legal conclusions that do not require a response.  To the extent a response is required, Olin denies the allegations.

**Hawaii**

182.   Olin denies the allegations in Paragraph 182 as to Olin.  Olin lacks sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 180 as to any other Defendant, and therefore denies those allegations.

183.    Olin denies the allegations in Paragraph 183 as to Olin.  Olin lacks sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 183 as to any other Defendant, and therefore denies those allegations.

184.    Paragraph 184 states legal conclusions that do not require a response.  To the extent a response is required, Olin denies the allegations.

**Illinois**

185.    Olin denies the allegations in Paragraph 185 as to Olin.  Olin lacks sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 185 as to any other Defendant, and therefore denies those allegations.

186.    Olin denies the allegations in Paragraph 186 as to Olin.  Olin lacks sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 186 as to any other Defendant, and therefore denies those allegations.

187.    Olin denies the allegations in Paragraph 187 as to Olin.  Olin lacks sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 187 as to any other Defendant, and therefore denies those allegations.

188.    Paragraph 188 states legal conclusions that do not require a response.  To the extent a response is required, Olin denies the allegations.

189.    Paragraph 189 states legal conclusions that do not require a response.  To the extent a response is required, Olin denies the allegations.

**Iowa**

190.    Olin denies the allegations in Paragraph 190 as to Olin.  Olin lacks sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 190 as to any other Defendant, and therefore denies those allegations.

191.    Olin denies the allegations in Paragraph 191 as to Olin.  Olin lacks sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 191 as to any other Defendant, and therefore denies those allegations.

192.    Olin denies the allegations in Paragraph 192 as to Olin.  Olin lacks sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 192 as to any other Defendant, and therefore denies those allegations.

193.    Olin denies the allegations in Paragraph 193 as to Olin.  Olin lacks sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 193 as to any other Defendant, and therefore denies those allegations.

194.    Paragraph 194 states legal conclusions that do not require a response.  To the extent a response is required, Olin denies the allegations.

**Maine**

195.    Olin denies the allegations in Paragraph 196 as to Olin.  Olin lacks sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 196 as to any other Defendant, and therefore denies those allegations.

196.    Olin denies the allegations in Paragraph 196 as to Olin.  Olin lacks sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 196 as to any other Defendant, and therefore denies those allegations.

197.    Olin denies the allegations in Paragraph 197 as to Olin.  Olin lacks sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 197 as to any other Defendant, and therefore denies those allegations.

198.    Olin denies the allegations in Paragraph 198 as to Olin.  Olin lacks sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 198 as to any other Defendant, and therefore denies those allegations.

199.    Olin denies the allegations in Paragraph 199 as to Olin.  Olin lacks sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 199 as to any other Defendant, and therefore denies those allegations.

**Michigan**

200.    Olin denies the allegations in Paragraph 200 as to Olin.  Olin lacks sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 200 as to any other Defendant, and therefore denies those allegations.

201.    Olin denies the allegations in Paragraph 201 as to Olin.  Olin lacks sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 201 as to any other Defendant, and therefore denies those allegations.

202.    Olin denies the allegations in Paragraph 202 as to Olin.  Olin lacks sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 202 as to any other Defendant, and therefore denies those allegations.

203.    Olin denies the allegations in Paragraph 203 as to Olin.  Olin lacks sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 203 as to any other Defendant, and therefore denies those allegations.

**Minnesota**

204.    Olin denies the allegations in Paragraph 204 as to Olin.  Olin lacks sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 204 as to any other Defendant, and therefore denies those allegations.

205.     Olin denies the allegations in Paragraph 205 as to Olin.   Olin lacks sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 205 as to any other Defendant, and therefore denies those allegations.

206.     Paragraph 206 states legal conclusions that do not require a response.  To the extent a response is required, Olin denies the allegations.

207.     Paragraph 207 states legal conclusions that do not require a response.  To the extent a response is required, Olin denies the allegations.

**Mississippi**

208.     Olin denies the allegations in Paragraph 208 as to Olin.   Olin lacks sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 208 as to any other Defendant, and therefore denies those allegations.

209.     Olin denies the allegations in Paragraph 209 as to Olin.   Olin lacks sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 209 as to any other Defendant, and therefore denies those allegations.

**Nebraska**

210.     Olin denies the allegations in Paragraph 210 as to Olin.   Olin lacks sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 210 as to any other Defendant, and therefore denies those allegations.

211.     Olin denies the allegations in Paragraph 211 as to Olin.   Olin lacks sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 211 as to any other Defendant, and therefore denies those allegations.

212.     Paragraph 212 states legal conclusions that do not require a response.  To the extent a response is required, Olin denies the allegations.

**Nevada**

213.    Olin denies the allegations in Paragraph 213 as to Olin.  Olin lacks sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 213 as to any other Defendant, and therefore denies those allegations.

214.    Olin denies the allegations in Paragraph 214 as to Olin.  Olin lacks sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 214 as to any other Defendant, and therefore denies those allegations.

215.    Olin denies the allegations in Paragraph 215 as to Olin.  Olin lacks sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 215 as to any other Defendant, and therefore denies those allegations.

216.    Olin denies the allegations in Paragraph 216 as to Olin.  Olin lacks sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 216 as to any other Defendant, and therefore denies those allegations.

217.    Olin denies the allegations in Paragraph 217 as to Olin.  Olin lacks sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 217 as to any other Defendant, and therefore denies those allegations.

218.    Paragraph 218 states legal conclusions that do not require a response.  To the extent a response is required, Olin denies the allegations.

**New Mexico**

219.    Olin denies the allegations in Paragraph 219 as to Olin.  Olin lacks sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 219 as to any other Defendant, and therefore denies those allegations.

220.     Olin denies the allegations in Paragraph 220 as to Olin.  Olin lacks sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 220 as to any other Defendant, and therefore denies those allegations.

221.     Olin denies the allegations in Paragraph 221 as to Olin.  Olin lacks sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 221 as to any other Defendant, and therefore denies those allegations.

**New York**

222.     Olin denies the allegations in Paragraph 222 as to Olin.  Olin lacks sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 222 as to any other Defendant, and therefore denies those allegations.

223.     Olin denies the allegations in Paragraph 223 as to Olin.  Olin lacks sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 223 as to any other Defendant, and therefore denies those allegations.

224.     Olin denies the allegations in Paragraph 224 as to Olin.  Olin lacks sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 224 as to any other Defendant, and therefore denies those allegations.

225.     Olin denies the allegations in Paragraph 225 as to Olin.  Olin lacks sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 225 as to any other Defendant, and therefore denies those allegations.

226.     Paragraph 226 states legal conclusions that do not require a response.  To the extent a response is required, Olin denies the allegations.

227.     Paragraph 227 states legal conclusions that do not require a response.  To the extent a response is required, Olin denies the allegations.

**North Dakota**

228.    Olin denies the allegations in Paragraph 228 as to Olin.  Olin lacks sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 228 as to any other Defendant, and therefore denies those allegations.

229.    Olin denies the allegations in Paragraph 229 as to Olin.  Olin lacks sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 229 as to any other Defendant, and therefore denies those allegations.

230.    Olin denies the allegations in Paragraph 230 as to Olin.  Olin lacks sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 230 as to any other Defendant, and therefore denies those allegations.

231.    Olin denies the allegations in Paragraph 231 as to Olin.  Olin lacks sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 231 as to any other Defendant, and therefore denies those allegations.

232.    Olin denies the allegations in Paragraph 232 as to Olin.  Olin lacks sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 232 as to any other Defendant, and therefore denies those allegations.

233.    Olin denies the allegations in Paragraph 233 as to Olin.  Olin lacks sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 233 as to any other Defendant, and therefore denies those allegations.

234.    Paragraph 234 states legal conclusions that do not require a response.  To the extent a response is required, Olin denies the allegations.

**Oregon**

235.    Olin denies the allegations in Paragraph 235 as to Olin.  Olin lacks sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 235 as to any other Defendant, and therefore denies those allegations.

236.    Olin denies the allegations in Paragraph 236 as to Olin.  Olin lacks sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 236 as to any other Defendant, and therefore denies those allegations.

237.    Olin denies the allegations in Paragraph 237 as to Olin.  Olin lacks sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 237 as to any other Defendant, and therefore denies those allegations.

238.    Paragraph 238 states legal conclusions that do not require a response.  To the extent a response is required, Olin denies the allegations.

**Rhode Island**

239.    Olin denies the allegations in Paragraph 239 as to Olin.  Olin lacks sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 239 as to any other Defendant, and therefore denies those allegations.

240.    Olin denies the allegations in Paragraph 240 as to Olin.  Olin lacks sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 240 as to any other Defendant, and therefore denies those allegations.

241.    Olin denies the allegations in Paragraph 241 as to Olin.  Olin lacks sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 241 as to any other Defendant, and therefore denies those allegations.

242.    Olin denies the allegations in Paragraph 242 as to Olin.  Olin lacks sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 242 as to any other Defendant, and therefore denies those allegations.

**South Dakota**

243.    Olin denies the allegations in Paragraph 243 as to Olin.  Olin lacks sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 243 as to any other Defendant, and therefore denies those allegations.

244.    Olin denies the allegations in Paragraph 244 as to Olin.  Olin lacks sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 244 as to any other Defendant, and therefore denies those allegations.

245.    Olin denies the allegations in Paragraph 245 as to Olin.  Olin lacks sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 245 as to any other Defendant, and therefore denies those allegations.

246.    Paragraph 246 states legal conclusions that do not require a response.  To the extent a response is required, Olin denies the allegations.

247.    Paragraph 247 states legal conclusions that do not require a response.  To the extent a response is required, Olin denies the allegations.

**Utah**

248.    Olin denies the allegations in Paragraph 248 as to Olin.  Olin lacks sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 248 as to any other Defendant, and therefore denies those allegations.

249.     Olin denies the allegations in Paragraph 249 as to Olin.  Olin lacks sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 249 as to any other Defendant, and therefore denies those allegations.

250.     Olin denies the allegations in Paragraph 250 as to Olin.  Olin lacks sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 250 as to any other Defendant, and therefore denies those allegations.

251.     Paragraph 251 states legal conclusions that do not require a response.  To the extent a response is required, Olin denies the allegations.

252.     Paragraph 252 states legal conclusions that do not require a response.  To the extent a response is required, Olin denies the allegations.

**Vermont**

253.     Olin denies the allegations in Paragraph 253 as to Olin.  Olin lacks sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 253 as to any other Defendant, and therefore denies those allegations.

254.     Olin denies the allegations in Paragraph 254 as to Olin.  Olin lacks sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 254 as to any other Defendant, and therefore denies those allegations.

255.     Olin denies the allegations in Paragraph 255 as to Olin.  Olin lacks sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 255 as to any other Defendant, and therefore denies those allegations.

256.     Paragraph 256 states legal conclusions that do not require a response.  To the extent a response is required, Olin denies the allegations.

**West Virginia**

257.     Olin denies the allegations in Paragraph 257 as to Olin.  Olin lacks sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 257 as to any other Defendant, and therefore denies those allegations.

258.     Olin denies the allegations in Paragraph 258 as to Olin.  Olin lacks sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 258 as to any other Defendant, and therefore denies those allegations.

259.     Olin denies the allegations in Paragraph 259 as to Olin.  Olin lacks sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 259 as to any other Defendant, and therefore denies those allegations.

260.     Paragraph 260 states legal conclusions that do not require a response.  To the extent a response is required, Olin denies the allegations.

**Wisconsin**

261.     Olin denies the allegations in Paragraph 261 as to Olin.  Olin lacks sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 261 as to any other Defendant, and therefore denies those allegations.

262.     Olin denies the allegations in Paragraph 262 as to Olin.  Olin lacks sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 262 as to any other Defendant, and therefore denies those allegations.

263.     Olin denies the allegations in Paragraph 263 as to Olin.  Olin lacks sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 263 as to any other Defendant, and therefore denies those allegations.

264.     Paragraph 264 states legal conclusions that do not require a response.  To the extent a response is required, Olin denies the allegations.

## DEMAND FOR JUDGMENT

**Answer to Plaintiffs' Demand for Judgment:** Plaintiffs' Demand for Judgment states legal conclusions that do not require a response. To the extent a response is required, Olin denies the allegations contained in Plaintiffs' Demand for Judgment, including Subparts A – I.

## JURY TRIAL DEMANDED

**Answer to Jury Trial Demanded:** Plaintiffs' demand for a jury trial does not require a response. To the extent a response is required, Olin demands a jury trial on all triable claims.

## AFFIRMATIVE DEFENSES

Without assuming any burden that it would not otherwise bear, Olin asserts the following affirmative defenses. Discovery in this matter is ongoing, and so Olin reserves the right to amend or seek leave to amend its Answer and/or affirmative defenses. These defenses are pleaded in the alternative and do not constitute an admission that Olin is in any way liable to Plaintiffs, that Plaintiffs have been or will be injured or damaged in any way, or that Plaintiffs are entitled to any relief whatsoever. For the purposes of the defenses below, the term "Plaintiffs" includes any alleged members of the alleged class.

As a defense to the Consolidated Complaint and each and every allegation contained therein, Olin alleges under each federal and state law under which Plaintiffs bring their claims, to the fullest extent each such defense is recognized:

## FIRST DEFENSE

Plaintiffs fail to state a claim against Olin upon which relief may be granted.

## SECOND DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Olin's alleged conduct did not unreasonably restrain trade and was lawful, justified, and pro-competitive, constituted bona fide

business practices, and was carried out in furtherance of Westlake's independent and legitimate business interests.

### THIRD DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, estoppel, laches, and/or unclean hands.

### FOURTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by reason of the ratification of, or acquiescence, agreement or consent to, the conduct of Olin by Plaintiffs and/or others alleged to be members of the alleged class.

### FIFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by one or more terms in contracts they entered into with their direct suppliers to the extent those contracts limit their rights or remedies and/or because contracts their direct suppliers entered into with their suppliers limit their rights or remedies.

### SIXTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because any alleged injuries or damages were not legally caused or proximately caused by any acts or omissions of Olin and/or were caused, if at all, solely and proximately by the conduct of third parties, including the prior intervening or superseding conduct of such third parties, to whom any alleged benefit was conferred.

### SEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lack standing to bring or maintain this action against Olin.

## EIGHTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs and others alleged to be members of the alleged class failed to mitigate damages.

## NINTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of voluntary payment.

## TENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the failure to mitigate damages.

## ELEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs passed on to other purchasers or sellers some or all of the alleged overcharge.

## TWELFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Defendants' actions are protected by the safe harbor provisions of compliance with applicable federal laws and regulations.

## THIRTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs received the benefit of their bargained-for exchange.

## FOURTEENTH DEFENSE

Plaintiffs' claims in equity are barred, in whole or in part, because Plaintiffs have an adequate remedy at law.

## FIFTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' asserted damages are duplicative of the damages sought by a putative class of direct purchaser plaintiffs whose damages are based on the same alleged conduct that Plaintiffs base their damages on here.

## **PRAYER FOR RELIEF**

WHEREFORE, Westlake prays for judgment as follows:

1.      That Plaintiffs' Consolidated Complaint be dismissed with prejudice;

2.      That the Court enter judgment in favor of Olin;

3.      That Plaintiffs recover nothing by their Consolidated Complaint;

4.      That the Court award Olin its attorneys' fees, costs, and expenses incurred in

defense of this action; and

5.      That the Court grant Olin such further relief as the Court deems just and proper.

DATED: September 9, 2022

Respectfully submitted,

/s/ Corey Roush
Corey Roush
2001 K Street, N.W.
Washington, DC 20006
Tel: (202) 887-4115
croush@akingump.com

AKIN GUMP STRAUSS HAUER & FELD
LLP

Paul C. Cuomo
Joseph A. Ostoyich
William C. Lavery
Jeffrey S. Oliver
Elisa Beneze
BAKER BOTTS
700 K Street, N.W.
Washington, DC 20001
Tel: (202) 639-7700
paul.cuomo@bakerbotts.com
joseph.ostoyich@bakerbotts.com
william.lavery@bakerbotts.com
jeffrey.oliver@bakerbotts.com
elisa.beneze@bakerbotts.com

BAKER BOTTS LLP

Stephen A. Sharkey
BOND, SCHOENECK & KING PLLC
200 Delaware Ave., Suite 900
Buffalo, NY 14202-2107
Tel: (716) 416-7051
Ssharkey.bsk.com

*Counsel for Defendants K.A. Steel Chemicals
and Olin Corporation*