UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MIAMI PRODUCTS & CHEMICAL CO.,
On Behalf of Itself and All Others Similarly
Situated, et al.,

                Plaintiff,

      v.

OLIN CORPORATION, et al.,

                Defendants.
_____

AMREX CHEMICAL CO., INC.,
On Behalf of Itself and All Others Similarly
Situated,

                Plaintiff,

      v.

OLIN CORPORATION, et al.,

                Defendants.
_____

MIDWEST RENEWABLE ENERGY, LLC,
On Behalf of Itself and All Others Similarly
Situated,

                Plaintiff,

      v.

OLIN CORPORATION, et al.,

                Defendants.
_____

**DECISION AND ORDER**

1:19-CV-00385 EAW

1:19-CV-00386 EAW

1:19-CV-00392 EAW

_____

MAIN POOL AND CHEMICAL CO., INC.,
On Behalf of Itself and All Others Similarly
Situated,

        Plaintiff,

    v.

OLIN CORPORATION, et al.,

        Defendants.

1:19-CV-00393 EAW

_____

PERRY'S ICE CREAM COMPANY, INC.,
On Behalf of Itself and All Others Similarly
Situated,

        Plaintiff,

    v.

OLIN CORPORATION, et al.,

        Defendants.

1:19-CV-00403 EAW

_____

THE TRIPP PLATING WORKS, INC., On
Behalf of Itself and All Others Similarly
Situated, et al.,

        Plaintiffs,

    v.

OLIN CORPORATION, et al.,

        Defendants.

1:19-CV-00975 EAW

_____

In these consolidated actions,[1] there are currently nine pending motions to seal. (Dkt. 475; Dkt. 487; Dkt. 500; Dkt. 515; Dkt. 516; Dkt. 520; Dkt. 527; Dkt. 530; Dkt. 533). These motions to seal have been filed by various parties in connection with various underlying substantive motions. However, they have uniformly failed to satisfy the applicable standard for sealing and are accordingly denied without prejudice.

In order to overcome the presumption of public access to judicial documents, it is necessary for the Court to make "specific, on-the-record findings that sealing is necessary to preserve higher values" and any sealing order must be "narrowly tailored to achieve that aim." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006). This District's Local Rules of Civil Procedure reflect that standard by providing that "[e]xcept where restrictions are imposed by statute or rule, there is a presumption that Court documents are accessible to the public and that a substantial showing is necessary to restrict access." L. R. Civ. P. 5.3(a).

The parties in this case have fallen short of making the necessary substantial showing. Instead, they have relied essentially exclusively on the fact that various documents have been designated "Confidential," "Highly Confidential," or "Outside Counsel Eyes Only" under the terms of the governing Protective Order. (*See* Dkt. 475-1; Dkt. 487-1; Dkt. 500-1; Dkt. 515-1; Dkt. 520-1; Dkt. 527-1; Dkt. 530-1; Dkt. 533-1). However, it is well-established that "[c]onfidentiality agreements alone are not an adequate basis for sealing"

---

[1] Unless otherwise noted, all docket references herein refer to Civil Action No. 19-cv-00385, which is the lead action.

and "[m]aterial designated as Confidential by a protective order 'might not overcome the presumption of public access once it becomes a judicial document.'" *Metcalf v. TransPerfect Translations Int'l, Inc.*, No. 19CV10104AJNKHP, 2022 WL 2116686, at *1 (S.D.N.Y. June 13, 2022) (quoting *Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 155 (S.D.N.Y. 2015)).  Indeed, the Protective Order is clear that it "does not, by itself, authorize the filing of any document under seal."  (Dkt. 184 at 12).  Instead, it was incumbent on the parties, in seeking sealing, to set forth specific, narrowly tailored requests supported by a substantial showing so as to overcome the presumption of public access.  They have not done so.

For these reasons, the Court denies the pending motions to seal (Dkt. 475; Dkt. 487; Dkt. 500; Dkt. 515; Dkt. 516; Dkt. 520; Dkt. 527; Dkt. 530; Dkt. 533) without prejudice.  If the parties wish to pursue any of their requests to seal, they must file properly supported, narrowly tailored sealing motions by no later than **December 21, 2022**.  Otherwise, the Court will file on the public docket complete, unredacted versions of the parties' respective filings.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated: December 1, 2022
       Rochester, New York