UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

MIAMI PRODUCTS & CHEMICAL CO.,
On Behalf of Itself and All Others Similarly
Situated, et al.,

              Plaintiff,

     v.

OLIN CORPORATION, et al.,

              Defendants.

_____

AMREX CHEMICAL CO., INC.,
On Behalf of Itself and All Others Similarly
Situated,

              Plaintiff,

     v.

OLIN CORPORATION, et al.,

              Defendants.

_____

MIDWEST RENEWABLE ENERGY, LLC,
On Behalf of Itself and All Others Similarly
Situated,

              Plaintiff,

     v.

OLIN CORPORATION, et al.,

              Defendants.

_____

**DECISION AND ORDER**

1:19-CV-00385 EAW

1:19-CV-00386 EAW

1:19-CV-00392 EAW

_____

MAIN POOL AND CHEMICAL CO., INC.,
On Behalf of Itself and All Others Similarly
Situated,

                Plaintiff,

            v.

OLIN CORPORATION, et al.,

                Defendants.

1:19-CV-00393 EAW

_____

PERRY'S ICE CREAM COMPANY, INC.,
On Behalf of Itself and All Others Similarly
Situated,

                Plaintiff,

            v.

OLIN CORPORATION, et al.,

                Defendants.

1:19-CV-00403 EAW

_____

THE TRIPP PLATING WORKS, INC., On
Behalf of Itself and All Others Similarly
Situated, et al.,

                Plaintiffs,

            v.

OLIN CORPORATION, et al.,

                Defendants.

1:19-CV-00975 EAW

_____

In these consolidated actions,[1] Defendants seek leave to file a sur-reply expert report by economic expert Dr. John Johnson. (Dkt. 522). Defendants contend that a second report by Dr. Johnson is necessary to respond to new analyses contained in the reply report of Direct Purchaser Plaintiffs' economic expert Dr. Russell Lamb. Direct Purchaser Plaintiffs argue in opposition that the analyses at issue were properly included in Dr. Lamb's reply report and that there was in any event no prejudice because Defendants had the opportunity to depose Dr. Lamb subsequent to issuance of his reply report. (Dkt. 528).

"Federal Rule of Procedure 26 permits parties to submit expert testimony that is 'intended solely to contradict or rebut evidence on the same subject matter identified by another party.'" *Scott v. Chipotle Mexican Grill, Inc.*, 315 F.R.D. 33, 44 (S.D.N.Y. 2016)(quoting Fed. R. Civ. P. 26(a)(2)(D)(ii)). "Rebuttal evidence is properly admissible when it will explain, repel, counteract or disprove the evidence of the adverse party." *Sci. Components Corp. v. Sirenza Microdevices, Inc.*, 03 Civ. 1851 (NGG) (RML), 2008 WL 4911440, at *2 (E.D.N.Y. Nov. 13, 2008) (citation omitted). "A rebuttal expert report is not the proper place for presenting new arguments, unless presenting those arguments is substantially justified and causes no prejudice," and a rebuttal expert report is also not "an opportunity for the correction of any oversights in the plaintiff's case in chief." *Id.* (citations omitted). The Court "has wide discretion in determining whether to permit evidence on rebuttal." *Scott*, 315 F.R.D. at 44 (citation omitted). "[C]ourts routinely resolve disputes

---

[1]     Unless otherwise noted, all docket references herein refer to Civil Action No. 19-cv-00385, which is the lead action.

concerning improperly served expert reports by affording the aggrieved party the opportunity to serve surrebuttal reports." *In re Specialist & Other Vessel Owner Limitation Actions*, No. 16 CIV. 5010, 2020 WL 8665287, at \*2 (S.D.N.Y. June 30, 2020).

Here, having considered the parties' submissions, the Court concludes that Dr. Johnson should be afforded an opportunity to address the new analyses contained in Dr. Lamb's reply report and it would be prejudicial not to allow Dr. Johnson to address the new material because he would then potentially be precluded from doing so at trial or otherwise. Therefore, Defendants' motion for leave to file a sur-reply expert report (Dkt. 522) is granted.

Turning to the pertinent schedule, the Court further sets the following deadlines with respect to the Direct Purchaser Plaintiffs: (1) Defendants shall file their sur-reply expert report <u>by no later than December 27, 2022</u>; (2) any additional deposition of Dr. Johnson shall be completed <u>by no later than January 20, 2023</u>; (3) Plaintiffs shall file any sur-rebuttal expert report <u>by no later than February 10, 2023</u>; (4) the parties shall file *Daubert* motions <u>by no later than March 3, 2023</u>; (5) the parties shall file responses to *Daubert* motions <u>by no later than March 31, 2023</u>; and (6) the parties shall file replies in support of *Daubert* motions <u>by no later than April 21, 2023</u>.  **<u>ABSENT EXTRAORDINARY CIRCUMSTANCES, NO FURTHER EXTENSIONS OF THESE DEADLINES WILL BE GRANTED</u>**, and the Court will not look favorably on any attempts to circumvent this ruling.

The Court further sets the following schedule with respect to Defendants' motion for an evidentiary hearing regarding class certification (Dkt. 517): (1) Direct Purchaser

Plaintiffs shall file their response <u>on or before March 17, 2023</u>; and (2) Defendants shall file any reply <u>on or before March 31, 2023</u>.

Because of the potential that an evidentiary hearing will be held and due to the congestion of the Court's calendar, the Court intends to schedule the evidentiary hearing before it has made a decision on the need for and scope of any such hearing. In other words, the Court will set aside time now that accounts for the greatest length of time that may be required for an evidentiary hearing, and counsel, the parties, and any potential witnesses will be required to be available during this time period. A telephonic status conference is hereby scheduled for <u>Tuesday, December 20, 2022, at 1:00 p.m.</u>, for purposes of scheduling a date and time for an evidentiary hearing, should the Court ultimately determine that one is necessary. Counsel should be prepared to schedule an evidentiary hearing in the spring or summer of 2023 and must be aware of their expert witnesses' availability during that time frame, as well as a reasonable estimate of the potential greatest length of time that will be required for any evidentiary hearing. This is a public telephonic proceeding. To access the conference, dial (866) 434-5269 and enter access code 8632566# sufficiently in advance of the start time.

SO ORDERED.

ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated: December 6, 2022
Rochester, New York