UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MIAMI PRODUCTS & CHEMICAL CO.,
On Behalf of Itself and All Others Similarly
Situated, et al.,

        Plaintiff,

    v.

OLIN CORPORATION, et al.,

        Defendants.
_____

AMREX CHEMICAL CO., INC.,
On Behalf of Itself and All Others Similarly
Situated,

        Plaintiff,

    v.

OLIN CORPORATION, et al.,

        Defendants.
_____

MIDWEST RENEWABLE ENERGY, LLC,
On Behalf of Itself and All Others Similarly
Situated,

        Plaintiff,

    v.

OLIN CORPORATION, et al.,

        Defendants.
_____

**DECISION AND ORDER**

1:19-CV-00385 EAW

1:19-CV-00386 EAW

1:19-CV-00392 EAW

_____

MAIN POOL AND CHEMICAL CO., INC.,
On Behalf of Itself and All Others Similarly
Situated,

        Plaintiff,

   v.

OLIN CORPORATION, et al.,

        Defendants.

1:19-CV-00393 EAW

_____

PERRY'S ICE CREAM COMPANY, INC.,
On Behalf of Itself and All Others Similarly
Situated,

        Plaintiff,

   v.

OLIN CORPORATION, et al.,

        Defendants.

1:19-CV-00403 EAW

_____

THE TRIPP PLATING WORKS, INC., On
Behalf of Itself and All Others Similarly
Situated, et al.,

        Plaintiffs,

   v.

OLIN CORPORATION, et al.,

        Defendants.

1:19-CV-00975 EAW

_____

I.     **Motions to Seal**

In these consolidated actions,[1] there are currently 16 motions to seal pending. (Dkt. 551; Dkt. 553; Dkt; 554; Dkt. 556; Dkt. 558; Dkt, 568; Dkt. 569; Dkt. 571; Dkt. 578; Dkt. 580; Dkt. 582; Dkt. 589; Dkt. 591; Dkt. 593; Dkt. 598; Dkt. 600). The Court previously issued a Decision and Order in which it denied several motions to seal, explaining that the presumption of public access to judicial documents can be overcome only by a specific showing that sealing is necessary to preserve higher values, and that requests for sealing must be narrowly tailored. (*See* Dkt. 534 at 3 (citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006))).

The motion to seal filed at Dkt. 551 by the Indirect Purchaser Plaintiffs is, by its own terms, a placeholder motion. (*See* Dkt. 551-1 at ¶ 7 (acknowledging the Court's direction that sealing requests must be narrowly tailored and indicating that the Indirect Purchaser Plaintiffs "will confer with the other Parties and non-parties over the next few weeks to determine which cited information, exhibits, or testimony in these papers that were previously designated as Protected Material pursuant to the Protective Order can be downgraded and made available for public viewing, and the Indirect Purchaser Plaintiffs will file a renewed motion to seal at that time with less redacted versions of these papers, as appropriate[.]")). Further, the motion filed at Dkt. 551 seeks to seal solely on the basis of confidentiality designations made under the terms of the governing Protective Order, which

---

[1]     Unless otherwise noted, all docket references herein refer to Civil Action No. 19-cv-00385, which is the lead action.

the Court has expressly held is insufficient to warrant sealing. (Dkt. 534 at 3-4). The Indirect Purchaser Plaintiffs' motion to seal filed at Dkt. 551 is accordingly denied.

The motions filed at Dkt. 553, Dkt. 554, and Dkt. 556 are renewed motions to seal filed by the parties in response to the Court's denial of their prior motions. The parties have taken care in these motions to narrowly tailor their sealing requests and to support their requests with specific information explaining why disclosure of the material that is to be withheld from public view would harm their economic interests and—more importantly— the economic interests of third parties. In particular, the material as to which sealing is sought contains non-stale, confidential business information including pricing, customer contract terms, and internal bidding strategies.

It is appropriate to permit redaction of "specific business information and strategies, which, if revealed, may provide valuable insights into a company's current business practices that a competitor would seek to exploit." *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (quotation omitted); *see also Graczyk v. Verizon Commc'ns, Inc.*, No. 18 CIV. 6465 (PGG), 2020 WL 1435031, at *9 (S.D.N.Y. Mar. 24, 2020) (permitting redaction, in connection with motion for class certification, of "sensitive financial information"); *In re Digital Music Antitrust Litig.*, 321 F.R.D. 64, 82 n.1 (S.D.N.Y. 2017) (holding that "internal pricing strategies and competitive pricing data [are] sufficiently sensitive to warrant redaction"). The Court accordingly grants the renewed motions to seal filed at Dkt. 553, Dkt. 554, and Dkt. 556.

The motion to seal filed at Dkt. 558 by the Direct Purchaser Plaintiffs seeks to seal the entirety of the expert sur-rebuttal report of Dr. Russell Lamb on the basis that "counsel for the Defendants and certain non-parties designated information contained within the Report accompanying this declaration for which sealing is sought either 'CONFIDENTIAL,' 'HIGHLY CONFIDENTIAL' or 'OUTSIDE COUNSEL EYES ONLY' under the terms of the Protective Order entered by the Court[.]" (Dkt. 558-1 at ¶ 4). This is insufficient to satisfy the rigorous requirements for sealing and Dkt. 558 is accordingly denied.

The motions to seal filed at Dkt. 568, Dkt. 569, Dkt. 571, Dkt. 578, Dkt. 580, Dkt. 582, Dkt. 589, Dkt. 591, Dkt. 593, Dkt. 598, and Dkt. 600 incorporate and rely upon the arguments and submissions made in connection with Dkt. 553, Dkt. 554, and Dkt. 556. Accordingly, they are granted to the extent that they seek to redact the information identified in Dkt. 553, Dkt. 554, and Dkt. 556, for the reasons discussed above. However, to the extent these motions seek to redact "substantially similar" information (*see, e.g.,* Dkt 568-1 at ¶ 6; Dkt. 593-1 at ¶ 5; Dkt. 598-1 at ¶ 6) to the information identified in Dkt. 553, Dkt. 554, and Dkt. 556, they are denied. The parties have not identified the purportedly "substantially similar" information they seek to redact, nor explained how or why it is "substantially similar" to the information identified in Dkt. 553, Dkt. 554, and Dkt. 556. A vague assurance that information is "substantially similar" to the identified confidential business information is not sufficient to satisfy the standard for sealing.

Within 14 days of entry of this Decision and Order and consistent herewith, the parties must file on the public docket redacted versions of the documents as to which sealing has been granted. For ease of reference, the Court shall also require the parties to re-file any related motion papers as to which sealing was not sought or as to which sealing has been denied, except that the parties are <u>not</u> required to re-file any notices of motion. The re-filing shall proceed as follows:

First, the following motions and all associated papers excluding the notices of motion shall be re-filed, in the following order: Dkt. 474 (Direct Purchaser Plaintiffs' motion for class certification); Dkt. 514 (Indirect Purchaser Plaintiffs' motion for class certification); Dkt. 567 (Shintech Inc.'s motion to exclude certain opinions of Dr. Russell Lamb); Dkt. 570 (Direct Purchaser Plaintiffs' motion to strike and to exclude testimony of Dr. John H. Johnson, IV); Dkt. 572 (Formosa Plastics Corporation, U.S.A.'s motion to partially exclude Dr. Lamb's opinions); Dkt. 573 (Defendants' joint motion to partially exclude Dr. Lamb's opinions and proposed testimony); Dkt. 588 (Shintech Inc.'s motion to strike and exclude certain opinions of Dr. Gareth Macartney); Dkt. 590 (Defendants' joint motion to strike and exclude certain opinions of Dr. Macartney); Dkt. 592 (Indirect Purchaser Plaintiffs' motion to strike and exclude opinions and testimony of Dr. Johnson); and Dkt. 594 (Formosa Plastics Corporation, U.S.A.'s motion to strike/partially exclude Dr. Macartney's opinions). The parties shall <u>not</u> file these documents using the "Motion" event in CM/ECF, but shall instead use the "Memorandum in Support of Motion" event—found in the "Responses and Replies" menu—for the main document. Each main document and all attachments thereto

shall be named to clearly state what the document is and what original docket number it represents (*e.g.,* "MEMORANDUM in Support re [474] Motion to Certify Class (Re-filed version of Dkt. 474-3)").

Second, after the above-listed motions have been re-filed, the parties shall re-file their responses thereto, to the extent that they have previously been filed on the docket. Again, each main document and all attachments thereto shall be named to clearly state what the document is and what original docket number it represents. The responses shall be re-filed in an order that corresponds to the order in which the motions have been re-filed (*i.e.*, responses to Dkt. 474 shall be filed first, then responses to Dkt. 514, and so forth).

Third, after the responses have been re-filed, the parties shall re-file their replies, to the extent they have previously been filed on the docket. Once again, each main document and all attachments thereto shall be named to clearly state what the document is and what original docket number it represents, and the replies shall be re-filed in an order that corresponds to the order in which the motions have been re-filed.

**It is the parties' responsibility to coordinate the re-filing of these documents to comport with the Court's Order and to do so within the time frame ordered by the Court.** After the motion papers have been refiled, the parties shall send to the Court a single flash drive containing unredacted PDFs of all documents as to which sealing has been granted. Each PDF shall be named using the following convention: Unredacted Version of Dkt __.pdf.

II.     **Timing of and Procedures for Evidentiary Hearing**

Direct Purchaser Plaintiffs and Defendants dispute the need for an evidentiary hearing on Direct Purchaser Plaintiffs' motion for class certification and the associated *Daubert* motions. Having carefully considered the parties' positions, as well as its own need for such a hearing, the Court has determined that it will hold an evidentiary hearing on June 5 and 6, 2023, with the following schedule: Beginning at 9:00 a.m. on June 5, 2023, the Court will hold a concurrent expert proceeding wherein the Court will ask questions and each side's expert will be given an opportunity to respond. The concurrent expert proceeding portion of the evidentiary hearing will continue until the Court has exhausted its questions. Once the Court's questioning is completed, the Court will allow cross-examination and re-direct examination by counsel of each side's expert witness.[2] There will be a strict time limit of no more than 1.5 hours for cross-examination and 1.5 hours of re-direct examination per side (that is, up to 1.5 hours for Direct Purchaser Plaintiffs collectively and up to 1.5 hours for Defendants collectively) as to each expert. It is the parties on each side's responsibility to determine how the allocated time shall be divided up among the attorneys. If agreement is unable to be reached in that regard, the allocated time shall be divided proportionally by the number of parties on that side. Depending on the start time and ultimate length of the

---

[2] The Court's questioning of the experts shall obviate the need for direct examination, and thus the parties' questioning shall begin with cross-examination. Once the parties' questioning of the experts commences, the examinations will no longer be concurrent. Direct Purchaser Plaintiffs' expert will be questioned first (cross-examination and redirect), followed by Defendants' expert.

cross-examination and redirect questioning by counsel on June 5, 2023, that portion of the evidentiary hearing may continue into June 6, 2023. The Court intends to conclude the proceeding on June 5, 2023, by 5:00 p.m., and continue the proceeding beginning at 9:00 a.m. on June 6, 2023.

Finally, once the examination of the expert witnesses is completed, the Court will hear up to a total of 3 hours of argument regarding Direct Purchaser Plaintiffs' motion for class certification and the associated *Daubert* motions. It is anticipated that this argument will commence on June 6, 2023, no earlier than 9:00 a.m. <u>Each side</u> will be allocated 1.5 hours of argument, and Direct Purchaser Plaintiffs may reserve whatever portion of that time for rebuttal they deem appropriate. Again, it is the parties' responsibility to determine which attorneys shall present the argument and how much time shall be allocated to each. Defendants' motion for a hearing regarding class certification (Dkt. 517) is denied to the extent it seeks relief beyond that contemplated by this Decision and Order.

The evidentiary hearing will be held at the federal courthouse at 100 State Street, Rochester, New York 14614.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated: April 25, 2023
 Rochester, New York