**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **IN RE CAUSTIC SODA ANTITRUST LITIGATION** | **Lead Case No.: 1:19-cv-00385-EAW-MJR** |
| **THIS DOCUMENT RELATES TO:**<br><br>**DIRECT PURCHASER ACTIONS** | |

**ATTORNEY DECLARATION OF SOLOMON B. CERA**

I, Solomon B. Cera, Esq., make this declaration under the penalty of perjury pursuant to 28 U.S.C. § 1746:

1. I am the managing partner of the law firm Cera LLP, one of the interim co-lead class counsel for the Direct Purchaser Plaintiffs ("Plaintiffs" or "DPPs") in the above-captioned litigation. I am duly licensed to practice law in the State of California, and have been admitted to appear in numerous federal courts throughout the country, including the United States Supreme Court. I have been admitted *pro hac vice* in the United States District Court for the Western District of New York in this matter. I am familiar with and have knowledge of the facts and circumstances set forth in this declaration, which is being offered in support of Plaintiffs' Motion for Class Certification, Appointment of Class Representatives and Class Counsel ("Motion"), which is being filed contemporaneously with this declaration.

2. Attached as Exhibit 1 to this declaration is a true and correct copy of the Expert Report of Dr. Russell L. Lamb, Ph.D. dated April 25, 2022 ("Lamb Report"). DPPs will serve

Defendants with a copy of the Lamb Report by email on April 25, 2022. It is being filed under seal because it contains information designated by one or more parties hereto as "Confidential," "Highly Confidential" or "Outside Counsel Eyes Only" material pursuant to the protective order. (Dkt. 184)

3. Attached as Exhibit 2 to this declaration is a Compendium of Deposition Testimony ("Compendium" or "Cmp."). It contains deposition transcript pages reflecting witness testimony concerning the "PX __" documents (Plaintiffs' deposition exhibits) cited in either the Motion or Lamb Report. It is being filed under seal because it contains information designated by one or more parties hereto as "Confidential," "Highly Confidential," or "Outside Counsel Eyes Only" pursuant to the operative Protective Order. (Dkt. 184)

4. Attached as Exhibit 3 to this declaration, for the Court's convenience, is a "Cast of Characters," organized alphabetically by last name, referring to certain individuals mentioned in deposition exhibits, the Motion, or the Lamb Report. For each individual identified in the "Cast of Characters," their employer and job title(s) during the 2015-2019 period (to the extent known) are listed. It is being filed under seal because it contains information designated by one or more parties hereto as "Confidential," "Highly Confidential," or "Outside Counsel Eyes Only" material pursuant to the protective order. (Dkt. 184)

**Common Evidence Obtained Through Discovery That Supports Certifying the Direct Purchaser Class**

5. Although fact discovery in the DPPs' action has been substantially concluded, with the approval of Magistrate Judge Roemer and the agreement of all parties, DPPs will take the depositions of George Eisenhauer (a former employee of IHS Markit ("IHS"), and a current employee of Argus Media) and Defendant Shintech Incorporated's President Yasuhiko Saitoh in the near future. To date, DPPs have deposed fifty-seven (57) fact witnesses, including five (5) in

a Federal Rule of Civil Procedure 30(b)(6) capacity, and have also defended thirteen (13) depositions of personnel associated with the named Plaintiffs.

6. The discovery cited in DPPs' Motion and attached to this declaration as set forth below is intended to be illustrative of the evidence obtained to date that supports Plaintiffs' allegations against the Defendants. This material is not intended to be a complete and exhaustive showing of all of the common evidence supporting DPPs' claims. Plaintiffs have endeavored to be efficient in their presentation of the evidence supporting the Motion given the large evidentiary record that has been adduced to date through the fact discovery. The documents cited in the Motion are attached to this Declaration. Not all of the documents cited in the Lamb Report are attached hereto. Plaintiffs will submit any document cited in the Lamb Report to the Court upon request. All such documents are available to Defendants.

7. Attached as Exhibit 4 is a true and correct copy of PX 1523 produced by Defendant Westlake Chemical Corporation ("Westlake") in this litigation bearing the numbers WL_0000584252-57 (shown to deponent Robert Buesinger) and designated "OUTSIDE COUNSEL EYES ONLY" ("OCEO"). The portions of this Exhibit cited by DPPs are highlighted and may be found on WL_0000584254-55.

8. Attached as Exhibit 5 are true and correct copies of selected pages of PX 1469, a voluminous Board meeting packet produced by Defendant Olin Corporation ("Olin") in this litigation, specifically, pages bearing the numbers OLN-001580671-685, 1580698-718, and 1580878-910 (shown to deponent John McIntosh), designated OCEO. The portions of this Exhibit cited by DPPs are highlighted and may be found on pages OLN-001580701, 1580710, and 1580883-84.

9. Attached as Exhibit 6 is a true and correct copy of PX 1376 produced by Olin in this litigation bearing the numbers OLN-000721381-83 (shown to deponent Mike Dye) and designated OCEO. The portions of this Exhibit cited by DPPs are highlighted and may be found on OLN-000721383.

10. Attached as Exhibit 7 is a true and correct copy of a document produced by Olin in this litigation with numbers OLN-001404855-69 and designated "Confidential." The portions of this Exhibit cited by DPPs are highlighted and may be found on OLN-0001404858.

11. Attached as Exhibit 8 is a true and correct copy of PX 2851 produced by Defendant Occidental Chemical Corporation ("OxyChem") in this litigation bearing the numbers OCC_00727461-65 (shown to deponent Tim Hillsley) and designated "HIGHLY CONFIDENTIAL" ("HC").

12. Attached as Exhibit 9 is a true and correct copy of PX 2765 produced by Olin in this litigation bearing the numbers OLN-000729854-56 (shown to deponent Damian Gumpel) and designated OCEO.

13. Attached as Exhibit 10 is a true and correct copy of PX 313 produced by Westlake in this litigation bearing the numbers WL_0000178709-710 (shown to deponent Wayne Gasior) and designated OCEO.

14. Attached as Exhibit 11 is a true and correct copy of PX 1096 containing price increase announcement letters produced by Olin in this litigation bearing miscellaneous bates numbers, all of which have been designated OCEO; the first bates number of the first letter in the exhibit is OLN-000065987.

15. Attached as Exhibit 12 is a true and correct copy of PX 2138 produced by Westlake in this litigation bearing the number WL_0000033064 (shown to deponent Lisa Ballard) and designated OCEO.

16. Attached as Exhibit 13 is a true and correct copy of PX 456 produced by Defendant Formosa Plastics Corporation USA ("Formosa") in this litigation bearing the numbers FPC-USA-DPP-00165125-26 (shown to deponent Chris Tang) and designated "Confidential."

17. Attached as Exhibit 14 is a true and correct copy of PX 3057 produced by Shintech in this litigation bearing the number ST0000002535 (shown to deponent Toshiaki Ansai) and designated "Confidential."

18. Attached as Exhibit 15 is a true and correct copy of PX 128 produced by Olin in this litigation bearing the number OLN-000371906 (shown to deponent Steve Nedvesky) and designated OCEO.

19. Attached as Exhibit 16 is a true and correct copy of the first page of PX 671, a voluminous document produced by non-party IHS in this litigation bearing the number IHSM001083 (shown to deponent Kevin Joyce) and designated "Confidential." The portion of this Exhibit cited by DPPs is highlighted and may be found on IHSM001083.

20. Attached as Exhibit 17 is a true and correct copy of PX 2850 produced by OxyChem in this litigation bearing the numbers OCC_00414935-938 (shown to deponent Tim Hillsley) and designated "Confidential."

21. Attached as Exhibit 18 is a true and correct copy of PX 1705 produced by Westlake in this litigation bearing the numbers WL_0000008917-23 (shown to deponent Alana Zajdel) and designated OCEO.

22. Attached as Exhibit 19 is a true and correct copy of PX 1706 produced by Westlake in this litigation bearing the number WL_0000008693 (shown to deponent Alana Zajdel) and designated OCEO.

23. Attached as Exhibit 20 is a true and correct copy of PX 1707 produced by Westlake in this litigation bearing the numbers WL_0000026612-14 (shown to deponent Alana Zajdel) and designated OCEO.

24. Attached as Exhibit 21 is a true and correct copy of PX 2763 produced by Olin in this litigation bearing the numbers OLN-000729927-29 (shown to deponent Damian Gumpel) and designated OCEO.

25. Attached as Exhibit 22 is a true and correct copy of PX 2312 produced by Westlake in this litigation bearing the numbers WL_0000361596 (shown to deponent Justin Filey) and designated OCEO.

26. Attached as Exhibit 23 is a true and correct copy of PX 1098 produced by Olin in this litigation bearing the numbers OLN-000372800-802 (shown to deponent Rene Whigham) and designated OCEO.

27. Attached as Exhibit 24 is a true and correct copy of PX 1798 produced by Olin in this litigation bearing the numbers OLN-000334951-52 (shown to deponent Mike Jakovich) and designated OCEO.

28. Attached as Exhibit 25 is a true and correct copy of PX 2860 produced by OxyChem in this litigation bearing the numbers OCC_00365185 (shown to deponent Tim Hillsley) and designated HC.

29. Attached as Exhibit 26 is a true and correct copy of PX 948 produced by Olin in this litigation bearing the numbers OLN-000824433-54 (shown to deponent Larry Kromidas)

and designated OCEO. The portions of this Exhibit cited by DPPs are highlighted and may be found on OLN-000824434-35.

30. Attached as Exhibit 27 is a true and correct copy of PX 2929 produced by Olin in this litigation bearing the number OLN-000369672 (shown to deponent Bill Bowen) and designated OCEO. The portions of this Exhibit cited by DPPs are highlighted and may be found on OLN-000369672.

31. Attached as Exhibit 28 is a true and correct copy of PX 163 produced by Olin in this litigation bearing the numbers OLN-001522161-70 (shown to deponent Zack Luick) and designated OCEO.

32. Attached as Exhibit 29 is a true and correct copy of the first two pages of PX 3045 produced by Shintech in this litigation bearing the numbers ST0000468485-86 (shown to deponent Toshiaki Ansai) and designated “OUTSIDE COUNSEL ONLY.”

33. Attached as Exhibit 30 is a true and correct copy of PX 2873 produced by OxyChem in this litigation bearing the numbers OCC_00799617-622 (shown to deponent Tim Hillsley) and designated “Confidential” on the first page, but then OCEO on pages 799618-22.

34. Attached as Exhibit 31 is a true and correct copy of PX 3066 produced by Shintech in this litigation bearing the number ST0000000001 (shown to deponent Toshiaki Ansai) and designated “Confidential.”

35. Attached as Exhibit 32 is a true and correct copy of PX 520 produced by Formosa in this litigation bearing the numbers FPC-USA-DPP-00097298-99 (shown to deponent Chris Chou) and designated “Confidential.”

36. Attached as Exhibit 33 is a true and correct copy of PX 2142 produced by Westlake in this litigation bearing the numbers WL_0001484579 (shown to deponent Lisa Ballard) and designated HC.

37. Attached as Exhibit 34 is a true and correct copy of PX 2464 produced by OxyChem in this litigation bearing the numbers OCC_00084140-44 (shown to deponent Mihir Patel) and designated "Confidential." The portion of this Exhibit cited by DPPs is highlighted and may be found on OCC_00084142.

38. Attached as Exhibit 35 is a true and correct copy of PX 2397 produced by Olin in this litigation bearing the number OLN-000041203 (shown to deponent Jim Varilek) and designated OCEO.

39. Attached as Exhibit 36 is a true and correct copy of PX 2799 produced by Olin in this litigation bearing the numbers OLN-000041204-05 (shown to deponent Damian Gumpel) and designated OCEO.

40. Attached as Exhibit 37 is a true and correct copy of PX 1252 produced by Formosa in this litigation bearing the numbers FPC-USA-DPP-00166330-31 (shown to deponent Kenny Lin) and designated "Confidential."

41. Attached as Exhibit 38 is a true and correct copy of PX 686 produced by Shintech in this litigation bearing the numbers ST0000300680 (shown to deponent Kevin Joyce) and designated "OUTSIDE COUNSEL ONLY."

42. Attached as Exhibit 39 is a true and correct copy of PX 1642 produced by Olin in this litigation bearing the number OLN-000705180 (shown to deponent Steve Keenan) and designated "Confidential."

43. Attached as Exhibit 40 is a true and correct copy of PX 1710 produced by Westlake in this litigation bearing the numbers WL_0000094684-86 (shown to deponent Alana Zadjel) and designated OCEO.

44. Attached as Exhibit 41 is a true and correct copy of PX 2841 produced by OxyChem in this litigation bearing the numbers OCC_00925149-162 (shown to deponent Tim Hillsley) and while the first page is designated "Confidential," pages 925150-162 are designated HC. The portion of this Exhibit cited by DPPs is highlighted and may be found on OCC_00925161.

45. Attached as Exhibit 42 is a true and correct copy of PX 1092 produced by Olin in this litigation bearing the numbers OLN-000375446-47 (shown to deponent Rene Whigham) and designated OCEO.

46. Attached as Exhibit 43 is a true and correct copy of PX 2540 produced by IHS in this litigation bearing the numbers IHSM005911-32 (shown to deponent Dewey Johnson) and designated HC.

47. Attached as Exhibit 44 is a true and correct copy of PX 2371 produced by Olin in this litigation bearing the numbers OLN-000352630-31 (shown to deponent Harry Thomas) and designated OCEO.

48. Attached as Exhibit 45 is a true and correct copy of PX 2829 produced by Olin in this litigation bearing the number OLN-000741894 (shown to deponent Damian Gumpel) and designated OCEO.

49. Attached as Exhibit 46 is a true and correct copy of PX 2769 produced by Olin in this litigation bearing the numbers OLN-000961922-942 (shown to deponent Damian Gumpel)

and designated OCEO. The portions of this Exhibit cited by DPPs are highlighted and may be found on OLN-000961937.

50. Attached as Exhibit 47 is a true and correct copy of PX 1858 produced by OxyChem in this litigation bearing the numbers OCC_00697822-23 (shown to deponent Grant Evans) and designated OCEO. The portions of this Exhibit cited by DPPs are highlighted and may be found on OCC_00697823.

51. Attached as Exhibit 48 is a true and correct copy of PX 698 produced by Shintech in this litigation bearing the numbers ST0000278833-37 (shown to deponent Kevin Joyce) and designated HC. The portions of this Exhibit cited by DPPs are highlighted and may be found on ST0000278833.

52. Attached as Exhibit 49 is a true and correct copy of PX 537 produced by Formosa in this litigation bearing the numbers FPC-USA-DPP-00169613-14 (shown to deponent Chris Chou) and designated “Confidential.” The portions of this Exhibit cited by DPPs are highlighted and may be found on FPC-USA-DPP-00169613.

53. Attached as Exhibit 50 is a true and correct copy of PX 451 produced by OxyChem in this litigation bearing the numbers OCC_00034499-501 (shown to deponent Heath Langford) and designated HC. The portions of this Exhibit cited by DPPs are highlighted and may be found on OCC_00034499-501.

54. Attached as Exhibit 51 is a true and correct copy of PX 897 produced by Olin in this litigation bearing the numbers OLN-000609517-19 (shown to deponent Peter Hartley) and designated OCEO. The portions of this Exhibit cited by DPPs are highlighted and may be found on OLN-000609517.

55. Attached as Exhibit 52 is a true and correct copy of an email and attachment produced by Olin in this litigation bearing the numbers OLN-000054751-55, and the email is designated OCEO and its attachment (OLN-000054752-55) is designated "Confidential." The portion of this Exhibit cited by DPPs is highlighted and may be found on OLN-000054752.

56. Attached as Exhibit 53 is a true and correct copy of PX 3106 produced by Olin in this litigation bearing the number OLN-000065994 (shown to deponent Toshiaki Ansai) and designated OCEO.

57. Attached as Exhibit 54 is a true and correct copy of PX 368 produced by OxyChem in this litigation bearing the numbers OCC_00024125-31 (shown to deponent Stephanie Brooks) and its pages numbered OCC_00024125-28 are designated OCEO and its pages numbered OCC_00024129-31 are designated "Confidential."

58. Attached as Exhibit 55 is a true and correct copy of PX 1567 produced by Westlake in this litigation bearing the number WL_0001565641 (shown to deponent Robert Buesinger) and designated OCEO.

59. Attached as Exhibit 56 is a true and correct copy of PX 2198 produced by Westlake in this litigation bearing the numbers WL_0000252670-71 (shown to deponent Lisa Ballard) and designated OCEO.

60. Attached as Exhibit 57 is a true and correct copy of PX 3119 produced by plaintiff VanDeMark in this litigation bearing the number VDM-CS-0004190 (shown to deponent Toshiaki Ansai) and designated "Confidential."

61. Attached as Exhibit 58 is a true and correct copy of PX 1576 produced by Olin in this litigation bearing the numbers OLN-000568988-89 (shown to deponent Steve Keenan) and designated OCEO.

62. Attached as Exhibit 59 is a true and correct copy of PX 594 produced by OxyChem in this litigation bearing the numbers OCC_0021870-76 (shown to deponent James Paulsen) and although the first page is designated "Confidential", the remaining pages are designated HC except for page numbered OCC_0021873, which is designated OCEO.

63. Attached as Exhibit 60 is a true and correct copy of PX 2206 produced by Westlake in this litigation bearing the numbers WL_0000364022-23 (shown to deponent Lisa Ballard) and designated OCEO.

64. Attached as Exhibit 61 is a true and correct copy of PX 2043 produced by Shintech in this litigation bearing the numbers ST0000050847-48 (shown to deponent Ashley Berryman (formerly Ashley Ponder)) and designated OCEO.

65. Attached as Exhibit 62 is a true and correct copy of PX 2559 produced by IHS in this litigation bearing the numbers IHSM025675-76 (shown to deponent Hazel Kreuz) and designated HC.

66. Attached as Exhibit 63 is a true and correct copy of PX 979 produced by Olin in this litigation bearing the number OLN-000271423 (shown to deponent Larry Kromidas) and designated OCEO.

67. Attached as Exhibit 64 is a true and correct copy of PX 2394 produced by Olin in this litigation bearing the numbers OLN-001120732-34 (shown to deponent Jim Varilek) and designated OCEO. The portions of this Exhibit cited by DPPs are highlighted and may be found on OLN-001120732-33.

68. Attached as Exhibit 65 is a true and correct copy of PX 2698 produced by OxyChem in this litigation bearing the numbers OCC_00399185-86 (shown to deponent Paul

Negris) and designated OCEO. The portions of this Exhibit cited by DPPs are highlighted and may be found on OCC_00399185.

69. Attached as Exhibit 66 is a true and correct copy of PX 2671 produced by OxyChem in this litigation bearing the numbers OCC_00461797-98 (shown to deponent Burnis J. Hebert) and designated HC. The portion of this Exhibit cited by DPPs is highlighted and may be found on OCC_00461797.

70. Attached as Exhibit 67 is a true and correct copy of PX 2930 produced by Olin in this litigation bearing the numbers OLN-001002826-29 (shown to deponent Bill Bowen) and designated "Confidential." The portion of this Exhibit cited by DPPs is highlighted and may be found on OLN-001002827.

71. Attached as Exhibit 68 is a true and correct copy of PX 665 produced by Olin in this litigation bearing the numbers OLN-000827901-907 (shown to deponent Scott Abel) and designated OCEO. The portion of this Exhibit cited by DPPs is highlighted and may be found on OLN-000827903.

72. Attached as Exhibit 69 is a true and correct copy of PX 497 produced by Formosa in this litigation bearing the numbers FPC-USA-DPP-00134342-68 (shown to deponent Chris Tang) and designated "Confidential." The portions of this Exhibit cited by DPPs are highlighted and may be found on FPC-USA-DPP-00134342, 134347, and 134360.

73. Attached as Exhibit 70 is a true and correct copy of PX 2781 produced by Olin in this litigation bearing the numbers OLN-000041211-14 (shown to deponent Damian Gumpel and designated OCEO. The portions of this Exhibit cited by DPPs are highlighted and may be found on OLN-000041212.

74. Attached as Exhibit 71 is a true and correct copy of PX 438, which is a printout of a spreadsheet produced by OxyChem in this litigation in native format bearing the bates number OCC_00051769 (shown to deponent Heath Langford) and designated HC.

75. Attached as Exhibit 72 is a true and correct copy of PX 369 produced by OxyChem in this litigation bearing the numbers OCC_00755739-44 (shown to deponent Stephanie Brooks) and designated HC.

76. Attached as Exhibit 73 is a true and correct copy of PX 710 produced by Shintech in this litigation bearing the numbers ST0000163405-11 (shown to deponent Kevin Joyce) and designated "OUTSIDE COUNSEL ONLY."

77. Attached as Exhibit 74 is a true and correct copy of PX 1108 produced by Olin in this litigation bearing the numbers OLN-000375189-90 (shown to deponent Rene Whigham) and designated OCEO.

78. Attached as Exhibit 75 is a true and correct copy of PX 876 produced by Olin in this litigation bearing the numbers OLN-001537421-24 (shown to deponent Peter Hartley) and designated OCEO.

79. Attached as Exhibit 76 is a true and correct copy of PX 192 produced by Olin in this litigation bearing the numbers OLN-000987943-45 (shown to deponent Zack Luick) and designated OCEO.

80. Attached as Exhibit 77 is a true and correct copy of PX 2901 produced by OxyChem in this litigation bearing the numbers OCC_00893954-62 (shown to deponent Tim Hillsley) and designated OCEO.

81. Attached as Exhibit 78 is a true and correct copy of PX 1434 produced by Westlake in this litigation bearing the numbers WL_0000133947-50 (shown to deponent

Bethany Sheppard (Stuchell)) and designated OCEO. The document numbered WL_0000133950 was produced in native format; the final three pages of PX 1434, which do not have bates numbers or confidentiality designations, are worksheets printed from that natively produced document, which was designated OCEO.

82. Attached as Exhibit 79 is a true and correct copy of PX 2307 produced by Olin in this litigation bearing the numbers OLN-001137179-80 (shown to deponent Justin Filey) and designated OCEO.

83. Attached as Exhibit 80 is a true and correct copy of PX 1795 produced by OxyChem in this litigation bearing the numbers OCC_00650494-95 (shown to deponent Mike Jakovich) and designated "Confidential."

84. Attached as Exhibit 81 is a true and correct copy of PX 2902 produced by OxyChem in this litigation bearing the number OCC_00332753 (shown to deponent Tim Hillsley) and designated OCEO.

85. Attached as Exhibit 82 is a true and correct copy of PX 2816 produced by Olin in this litigation bearing the numbers OLN-000982757-65 (shown to deponent Damian Gumpel) and designated OCEO. The portions of this Exhibit cited by DPPs are highlighted and may be found on OLN-0000982757.

86. Attached as Exhibit 83 is a true and correct copy of PX 247 produced by OxyChem in this litigation bearing the numbers OCC_00802900-902 (shown to deponent Jim Thomas) and designated HC.

87. Attached as Exhibit 84 is a true and correct copy of PX 2089 produced by Westlake in this litigation bearing the numbers WL_0000875177-79 (shown to deponent Joe Kovacs) and designated OCEO.

88. Attached as Exhibit 85 is a true and correct copy of PX 348 produced by OxyChem in this litigation bearing the number OCC_00016592 (shown to deponent Stephanie Brooks) and designated "Confidential."

89. Attached as Exhibit 86 is a true and correct copy of PX 363 produced by OxyChem in this litigation bearing the numbers OCC_00009002-9004 (shown to deponent Stephanie Brooks) and designated HC.

90. Attached as Exhibit 87 is a true and correct copy of PX 1792 produced by OxyChem in this litigation bearing the number OCC_00368669 (shown to deponent Mike Jakovich) and designated "Confidential."

91. Attached as Exhibit 88 is a true and correct copy of PX 2866 produced by OxyChem in this litigation bearing the numbers OCC_00362257 (shown to deponent Tim Hillsley) and designated HC.

92. Attached as Exhibit 89 is a true and correct copy of PX 1447 produced by Formosa in this litigation bearing the numbers FPC-USA-DPP-00282252-54 (shown to deponent Bethany Sheppard) and designated HC.

93. Attached as Exhibit 90 is a true and correct copy of PX 2761 produced by Olin in this litigation bearing the numbers OLN-000730158 (shown to deponent Damian Gumpel) and designated OCEO.

94. Attached as Exhibit 91 is a true and correct copy of PX 2143 produced by Westlake in this litigation bearing the numbers WL_0000033326-27 (shown to deponent Lisa Ballard) and designated OCEO.

95. Attached as Exhibit 92 is a true and correct copy of PX 747 produced by Olin in this litigation bearing the numbers OLN-000724405-406 (shown to deponent Wes Smith) and designated OCEO.

96. Attached as Exhibit 93 is a true and correct copy of PX 1278 produced by Formosa in this litigation bearing the numbers FPC-USA-DPP-00135104-105 (shown to deponent Kenny Lin) and designated "Confidential."

97. Attached as Exhibit 94 is a true and correct copy of PX 138 produced by Olin in this litigation bearing the number OLN-000389277 (shown to deponent Steve Nedvesky) and designated OCEO.

**Facts Supporting Appointment of the Named Plaintiffs as Class Representatives**

98. The named Plaintiffs in this litigation are Amrex Chemical Co., Inc. ("Amrex"), Main Pool & Chemical Company, Inc. ("Main Pool"), Miami Products & Chemical Company ("Miami Products"), Midwest Renewable Energy LLC ("Midwest Renewable"), Perry's Ice Cream Company, Inc. ("Perry's Ice Cream"), and VanDeMark Chemical, Inc. ("VanDeMark"). Each of the named Plaintiffs filed Sherman Act Section 1 claims on their own behalf and on behalf of a similarly situated class of direct purchasers.

99. Each of the named Plaintiffs, other than Perry's Ice Cream which received an assignment, directly purchased Caustic Soda from at least one of the Defendants. As direct purchasers of Caustic Soda from Defendants (or in one case an assignee of a direct purchaser) during the period from October 1, 2015 through December 31, 2018, it is submitted that the named Plaintiffs are adequate and appropriate class representatives, possess claims typical of other members of the class with interests in accord with those of the other direct purchaser class

members, and are incentivized to seek the maximum recovery from Defendants for the wrongdoing alleged.

100. It is submitted that the corporate representatives of the named Plaintiffs have amply demonstrated their commitment to their duties as class representatives by their conduct in connection with the litigation. From the inception of the litigation each has devoted time and energy to the litigation. Several have provided invaluable assistance to Counsel in the pre-filing investigation into the facts underlying this case. The named Plaintiffs also cooperated in providing extensive discovery herein, producing tens of thousands of documents to Defendants in response to document requests. Each also produced an appropriate corporate representative who testified at deposition, and most of them produced additional employees for deposition as well, in response to Defendants' requests.

**Facts Supporting Appointment of Cera LLP and Kaplan Fox as Co-Lead Class Counsel and Rupp Baase as Liaison Counsel**

101. The Court previously appointed Cera LLP and Kaplan Fox & Kilsheimer LLP ("Kaplan Fox") DPPs' Interim Co-Lead Class Counsel, and Rupp Baase Pfalzgraf Cunningham LLC ("Rupp Baase") Liaison Counsel, on May 17, 2019 (Dkt. 49). Interim Co-lead Class Counsel have been committed to aggressively prosecuting this case for more than three (3) years, having vigorously litigated this action on behalf of the class since filing the initial complaints on March 22, 2019. Cera LLP and Kaplan Fox devoted considerable resources to this matter in 2018, when they conducted an extensive pre-filing investigation. They and their colleagues also have devoted substantial resources to conducting extensive discovery including during a global pandemic that created personal and professional challenges for all parties.

102. During the course of their work, Interim Co-lead Class Counsel reached many agreements and understandings with Defendants and counsel for Indirect Purchaser Plaintiffs and

non-parties, in a sustained and concerted effort to advance the litigation in an orderly and efficient manner. These agreements included not only several case management orders, but also a protective order (Dkt. 184), an order regarding the production of electronically stored information ("ESI") and paper documents (Dkt. 194), a stipulated order governing the disclosure and non-disclosure of certain information regarding experts and consultants (Dkts. 205-206), a supplemental stipulated order regarding telephone records (Dkt. 223), a deposition protocol order (Dkt. 310), and a stipulation regarding certain requests for admission and authentication and admissibility of documents (Dkt. 453), all adopted by the Court, and most without the need for Court intervention.

103. Interim Co-lead Class Counsel have pursued discovery aggressively and efficiently since approximately May 2020 when the parties served initial disclosures. DPPs served document requests, interrogatories, and requests for admission on the Defendants to secure material essential for advancing their Sherman Act claims. Over the course of nearly two years of discovery, from approximately May 2020 through March 2022, Interim Co-lead Counsel among other things have:

(a) negotiated with Defendants concerning document custodians (current or former employees with Caustic Soda sales, pricing, marketing, distribution or production duties) for them to run extensive lists of search terms across Defendants' custodial ESI;

(b) resolved numerous discovery and related disputes through negotiation and compromise, and only where necessary pursued relief from the Court;

(c) subpoenaed telephone call data from carriers concerning dozens of telephone numbers of Defendants' employees who not only had Caustic Soda responsibilities, but also

contact with one or more other Defendants, and hired a consultant to organize that data and identify thousands of calls among the Defendants with each other and with alleged conduits;

(d) processed approximately 1.3 terabytes of Defendants' and non-parties' ESI;

(e) organized and analyzed over 1.53 million documents produced by Defendants, and an additional, approximately one hundred thousand records produced by Plaintiffs and non-parties, to identify key documents for use at depositions and to compile a comprehensive chronology of Defendants' contacts and meetings with each other, efforts that have helped illuminate the Defendants' agreements and transactions with each other, their discussions with alleged conduits of competitively sensitive information among them, and their alleged anticompetitive conduct that resulted in what Plaintiffs contend is the artificial inflation of the price of Caustic Soda above a competitive level during the Class Period;

(f) worked with the proposed class representatives to understand the Caustic Soda industry and to serve detailed answers to Defendants' sets of interrogatories and document requests; to locate and produce documents and electronic data regarding their purchases of Caustic Soda; and to prepare for and defend depositions of their employees;

(g) conducted fifty-seven (57) depositions of Defendants' key officers and employees and the current and former employees of certain non-parties, and defended thirteen (13) depositions of the class representative Plaintiffs, often using remote deposition technology that presented unique difficulties;

(h) secured the professional services of expert economists and statistics consultants to help determine the effects of the Defendants' conduct.

104. From the inception of this action through the present, Interim Co-lead Class Counsel and Liaison Counsel have coordinated the work of, and have worked cooperatively

with, several dozen lawyers and legal professionals at other law firms, including counsel for the Indirect Purchaser Plaintiffs. Collegial relations among counsel have advanced the interests of all Plaintiffs in efficiently pursuing recovery of damages from the Defendants.

105. As far as I am aware, no class member has expressed an interest in controlling the prosecution or defense of a separate action against the Defendants. Also, neither myself or my colleagues among Interim Co-lead Counsel are aware of any other direct purchaser litigation concerning this controversy already begun by, or against, class members.

Dated: April 25, 2022
San Francisco, California

By: *\/s/ Solomon B. Cera*
Solomon B. Cera