UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| IN RE CAUSTIC SODA ANTITRUST LITIGATION | Lead Case No.: 1:19-cv-00385- EAW-MJR |
|---|---|
| THIS DOCUMENT RELATES TO:<br><br>ALL DIRECT PURCHASER ACTIONS | |

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND DIRECTING NOTICE OF PROPOSED SETTLEMENT**

Certain parties to the above-captioned litigation, namely, direct purchaser plaintiffs Amrex Chemical Co., Inc., Main Pool & Chemical Co., Inc., Miami Products & Chemical Co., Midwest Renewable Energy, LLC, Perry's Ice Cream Company, Inc., and VanDeMark Chemical, Inc. (collectively, "DPPs" or "Plaintiffs"), and defendant Westlake Corporation (f/k/a Westlake Chemical Corporation) ("Westlake"), hereafter, collectively, the "Settling Parties," have applied for an order, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, in connection with a proposed settlement of the above-captioned litigation (hereafter, the "Action"), in accordance with the terms of the Settlement Agreement they entered into on of October 16, 2023 (hereafter, the "Settlement" or "Settlement Agreement"). The Court has carefully reviewed Plaintiffs' Motion for Preliminary Approval of Settlement with Westlake ("Motion"), and the declarations and exhibits accompanying and in support of the Motion, including the Settlement Agreement, and agrees with the Settling Parties that good cause exists for the Court to preliminarily approve the Settlement.

IT IS THEREFORE HEREBY ORDERED that:

1. <u>Preliminary Approval of the Settlement</u>. This Court has jurisdiction over this

Action and the Settling Parties. The Settlement Agreement, including the releases contained therein, is preliminarily approved as fair, reasonable, and adequate, in accordance with Rule 23(e) of the Federal Rules of Civil Procedure, pending a final hearing on the Settlement as provided herein. Specifically, the Court finds that the Plaintiffs, who are proposed Settlement Class Representatives, and their counsel, who are proposed Settlement Class Counsel, have adequately represented the class in all respects and are appointed Settlement Class Representatives and Settlement Class Counsel. The Court further finds that the terms of the Settlement were negotiated at arm's length by informed and experienced counsel; that the relief provided to the proposed Settlement Class under the Settlement is adequate, and will provide a benefit to all Settlement Class members; and that there would be costs, risks and delay associated with proceeding to trial and potential appeal. The Court further finds that the timing of the filing of the anticipated application for reimbursement of expenses incurred by Settlement Class Counsel on behalf of the Settlement Class and the application for an award of attorneys' fees is reasonable, and will review the reasonableness of the amounts requested for reimbursement of expenses and an award of attorneys' fees upon the timely filing of the application. Finally, the Court finds that the proposed Settlement treats class members equitably relative to each other, and provides benefits equally to all members of the Settlement Class.

      2.    <u>Certification of Settlement Class.</u> This Court certifies a Settlement Class defined as:

> All persons and/or entities who purchased in the United States directly from one or more of the Defendants (or from any of Defendants' predecessors, subsidiaries, or affiliates) liquid forms of membrane or diaphragm grade caustic soda at any time between October 1, 2015 and December 31, 2018 (the "Settlement Class").
>
> Excluded from the Settlement Class are Defendants, their predecessors, parents, subsidiaries, and affiliates, and all

government entities, agencies, and instrumentalities. For purposes of defining class membership and this exclusion, "predecessors" includes the Dow Chemical Company, whose chlor-alkali business was acquired by Olin Corporation effective October 5, 2015 and Axiall Corporation, which was acquired by Westlake Chemical Corporation effective August 31, 2016. Also excluded are purchases under: (i) long-term fixed price contracts that predate October 1, 2015, (ii) cost-based contracts (such as cost-plus contracts) with no component of price based on a caustic soda index, and (iii) contracts that are based on an ECU (electrochemical unit) basis with no component of price based on a caustic soda index.

3. <u>Appointment of Settlement Class Representatives.</u> The Court finds and determines, pursuant to Rule 23(a) of the Federal Rules of Civil Procedure, that the Plaintiffs will fairly and adequately represent the interests of the Settlement Class in enforcing their rights in the Action and appoints them as Settlement Class Representatives. The Court further finds, for purposes of this Settlement, that they are similarly situated to absent Settlement Class Members and are typical of the Class, and that they will be adequate Settlement Class Representatives.

4. <u>Appointment of Settlement Class Counsel.</u> The Court previously appointed the firms of Cera LLP and Kaplan Fox & Kilsheimer LLP Interim Co-Lead Class Counsel in this Action. The Court now appoints Cera LLP and Kaplan Fox & Kilsheimer LLP to be Settlement Class Counsel and authorizes them to enter into the Settlement on behalf of the Settlement Class Representatives and the Settlement Class, subject to its final approval by the Court.

5. <u>Notice to the Settlement Class.</u> The Court hereby directs notice to be distributed to the Settlement Class members pursuant to Federal Rule of Civil Procedure ("Rule") 23(c)(2). Kurtzman Carson Consultants LLC ("KCC") is hereby appointed as Claims Administrator and ordered to effectuate the notice plan. Huntington National Bank is hereby appointed as the Escrow Agent for the Settlement. The proposed notice plan set forth in the Motion and the supporting declaration complies with Rule 23(c)(2)(B) and due process as it constitutes the best notice that is

practicable under the circumstances, including individual notice via mail of members of the proposed Settlement Class and publication notice to the general public. The direct mail notice will be supported by reasonable publication notice via a press release and an ad in *The Wall Street Journal* in order to reach Settlement Class members who could not be individually identified. The attached proposed notice documents, the Long Form Notice (Exhibit "A") and the Summary Publication Notice (Exhibit "B"), and their manner of transmission, comply with Rule 23(c)(2)(B) and due process because the notices are reasonably calculated to adequately apprise Settlement Class members of (i) the nature of the action; (ii) the definition of the certified Settlement Class; (iii) the class claims, issues, or defenses; (iv) that a Settlement Class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the Settlement Class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3). The Court further finds that the notices are written in simple terminology that is readily understandable by Settlement Class Members. Non-substantive changes, such as typographical errors, can be made to the notice documents by agreement of the parties without leave of the Court.

6. <u>Schedule for Notice to the Class and Fairness Hearing</u>. The Court hereby sets the following schedule for the dissemination of notice to members of the Settlement Class, for Settlement Class members to object to or exclude themselves from the Settlement, for Settlement Class members to object to the terms of the Settlement, or for Settlement Class members to object to the Plan of Allocation, or for Settlement Class members to object to the application by Settlement Class Counsel for reimbursement of expenses or for an award of attorneys' fees. This Court may order the Fairness Hearing to be postponed, adjourned, or continued. If that occurs, the updated hearing date shall be posted on the Settlement Website, but other than the website posting

the Settling Parties will not be required to provide any additional notice to Settlement Class members.

| DATE | EVENT | DEADLINE |
|---|---|---|
| | Westlake to send notices of the Settlement as required by the Class Action Fairness Act, 28 U.S.C. § 1715 | Within 10 days after the filing of Plaintiffs' Motion for Preliminary Approval of Settlement, per 28 U.S.C. § 1715(b) |
| | Date by which long form notices will begin to be disseminated by mail to each member of the proposed Settlement Class whose address can be identified from defendants' transaction data (the "Notice Date") | Within 21 days after entry of the Order preliminarily approving the Settlement |
| | Publication of long-form and summary notices on the Settlement website | On or before the Notice Date |
| | Issuance of a press release and publication of summary notice one time in *The Wall Street Journal* | As soon as practicable after the Notice Date |
| | Filing of Motion for Final Approval of the Settlement | No later than 30 days before the date set by the Court for the Fairness Hearing |
| | Submission of Settlement Class Counsel's application for an award of attorneys' fees and reimbursement of expenses | No later than 30 days before the date set by the Court for the Fairness Hearing |
| | Deadline for class members to opt out or object to the Settlement, and/or object to the application for attorneys' fees and/or reimbursement of expenses and/or the pro rata Plan of Allocation | No later than 20 days before the date set by the Court for the Fairness Hearing |
| | Filing of supplemental memorandum in support of Final Approval of the Settlement that identifies and | No later than 10 days before the date set by the Court for the Fairness Hearing |

|  | responds to any objection to the Settlement and/or application for an award of attorneys' fees and/or reimbursement of expenses and/or Plan of Allocation, and that also submits a declaration from the claims administrator identifying any entities who opted out of the Settlement |  |
|---|---|---|
|  | Fairness Hearing | To be determined by the Court (no earlier than 100 days from entry of the Order preliminarily approving the Settlement). |

7. <u>Objections and Appearances.</u> Any Settlement Class Member may enter an appearance in this Action, at its own expense, individually or through counsel of its own choice. If a Settlement Class Member does not enter an appearance, it will be represented by Settlement Class Counsel. Any Settlement Class Member who wishes to object to the Settlement or the application of Settlement Class Counsel for an award of attorneys' fees and/or reimbursement of expenses, or who wishes to appear at the Fairness Hearing and show cause, if any, why the Settlement should not be approved as fair, reasonable, and adequate to the Class, or why a final judgment should not be entered thereon, or why the application for an award of attorneys' fees and reimbursement of expenses should not be granted, may do so, but must proceed as set forth in this paragraph. No Settlement Class Member or other person will be heard on such matters unless they have filed in this Action, and served concurrently on Settlement Class Counsel and Westlake's Counsel, the objection, together with any briefs, papers, statements, or other materials the Settlement Class Member or other person wishes the Court to consider, no later than forty-five (45) days from the date of dissemination of notice to the Settlement Class as set forth in the final notice mailed to class members. Any objection must include: (i) the objector's full name, address, telephone number, and e-mail address (if any); (ii) information identifying the objector as a

Settlement Class Member, including proof that the objector is a member of the Settlement Class (e.g., proof of purchase of caustic soda directly from a defendant during the October 1, 2015 through December 31, 2018, period); (iii) a written statement of all grounds for the objection, accompanied by any legal support for the objection the objector believes applicable; (iv) the identity of all counsel representing the objector, if any; (v) the identity of all counsel representing the objector who will appear at the Fairness Hearing, if any; (vi) a list of all persons who will be called to testify at the Fairness Hearing in support of the objection, if any; (vii) a statement confirming whether the objector intends to personally appear and/or testify at the Fairness Hearing; (viii) the objector's signature and the signature of the objector's duly authorized attorney or other duly authorized representative (along with documentation setting forth such representation), if any; (ix) a list, by case name, court, and docket number, of all other cases in which the objector (directly or through counsel) has filed an objection to any proposed class action settlement within the last three years; and (x) a list, by case name, court, and docket number, of all other cases in which the objector's counsel (on behalf of any person or entity) has filed an objection to any proposed class action settlement within the last three years. Any Settlement Class Member who does not make their objections in the manner and by the date set forth in this Order shall be deemed to have waived any objections to the Settlement.

8. <u>Reasonable Procedures</u>. Settlement Class Counsel and counsel for Westlake are hereby authorized to use all reasonable procedures in connection with approval of the Settlement that are not materially inconsistent with this Order or the Settlement Agreement.

9. <u>Extension of Deadlines</u>. Upon application of the Settling Parties and good cause shown, the deadlines set forth in this Order may be extended by order of the Court, without further notice to the Class. The Court reserves the right to adjourn or continue the Fairness Hearing, and/or

to extend the deadlines set forth in this Order, without further notice of any kind to the Class.

10. <u>If Effective Date Does Not Occur</u>. In the event that the Effective Date as defined in the Settlement Agreement does not occur, this Preliminary Approval, and all other orders entered and releases delivered in connection herewith, shall be vacated and shall become null and void.

11. The Court's certification of the Settlement Class as provided herein is without prejudice to, or waiver of the rights of any defendant to contest certification of any litigation class proposed in this action. The Court's findings in this Order shall have no effect on the Court's ruling on any motion to certify any litigation class and no party may cite or refer to the Court's approval of the Settlement Class as persuasive or binding authority with respect to any motion to certify any litigation class.

**SO ORDERED**.

                                                          Hon. Elizabeth A. Wolford
                                                          Chief Judge
                                                          United States District Court

Dated: _____
       Rochester, New York