UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MIAMI PRODUCTS & CHEMICAL CO.,
On Behalf of Itself and All Others Similarly
Situated, et al.,

     Plaintiff,

  v.

OLIN CORPORATION, et al.,

     Defendants.
_____

**DECISION AND ORDER**

1:19-CV-00385 EAW

AMREX CHEMICAL CO., INC.,
On Behalf of Itself and All Others Similarly
Situated,

     Plaintiff,

  v.

OLIN CORPORATION, et al.,

     Defendants.
_____

1:19-CV-00386 EAW

MIDWEST RENEWABLE ENERGY,
LLC, On Behalf of Itself and All Others
Similarly Situated,

     Plaintiff,

  v.

OLIN CORPORATION, et al.,

     Defendants.
_____

1:19-CV-00392 EAW

_____

MAIN POOL AND CHEMICAL CO., INC., On Behalf of Itself and All Others Similarly Situated,

        Plaintiff,

    v.

OLIN CORPORATION, et al.,

        Defendants.

1:19-CV-00393 EAW

_____

PERRY'S ICE CREAM COMPANY, INC., On Behalf of Itself and All Others Similarly Situated,

        Plaintiff,

    v.

OLIN CORPORATION, et al.,

        Defendants.

1:19-CV-00403 EAW

_____

THE TRIPP PLATING WORKS, INC., On Behalf of Itself and All Others Similarly Situated, et al.,

        Plaintiffs,

    v.

OLIN CORPORATION, et al.,

        Defendants.

1:19-CV-00975 EAW

_____

## BACKGROUND

Plaintiffs Miami Products & Chemical Co. ("Miami Products"), Amrex Chemical Co., Inc., Main Pool and Chemical Co., Inc., Midwest Renewable Energy, LLC, Perry's Ice Cream Company, Inc., and VanDeMark Chemical, Inc. (collectively "Direct Purchaser Plaintiffs" or "DPPs") allege that defendants Olin Corporation ("Olin"), K.A. Steel Chemicals, Inc. ("K.A. Steel"), Occidental Chemical Corporation ("OxyChem"), Westlake Chemical Corporation ("Westlake"), Shintech Incorporated ("Shintech"), and Formosa Plastics Corporation, U.S.A. ("Formosa USA") have violated Section 1 of the Sherman Act, 15 U.S.C. § 1, by entering into a combination or conspiracy to artificially reduce or eliminate competition for the pricing of caustic soda sold to purchasers in the United States. (Dkt. 51).[1] On December 28, 2023, the Court entered a Decision and Order denying DPPs' motion for class certification. (Dkt. 724 ("Class Certification D&O"); *see* Dkt. 729 (unredacted version)).

DPPs entered into settlement agreements with Formosa USA, Westlake, and Shintech in July, October, and December of 2023, respectively, and later moved for preliminary approval of each of those settlement agreements. (*See* Dkt. 702; Dkt. 710; Dkt. 720; Dkt. 754-3; Dkt. 754-4; Dkt. 754-5). On June 24, 2024, the Court entered a Decision and Order denying DPPs' motions for preliminary approval of their settlement

---

[1]     Miami Products has voluntarily dismissed its claims against Olin, K.A. Steel, and OxyChem only. (Dkt. 751). The other Direct Purchaser Plaintiffs continue to maintain their claims against these defendants, and Miami Products continues to maintain its claims against the defendants other than Olin, K.A. Steel, and OxyChem.

agreements with Formosa USA, Westlake, and Shintech. (Dkt. 752) ("Preliminary Approval Denial D&O"). Familiarity with the Class Certification D&O, the Preliminary Approval Denial D&O, and the procedural history of this matter is assumed for purposes of this Decision and Order.

DPPs have now filed an amended motion for preliminary approval of their settlement agreements with Formosa USA, Westlake, and Shintech. (Dkt. 754). Formosa USA, Westlake, and Shintech oppose this motion. (Dkt. 768; Dkt. 769). For the reasons below, the Court denies DPPs' amended motion.

## DISCUSSION

### I. Standard of Review/Legal Basis for Motion

As a threshold matter, the parties disagree about the legal basis for DPPs' amended motion and the legal standard applicable thereto. Formosa USA, Westlake, and Shintech argue that DPPs' amended motion should be construed as a motion for reconsideration. (Dkt. 768 at 8-10; Dkt. 769 at 9-13). DPPs contend that they are not seeking reconsideration, but are instead "moving under Rule 23(c)(1)(C) to amend the denial of a Settlement Class." (Dkt. 771 at 6).[2]

---

[2] This is a belated argument by DPPs, made in reply. (*See* Dkt. 771 at 6 ("Direct Purchaser Plaintiffs . . . are moving under Rule 23(c)(1)(C) to amend the denial of a Settlement Class.")). Notably, DPPs' notice of motion states that they are moving "pursuant to Rule 23(e) of the Federal Rules of Civil Procedure" (Dkt. 754 at 1) and their moving papers do not cite Rule 23(c)(1)(C) or discuss its standards. Of course, the Court need not consider arguments raised for the first time in a reply brief, *see Jiles v. Rochester Genesee Reg'l Trans. Auth.*, 317 F. Supp. 3d 695, 701 (W.D.N.Y. 2018), and would be justified in rejecting DPPs' contention on that basis alone.

DPPs' argument misapprehends the procedural basis for the Preliminary Approval Denial D&O. Unlike the Class Certification D&O, the Preliminary Approval Denial D&O was <u>not</u> a denial of class certification under Federal Rule of Civil Procedure 23(c). Instead, the Court decided the Preliminary Approval Denial D&O under the standards of Rule 23(e), which sets forth the procedures that apply to "a proposed settlement, voluntary dismissal, or compromise" of "[t]he claims, issues, or defenses of a certified class . . . or a class proposed to be certified for purposes of settlement[.]" Fed. R. Civ. P. 23(e). The Preliminary Approval Denial D&O was clear in this regard, explaining that the Court was denying the motions under Rule 23(e)(1)(B)(ii), because the parties had not shown that the Court would likely be able to certify the class for purposes of judgment on their proposals. (Dkt. 752 at 13).

Because the Preliminary Approval Denial D&O was a decision denying preliminary approval of the settlement agreements under Rule 23(e)(1), Rule 23(c)(1)(C)—which provides that "[a]n order that grants or denies class certification may be altered or amended before final judgment"—has no applicability to DPPs' amended motion.[3] Instead, the Court agrees with Formosa USA, Westlake, and Shintech that the relief DPPs seek is for

---

[3]   Rule 23 itself recognizes that a decision denying class certification under Rule 23(c) and a decision denying preliminary approval under Rule 23(e)(1) are not the same thing. Rule 23(f) provides that "[a] court of appeals may permit an appeal from an order granting or denying class-action certification under this rule, but not from an order under Rule 23(e)(1)." Fed. R. Civ. P. 23(f) (emphasis added). DPPs know that their motions for preliminary approval were made under Rule 23(e), as they stated in their amended motion that they "hereby amend their motions for preliminary approval under Rule 23(e)[.]" (Dkt. 754-1 at 5).

the Court to reconsider its conclusion that preliminary approval of the settlement agreements at issue—which are the same settlement agreements at issue on the prior motion—is not appropriate under Rule 23(e)(1). The Court accordingly applies the standards applicable on a motion for reconsideration.

"The standard for granting . . . a motion [for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Common grounds for reconsideration include "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (quotation and citation omitted). "These criteria are strictly construed against the moving party so as to avoid repetitive arguments on issues that have been considered fully by the court." *Lettieri v. Dep't of Just.*, No. 23-CV-865-LJV, 2024 WL 2030113, at *2 (W.D.N.Y. Apr. 10, 2024) (quotation and citation omitted). The decision to grant or deny a motion for reconsideration is within "the sound discretion of the district court. . . ." *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009) (citation omitted).

II.  **Reconsideration is not Warranted**

The Court finds that DPPs have not satisfied the standard for reconsideration. The only changed circumstance between the Court's issuance of the Preliminary Approval

Denial D&O and DPPs' amended motion is that DPPs now propose that the Court change the definition of the proposed settlement class. But the settlement agreements that DPPs are asking the Court to approve expressly define the proposed settlement class. (*See* Dkt. 754-3 at 4 (Formosa USA settlement agreement); Dkt. 754-4 at 4 (Westlake settlement agreement); Dkt. 754-5 at 4 (Shintech settlement agreement); *see also* Dkt. 748 at 17 ("THE COURT: You not only have it in the proposed class certification motion and the litigation context, it's part of all of the proposed settlements. [DPPS' COUNSEL]: It is. It is.")). DPPs thus propose that the Court should rewrite a provision of each settlement agreement and then approve the settlement agreements as modified.

Initially, DPPs have offered no reason why they did not make this proposal before the Court's issuance of the Preliminary Approval Denial D&O. After it issued the Class Certification D&O denying class certification, the Court repeatedly afforded DPPs the opportunity to offer argument as to why the Court should nevertheless grant the preliminary approval motions. (*See* Dkt. 728; Dkt. 735; Dkt. 739). At no point did DPPs suggest that the Court could or should rewrite the agreed-upon definitions of the proposed settlement class, despite there being no obstacle to their making such an argument at that time. "A motion for reconsideration cannot be employed as a vehicle for asserting new arguments or for introducing new evidence that could have been adduced during the pendency of the underlying motion." *Palmer v. Sena*, 474 F. Supp. 2d 353, 355 (D. Conn. 2007) (quotation omitted).

Further, "[w]hile court approval is required [under Rule 23(e)], the judge cannot rewrite the agreement." *Patterson v. Premier Constr. Co. Inc.*, No. 15-CV-00662 SLTST, 2017 WL 122986, at *2 (E.D.N.Y. Jan. 12, 2017) (quotation omitted); *see Evans v. Jeff D.*, 475 U.S. 717, 726-27 (1986) ("[Under] Rule 23(e). . . the power to approve or reject a settlement negotiated by the parties before trial does not authorize the court to require the parties to accept a settlement to which they have not agreed."); *In re Warner Commun. Sec. Litig.*, 798 F.2d 35, 37 (2d. Cir. 1986) ("[I]t is not a district judge's job to dictate the terms of a class settlement."). DPPs seek to circumvent this well-established case law by arguing that modifying the composition of the proposed settlement class "does not materially alter the contractual agreements the Settling Defendants executed." (Dkt. 754-1 at 11). But as Formosa USA and Westlake correctly point out in their opposition papers, the modification to the definition of the proposed settlement class proposed by DPPs "includes caustic soda purchases made under contracts with pricing formulas that, by DPPs' own admission, could not have been and were not impacted by price increase announcements." (Dkt. 768 at 7).

DPPs' counsel stated during oral argument on the original motions for preliminary approval that "given the nature of [the] transactions [excluded from the proposed settlement class definition], that those people who bought pursuant to the purchase exclusions could not have been impacted by the alleged wrongful conduct, the alleged conduct in violation of Section 1 of the Sherman Act, the conspiracy to raise prices. So the point of the exclusion was fairness and to conform to the theory of the case." (Dkt. 748 at 17). The Court disagrees with DPPs that modifying the definition of the proposed

settlement class to include purchases that by DPPs' own description cannot possibly have been impacted by the alleged wrongdoing can be considered immaterial. And because the Court has no authority to require Formosa USA, Westlake, and Shintech to abide by material settlement terms to which they never agreed, the Court cannot, as DPPs urge, simply modify the agreed-upon definitions of the proposed settlement class to address the concerns raised in the Preliminary Approval Denial D&O without the consent of Formosa USA, Westlake, and Shintech.

Formosa USA, Westlake, and Shintech also argue that the settlement agreements into which they entered were terminated after the Court entered the Preliminary Approval Denial D&O. (*See* Dkt. 768 at 5-6; Dkt. 769 at 5-6). As to Shintech, the Court finds this argument clearly meritorious. The settlement agreement between Shintech and DPPs provides in unambiguous terms:

> Settling Defendant and Settling Plaintiffs shall each have the option to terminate the Settlement Agreement and have the Settlement Payment refunded to Settling Defendant <u>if the Court declines to grant preliminary approval to the Settlement Agreement</u> or if the Court declines to grant final approval to the Settlement Agreement without material alteration of its terms, or if such approval is set aside on appeal.

(Dkt. 754-5 at 18) (emphasis added). On June 27, 2024, three days after issuance of the Preliminary Approval Denial D&O, Shintech sent a letter to DPPs "exercis[ing] its option to terminate the Settlement Agreement made and entered into on December 5, 2023[.]" (Dkt. 769-3 at 3). It is thus clear from the record before the Court that Shintech terminated its settlement agreement in accordance with its terms.

DPPs argue that Rule 23(c)(1)(C) somehow means that the Preliminary Approval Denial D&O was "not final" and therefore did not permit Shintech to exercise its right to terminate the settlement agreement. (Dkt. 771 at 10). As discussed above, Rule 23(c)(1)(C) has no applicability to the Preliminary Approval Denial D&O, which was decided under Rule 23(e)(1). Further, nothing in the Shintech settlement agreement says that the Court must "finally" decline to preliminarily approve the settlement agreement to trigger the parties' ability to terminate. The clear, unambiguous language of the settlement agreement permits Shintech to terminate "if the Court declines to grant preliminary approval to the Settlement Agreement." The Court did just that. Thus, Shintech is correct that the settlement agreement has been terminated in accordance with its own terms and cannot be approved by the Court.

The termination arguments advanced by Formosa USA and Westlake are less straightforward, because the settlement agreements they entered into do not contain a comparable provision regarding the denial of preliminary approval. The Court need not and does not resolve these more complicated contract interpretation issues at this time, because it concludes that DPPs' amended motion must be denied as to Formosa USA and Westlake even if their settlement agreements have not been terminated, for the reasons previously discussed.

## CONCLUSION

For all these reasons, the Court denies DPPs' amended motion for preliminary approval of their settlement agreements with Formosa USA, Westlake, and Shintech. (Dkt. 754).

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated: October 29, 2024
       Rochester, New York