UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MIAMI PRODUCTS & CHEMICAL CO.,
et al.,

        Plaintiffs,

      v.

OLIN CORPORATION, et al.,

        Defendants.
_____

**DECISION AND ORDER**

1:19-CV-00385 EAW

AMREX CHEMICAL CO., INC.,

        Plaintiff,

      v.

OLIN CORPORATION, et al.,

        Defendants.
_____

1:19-CV-00386 EAW

MIDWEST RENEWABLE ENERGY, LLC,

        Plaintiff,

      v.

OLIN CORPORATION, et al.,

        Defendants.
_____

1:19-CV-00392 EAW

_____

MAIN POOL AND CHEMICAL CO., INC.,

       Plaintiff,

   v.

OLIN CORPORATION, et al.,

       Defendants.
_____

PERRY'S ICE CREAM COMPANY, INC.,

       Plaintiff,

   v.

OLIN CORPORATION, et al.,

       Defendants.
_____

1:19-CV-00393 EAW

1:19-CV-00403 EAW

## **INTRODUCTION**

In these consolidated actions,[1] Plaintiffs Miami Products & Chemical Co., Amrex Chemical Co., Inc., Main Pool and Chemical Co., Inc., Midwest Renewable Energy, LLC, Perry's Ice Cream Company, Inc., and VanDeMark Chemical, Inc. (collectively "Direct Purchaser Plaintiffs" or "DPPs") allege that defendants Olin Corporation, K.A. Steel Chemicals, Inc., Occidental Chemical Corporation, Westlake Chemical Corporation, Shintech Incorporated, and Formosa Plastics Corporation, U.S.A. (collectively,

---

[1] Unless otherwise noted, all docket references herein refer to Civil Action No. 19-cv-00385, which is the lead action.

"Defendants") have violated Section 1 of the Sherman Act, 15 U.S.C. § 1, by entering into a combination or conspiracy to artificially reduce or eliminate competition for the pricing of caustic soda sold to purchasers in the United States. (Dkt. 51).

Currently pending before the Court are five motions to seal portions of briefs and exhibits exchanged[2] in connection with motions for summary judgment and *Daubert* motions, and related materials filed in connection with the instant requests to seal portions of those documents. (Dkt. 812; Dkt. 819; Dkt. 823; Dkt. 826; Dkt. 850). For the reasons set forth below, the motions are granted in part and denied as moot in part as set forth herein.

## BACKGROUND

The factual and procedural background of this matter is set forth in detail in prior Decision and Orders (*e.g.*, Dkt. 119; Dkt. 308; Dkt. 309; Dkt. 501; Dkt. 724; Dkt. 752; Dkt. 785), familiarity with which is assumed for purposes of the instant Decision and Order. Currently pending before the Court are the following motions to seal:

---

[2] Pursuant to a Text Order entered on July 25, 2024, the Court required the parties to bundle for filing any motions for summary judgment, as well as the responses and replies to such motions, in accordance with an agreed-upon schedule. (Dkt. 765). Motions to seal were to be filed on the electronic docket as soon as practicable but no later than three weeks after the papers as to which sealing was sought were served, to be resolved by the Court as expeditiously as possible. The procedures were also applicable to any *Daubert* motions filed in connection with the anticipated motions for summary judgment. (*Id.*). The Text Order provided that within five days of the motions for summary judgment becoming fully briefed or of the Court's resolution of all motions to seal, whichever is later, the parties shall send their motion papers via email to the Court. As set forth herein, the Court is modifying the manner in which the materials will be filed on the docket.

(1) Defendants' joint motion to seal portions of summary judgment and *Daubert* motion briefs exchanged on December 20, 2024 (and re-served on February 21, 2025), and February 7, 2025 (Dkt. 812);

(2) DPPs' motion to seal exhibits filed in support of DPPs' opposition to Defendants' joint motion to seal filed at Docket 812 (Dkt. 819);

(3) Defendants' motion to seal portions of Defendants' reply papers to DPPs' opposition to Defendants' joint motion to seal filed at Docket 812 (Dkt. 823);

(4) DPPs' motion to seal certain exhibits to the supplemental declaration of Nicholas A. Vona filed in support of DPPs' motion for leave to file a sur-reply in further opposition to Defendants' joint motion to seal filed at Docket 812 (Dkt. 826); and

(5) Defendants' unopposed motion to seal portions of the transcript of the oral argument on the pending motions (Dkt. 850).

On August 1, 2025, oral argument was held on the first four above-referenced motions (*i.e.*, Docket 812, Docket 819, Docket 823, and Docket 826). (Dkt. 843). At that time, the parties confirmed that many of their disputes had been resolved since the time the motions were filed. The Court heard argument on the remaining disputed matters and advised the parties that it was considering the appointment of a special master to resolve their disputes in light of the breadth of the materials sought to be sealed and amount of time that would be required to review and address the disputes, particularly where the parties were not even in agreement at that time as to which matters remained outstanding. But after

argument, by letters dated September 16, 2025 (Dkt. 848) and October 22, 2025 (Dkt. 851), the parties informed the Court that some or all of the disputes among them had been resolved.

On October 27, 2025, the Court entered a Text Order requiring the parties to file a joint submission that outlined their proposed resolution of each of the pending sealing motions and specified whether any unresolved sealing disputes remained. (Dkt. 852). On November 7, 2025, the parties filed a submission that confirmed that they had resolved all outstanding sealing disputes. (Dkt. 855). The parties prepared and filed an appendix which identifies the documents and materials as to which there is no dispute about whether sealing or redaction is appropriate and cites the basis for each proposed sealing or redaction. (*Id.*, Dkt. 855-1 at 2-37). In addition, the parties prepared an appendix to identify those documents that were originally sought to be sealed by the motion filed at Docket 812 but for which the parties no longer object to being publicly filed (Dkt. 855-1 at 39-40), as well an identification and submission of documents previously sealed in this matter but to which Defendants waive any objection to publicizing subject to agreed-upon redactions (*id* at 41-43). The parties also prepared and filed a proposed order as directed. (Dkt. 855-4).

## DISCUSSION

"In deciding whether to seal or unseal filed materials, a court properly conducts a three-step inquiry: 'First, the court determines whether the record at issue is a judicial document—a document to which the presumption of public access attaches. Second, if the record sought is determined to be a judicial document, the court proceeds to determine the weight of the presumption of access to that document. Third, the court must identify all of

the factors that legitimately counsel against disclosure of the judicial document and balance those factors against the weight properly accorded the presumption of access.'" *Giuffre v. Maxwell*, 146 F.4th 165, 175 (2d Cir. 2025) (quoting *Stafford v. Int'l Bus. Machs. Corp.*, 78 F.4th 62, 69-70 (2d Cir. 2023)). To overcome the presumption of public access to judicial documents, the Court must make "specific, on-the-record findings that sealing is necessary to preserve higher values" and any sealing order must be "narrowly tailored to achieve that aim." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006). That said, "district courts need not provide granular justifications for each redaction or even each sealing, as such a requirement would place an unworkable burden on district courts," nor are "line-by-line justifications for each redaction" required to demonstrate that the Court has conducted an individualized review of the proposed sealed and redacted materials. *United States v. Greenwood*, 145 F.4th 248, 257 (2d Cir. 2025). The fact that parties agree to seal certain information does not obviate the need for Court review. *See Cantinieri v. Verisk Analytics, Inc.*, No. 21CV6911(NJC)(JMW), 2024 WL 759317, at *2 (E.D.N.Y. Feb. 23, 2024) ("Although the parties are moving jointly to seal these documents (ECF No. 76), and despite the existence of a court-approved protective order allowing the parties to designate materials as confidential and to request permission to file such documents under seal (ECF No. 38), this Court must—given the common law right of public access to judicial documents firmly rooted in our nation's history—ensure that the requested sealing is narrowly tailored and 'is necessary to preserve higher values' above the public's right to transparency." (quoting *Lugosch*, 435 F.3d at 119, 124)). The burden is on the proponent of

sealing to overcome the presumption of public access to judicial documents. *United States v. Buff*, No. 23-1070-CV, 2024 WL 4262956, at *3 (2d Cir. Sept. 23, 2024).

Documents submitted in connection with a motion for summary judgment are judicial records to which a strong presumption of access applies. *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 142 (2d Cir. 2016) ("Conversely, where documents directly affect an adjudication, . . . or are used to determine litigants' substantive legal rights, the presumption of access is at its zenith, . . . and thus can be overcome only by extraordinary circumstances." (quotations and citations omitted)); *McDay v. Eckert*, No. 1:20-CV-233-JLS-JJM, 2025 WL 2115475, at *1 (W.D.N.Y. July 29, 2025) ("[D]ocuments used by parties moving for, or opposing, summary judgment should not remain under seal absent the most compelling reasons." (quoting *Lugosch*, 435 F.3d at 121)); *Knight v. MTA - New York City Transit*, No. 19-CV-1428 (PKC) (LB), 2024 WL 4350417, at *27 (E.D.N.Y. Sept. 30, 2024) ("Documents submitted for consideration with summary judgment motions are considered, as a matter of law, 'judicial documents to which a strong presumption of access attaches.'" (quoting *Mark v. Gawker Media LLC*, No. 13-CV-4347 (AJN), 2015 WL 7288641, at *1 (S.D.N.Y. Nov. 16, 2015))). Documents filed in connection with motions to exclude experts are also judicial documents to which a slightly lesser but still substantial presumption of public access applies. *Ndugga v. Bloomberg L.P.*, No. 20 CIV. 7464 (GHW) (GWG), 2025 WL 2302089, at *1 (S.D.N.Y. Aug. 11, 2025) ("Filings related to *Daubert* motions . . . are subject to a strong presumption of access under the common law and the First Amendment."); *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, No.

14-MC-2542 (VSB), 2023 WL 196134, at *3 (S.D.N.Y. Jan. 17, 2023) ("A significant presumption of access also exists for filings related to *Daubert* motions. . . . As with motions for summary judgment, this presumption extends to all materials associated with *Daubert* motions." (citation omitted)).

Here, the parties agree that the information that is sought to be sealed either (1) has already been determined to be subject to sealing in prior Court decisions in this case for reasons that apply equally to the current requests (identified in Table 1 at Dkt. 855-1 at 2-5) or (2) is subject to sealing because the information is non-stale, confidential, commercially sensitive information that would damage the business interests of the parties or third parties if publicly filed (identified in Table 2 at *id.* at 6-38).  It is appropriate to permit redaction of "specific business information and strategies, which, if revealed, may provide valuable insights into a company's current business practices that a competitor would seek to exploit." *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (quotation and citation omitted); *see also Graczyk v. Verizon Commc'ns, Inc.*, No. 18 CIV. 6465 (PGG), 2020 WL 1435031, at *9 (S.D.N.Y. Mar. 24, 2020) (permitting redaction of "sensitive financial information"); *In re Digital Music Antitrust Litig.*, 321 F.R.D. 64, 82 n.1 (S.D.N.Y. 2017) (holding that "internal pricing strategies and competitive pricing data [are] sufficiently sensitive to warrant redaction").  The Court has reviewed the parties' proposed sealing and redaction requests and agrees that they are narrowly tailored to serve the identified confidentiality interests and for the reasons identified in the appendices to the

November 7, 2025 filing, adopts the parties' proposed sealing and redaction requests. (Dkt. 855).

Accordingly, Defendants' joint motion to seal (Dkt. 812) is granted as set forth in the appendices of the parties' November 7, 2025 joint submission and denied in part as moot as to those matters to which the requests to seal have been withdrawn, and the remaining motions to seal (Dkt. 819; Dkt. 823; Dkt. 826; and Dkt. 850) are granted. The Court will arrange to file the redacted transcript from the August 1, 2025 oral argument (Dkt. 850-3) on the docket and for the filing of the full unredacted transcript under seal.

The parties are directed to prepare their summary judgment and *Daubert* motions for filing in accordance with these rulings. In light of the sheer volume of documents being filed in connection with the motions for summary judgment and related *Daubert* motions, the Court is modifying its prior text order (Dkt. 765) as follows:

First, redacted versions of Defendants' motions for summary judgment and *Daubert* motions shall be filed on the docket on or before December 19, 2025. Within 14 days of that filing, Defendants shall send to the Court a single flash drive containing unredacted PDFs of all of their moving papers as to which sealing has been granted. Each PDF shall be named using the following convention: Unredacted Version of Dkt #__, 19-CV-385.pdf.

Second, once docket entries have been entered by the Court reflecting that the unredacted versions of Defendants' motion papers have been filed under seal, then DPPs shall proceed to file their redacted responses to the motions within 10 days thereafter. Within 7 days from that filing, DPPs shall send to the Court a single flash drive containing

unredacted PDFs of all responsive documents as to which sealing has been granted. Each PDF shall be named using the following convention: Unredacted Version of Dkt #__, 19-CV-385.pdf.

Third, once docket entries have been entered by the Court reflecting that the unredacted versions of DPPs' response papers have been filed under seal, then Defendants shall proceed to file their redacted reply papers within 10 days thereafter. Within 7 days from that filing, Defendants shall send to the Court a single flash drive containing unredacted PDFs of all documents contained in reply papers as to which sealing has been granted. Each PDF shall be named using the following convention: Unredacted Version of Dkt #__, 19-CV-385.pdf.

A failure to comply to any degree with the processes set forth herein will result in the striking of all affected filings and the parties having to re-initiate the process.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated: December 5, 2025
       Rochester, New York