UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

MIAMI PRODUCTS & CHEMICAL CO.,
et al.,

                Plaintiffs,

      v.

OLIN CORPORATION, et al.,

                Defendants.

_____

THE TRIPP PLATING WORKS, INC.,

                Plaintiff,

      v.

OLIN CORPORATION, et al.,

                Defendants.

_____

**DECISION AND ORDER**

1:19-CV-00385 EAW

1:19-CV-00975 EAW

## INTRODUCTION

In these consolidated actions,[1] Indirect Purchaser Plaintiff The Tripp Plating Works, Inc. ("IPP" or "Tripp") alleges an anticompetitive conspiracy by defendants Olin Corporation, K.A. Steel Chemicals, Inc., Occidental Chemical Corporation, Westlake Chemical Corporation, and Formosa Plastics Corporation, U.S.A. (collectively,

_____

[1]    Unless otherwise noted, all docket references herein refer to Civil Action No. 19-cv-00385, which is the lead action.

"Defendants"), to fix the price of caustic soda in the United States.  (Dkt. 335; *see* Dkt. 785 (denying IPP motion for class certification)).

Currently pending before the Court are two motions to seal portions of briefs and exhibits exchanged[2] in connection with motions for summary judgment and *Daubert* motions, and related materials filed in connection with the instant requests to seal portions of those documents.  (Dkt. 954; Dkt. 955).  For the reasons set forth below, the motions are granted as set forth herein.

## **BACKGROUND**

The factual and procedural background of this matter is set forth in detail in prior Decision and Orders (*see* Dkt. 119; Dkt. 309; Dkt. 501; Dkt. 785), familiarity with which is

---

[2]     Pursuant to a Text Order entered on February 28, 2025, the Court required the parties to bundle for filing any motions for summary judgment, as well as the responses and replies to such motions, in accordance with an agreed-upon schedule.  (Dkt. 809).  Motions to seal were to be filed on the electronic docket as soon as practicable but no later than three weeks after the papers as to which sealing was sought were served, to be resolved by the Court as expeditiously as possible.  The procedures were also applicable to any *Daubert* motions filed in connection with the anticipated motions for summary judgment.  (*Id.*).  Thereafter, the parties requested and the Court abated the deadlines relating to sealing for the IPP until after Court resolution of the motions to seal filed in connection with filings in the Direct Purchaser Plaintiffs ("DPP") matter.  (Dkt. 832).  The DPP motions to seal were resolved on December 5, 2025 (Dkt. 856), and thereafter the Court extended the deadline to file motions to seal for the IPP related materials until 14 days after completion of the filings related to the DPPs' dispositive motions.  (Dkt. 859).  Those papers were filed on April 21, 2026, and on May 4, 2026, the IPP filed a motion to seal (Dkt. 954) and on May 5, 2026, Defendants filed their motion to seal (Dkt. 955).

The February 2025 Text Order provided that within five days of the motions for summary judgment becoming fully briefed or of the Court's resolution of all motions to seal, whichever is later, the parties shall send their motion papers via email to the Court.  (Dkt. 809).  As set forth herein, the Court is modifying the manner in which the materials will be filed on the docket.

assumed for purposes of the instant Decision and Order.  Currently pending before the Court are two motions to seal: (1) IPP's motion to seal portions of summary judgment and *Daubert* motion papers exchanged by the parties; and (2) Defendants' motion to seal portions of summary judgment and *Daubert* motion papers exchanged by the parties.  On June 30, 2026, the Court entered a Text Order setting a deadline of July 14, 2026, for responses to the motions to seal.  (Dkt. 960).  Nothing was filed by any party and consent to the relief sought is presumed.

## **DISCUSSION**

"In deciding whether to seal or unseal filed materials, a court properly conducts a three-step inquiry: 'First, the court determines whether the record at issue is a judicial document—a document to which the presumption of public access attaches.  Second, if the record sought is determined to be a judicial document, the court proceeds to determine the weight of the presumption of access to that document.  Third, the court must identify all of the factors that legitimately counsel against disclosure of the judicial document and balance those factors against the weight properly accorded the presumption of access.'"  *Giuffre v. Maxwell*, 146 F.4th 165, 175 (2d Cir. 2025) (quoting *Stafford v. Int'l Bus. Machs. Corp.*, 78 F.4th 62, 69-70 (2d Cir. 2023)).  To overcome the presumption of public access to judicial documents, the Court must make "specific, on-the-record findings that sealing is necessary to preserve higher values" and any sealing order must be "narrowly tailored to achieve that aim."  *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006).  That said, "district courts need not provide granular justifications for each redaction or even each

sealing, as such a requirement would place an unworkable burden on district courts," nor are "line-by-line justifications for each redaction" required to demonstrate that the Court has conducted an individualized review of the proposed sealed and redacted materials. *United States v. Greenwood*, 145 F.4th 248, 257 (2d Cir. 2025). The fact that parties agree to seal certain information does not obviate the need for Court review. *See Cantinieri v. Verisk Analytics, Inc.*, No. 21CV6911(NJC)(JMW), 2024 WL 759317, at *2 (E.D.N.Y. Feb. 23, 2024) ("Although the parties are moving jointly to seal these documents (ECF No. 76), and despite the existence of a court-approved protective order allowing the parties to designate materials as confidential and to request permission to file such documents under seal (ECF No. 38), this Court must—given the common law right of public access to judicial documents firmly rooted in our nation's history—ensure that the requested sealing is narrowly tailored and 'is necessary to preserve higher values' above the public's right to transparency." (quoting *Lugosch*, 435 F.3d at 119, 124)). The burden is on the proponent of sealing to overcome the presumption of public access to judicial documents. *United States v. Buff*, No. 23-1070-CV, 2024 WL 4262956, at *3 (2d Cir. Sept. 23, 2024).

Documents submitted in connection with a motion for summary judgment are judicial records to which a strong presumption of access applies. *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 142 (2d Cir. 2016) ("Conversely, where documents directly affect an adjudication, . . . or are used to determine litigants' substantive legal rights, the presumption of access is at its zenith, . . . and thus can be overcome only by extraordinary circumstances." (quotations and citations omitted)); *McDay v. Eckert*, No.

1:20-CV-233-JLS-JJM, 2025 WL 2115475, at *1 (W.D.N.Y. July 29, 2025) ("[D]ocuments used by parties moving for, or opposing, summary judgment should not remain under seal absent the most compelling reasons." (quoting *Lugosch*, 435 F.3d at 121)); *Knight v. MTA - New York City Transit*, No. 19-CV-1428 (PKC) (LB), 2024 WL 4350417, at *27 (E.D.N.Y. Sept. 30, 2024) ("Documents submitted for consideration with summary judgment motions are considered, as a matter of law, 'judicial documents to which a strong presumption of access attaches.'" (quoting *Mark v. Gawker Media LLC*, No. 13-CV-4347 (AJN), 2015 WL 7288641, at *1 (S.D.N.Y. Nov. 16, 2015))).  Documents filed in connection with motions to exclude experts are also judicial documents to which a slightly lesser but still substantial presumption of public access applies.  *Ndugga v. Bloomberg L.P.*, No. 20 CIV. 7464 (GHW) (GWG), 2025 WL 2302089, at *1 (S.D.N.Y. Aug. 11, 2025) ("Filings related to *Daubert* motions . . . are subject to a strong presumption of access under the common law and the First Amendment."); *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, No. 14-MC-2542 (VSB), 2023 WL 196134, at *3 (S.D.N.Y. Jan. 17, 2023) ("A significant presumption of access also exists for filings related to *Daubert* motions. . . .  As with motions for summary judgment, this presumption extends to all materials associated with *Daubert* motions." (citation omitted)).

Here, the parties agree that the information sought to be sealed either (1) has already been determined to be subject to sealing in prior Court decisions in this case for reasons that apply equally to the current requests or (2) is subject to sealing because the information is non-stale, confidential, commercially sensitive information that would damage the business

interests of the parties or third parties if publicly filed.  It is appropriate to permit redaction of "specific business information and strategies, which, if revealed, may provide valuable insights into a company's current business practices that a competitor would seek to exploit." *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (quotation and citation omitted); *see also Graczyk v. Verizon Commc'ns, Inc.*, No. 18 CIV. 6465 (PGG), 2020 WL 1435031, at *9 (S.D.N.Y. Mar. 24, 2020) (permitting redaction of "sensitive financial information"); *In re Digital Music Antitrust Litig.*, 321 F.R.D. 64, 82 n.1 (S.D.N.Y. 2017) (holding that "internal pricing strategies and competitive pricing data [are] sufficiently sensitive to warrant redaction").  The Court has reviewed the parties' proposed sealing and redaction requests in connection with the instant motions and in context with its Decisions and Orders on prior sealing motions in this case and agrees that they are narrowly tailored to serve the identified confidentiality interests and for the reasons identified, adopts the parties' proposed sealing and redaction requests.

Accordingly, IPP's motion to seal (Dkt. 954) and Defendants' motion to seal (Dkt. 955) are granted.

The parties are directed to prepare their summary judgment and *Daubert* motions for filing in accordance with these rulings.  In light of the sheer volume of documents being filed in connection with the motions for summary judgment and related *Daubert* motions, the Court is modifying its prior text order (Dkt. 809) as follows:

First, redacted versions of Defendants' motions for summary judgment and *Daubert* motions shall be filed on the docket on or before August 3, 2026.  Within 14 days of that

filing, Defendants shall send to the Court a single flash drive containing unredacted PDFs of all of their moving papers as to which sealing has been granted.  Each PDF shall be named using the following convention:  Unredacted Version of Dkt #__, 19-CV-385.pdf.

Second, once docket entries have been entered by the Court reflecting that the unredacted versions of Defendants' motion papers have been filed under seal, then IPP shall proceed to file the redacted responses to the motions within 10 days thereafter.  Within 7 days from that filing, IPP shall send to the Court a single flash drive containing unredacted PDFs of all responsive documents as to which sealing has been granted.  Each PDF shall be named using the following convention: Unredacted Version of Dkt #__, 19-CV-385.pdf.

Third, once docket entries have been entered by the Court reflecting that the unredacted versions of IPP's response papers have been filed under seal, then Defendants shall proceed to file their redacted reply papers within 10 days thereafter.  Within 7 days from that filing, Defendants shall send to the Court a single flash drive containing unredacted PDFs of all documents contained in reply papers as to which sealing has been granted.  Each PDF shall be named using the following convention:  Unredacted Version of Dkt #__, 19-CV-385.pdf.

A failure to comply to any degree with the processes set forth herein will result in the striking of all affected filings and the parties having to re-initiate the process.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated: July 20, 2026
        Rochester, New York